HENRY D. LEDERMAN, Bar No. 079498
LISA C. CHAGALA, Bar No. 217883
LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
Telephone:   925.932.2468
Facsimile:    925.946.9809
hlederman@littler.com
lchagala@littler.com

Attorneys for Defendants
ROSS STORES, INC. AND ROSS DRESS FOR
LESS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORESSA LOCKETTE; an individual; individually and on behalf of all other similarly situated current and former employees,<br><br>Plaintiff,<br><br>v.<br><br>ROSS STORES, INC., a Delaware Corporation, ROSS DRESS FOR LESS, INC., a Virginia Corporation, and DOES 1-100,<br><br>Defendants. | Case No. CV 03430 MMC<br><br>**DEFENDANTS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND FOR MORE DEFINITE STATEMENT**<br><br>Date: September 7, 2007<br>Time: 9:00 a.m.<br>Courtroom: 7<br>Judge: Hon. Maxine M. Chesney<br>Complaint filed: June 29, 2007<br>Trial Date: None set |

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on September 7, 2007 at 9:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, in Courtroom 7, 19th Floor, Ross Stores, Inc. and Ross Dress For Less, Inc. (collectively, "Defendants") will and hereby do move the Court for an order dismissing Plaintiff's second cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6) and requiring

DEFS' NOM, MTN, AND MPA ISO MTN TO
DISMISS AND FOR MORE DEFINITE
STATEMENT (NO. CV 03430 MMC)

Plaintiff to provide a more definite statement of her claims pursuant to Federal Rule Of Civil Procedure 12(e).

Defendants' motion to dismiss is based on the ground that Plaintiff's second cause of action for failure to provide rest periods purportedly brought under Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* fails to state a claim upon which relief can be granted. The Fair Labor Standards Act does not provide a remedy for missed rest periods. Defendants' motion for more definite statement is made on the ground that Plaintiff's complaint is so vague and ambiguous that Defendants cannot reasonably required to frame a responsive pleading. The Complaint is unclear as to whether Plaintiff seeks to represent assistant managers, whether Plaintiff seeks to represent assistant general managers and managers, and whether Plaintiff intends the term "managers" to refer to store managers or some other group of managers.

Defendants' motions are based on this Notice Of Motion, Motion, And Memorandum Of Points And Authorities In Support Of Their Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted And For More Definite Statement, the pleadings and papers on file in this action, and such other and further argument that the Court may permit in any hearing in this action.

## STATEMENT OF THE ISSUES

1. Whether this Court should dismiss Plaintiff's second cause of action pursuant to Federal Rule Of Civil Procedure 12(b)(6) on the ground that the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* does not provide a remedy for missed rest periods.

2. Whether this Court should require Plaintiff to amend her pleading pursuant to Federal Rule Of Civil Procedure 12(e) to clarify whether she seeks to represent assistant managers, whether she seeks to represent assistant managers and managers, and whether the term "manager" as used in the Complaint refers to store managers.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFS' NOM, MTN, AND MPA ISO MTN TO DISMISS AND FOR MORE DEFINITE STATEMENT (NO. CV 03430 MMC)    2.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION[1]

Defendants' motion to dismiss for failure to state a claim upon which relief can be granted should be granted. Plaintiff's second cause of action attempts to state a claim for missed rest periods in violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* However, the Fair Labor Standards Act does not provide a remedy for missed rest periods. Accordingly, there is no basis in the law for Plaintiff's second cause of action.

Defendants' motion for more definite statement should be granted because Plaintiff's complaint is vague and ambiguous as to the group she seeks to represent. The Complaint is internally inconsistent as to whether she seeks to represent assistant managers or assistant general managers <u>and</u> managers. It is also not clear whether she intends the term "manager" to refer to store managers or some other group of managers. For these reasons as explained in detail below, Defendants' motion to dismiss and motion for more definite statement should be granted.[2]

## II. FACTS

### A. Plaintiff's Causes Of Action

Plaintiff brought her action as a collective class action under the Fair Labor Standards Act, 29 U.S.C. §216(b) ("FLSA"). Plaintiff's first cause of action is for failure to pay overtime. Complaint ¶¶20-28.

Plaintiff's second cause of action is for "failure to provide rest periods." Complaint ¶29-34. Specifically, Plaintiff alleges in her second cause of action that "Defendants were required

---

[1] Defendants filed the instant Motion simultaneously with Defendants' Notice Of Motion, Motion, And Memorandum Of Points And Authorities In Support Of Their Motion To Change Venue Pursuant To 28 U.S.C. §1404(a). Defendants respectfully request that the Court hear Defendants' motion to change venue <u>before</u> the instant motion. In the event the Court grants Defendants' motion to change venue from this District to the Northern District of Alabama, Defendants request that the instant motion be decided in the Northern District of Alabama.

[2] As more fully developed in the accompanying Motion To Change Venue, Defendants explain that Plaintiff is party to an arbitration agreement. By filing the instant motion, Defendants do not waive their right to file a motion to compel arbitration. *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004) ("it is well-established that a party does not waive its right to arbitrate merely by filing a motion to dismiss"); *Lake Communications, Inc. v. ICC Corp.*, 738 F.2d 1473, 1477 (9th Cir. 1984), *overruled on other grounds, Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 632-35 (1985) (finding no waiver where the defendant filed a motion to dismiss and failed to seek arbitration until more than a year after the complaint was filed).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFS' NOM, MTN, AND MPA ISO MTN TO DISMISS AND FOR MORE DEFINITE STATEMENT (NO. CV 03430 MMC)    3.

to provide Plaintiff with certain paid rest periods during the course of Plaintiff's work shift and/or work day, as per 29 C.F.R. 785.19, interpreting Title 29 of the Labor Code." Complaint ¶30. Plaintiff further alleges that "Defendants failed to provide Plaintiff and potential collective action members with proper rest periods and/or otherwise compensate them for missed rest periods in instances where employees were entitled to take them as alleged herein." Complaint ¶31; *see also* Complaint ¶32.

### B. Collective Action Allegations

Plaintiff purportedly brings this action "on behalf of <u>assistant managers and managers</u> employed and formerly employed at Defendants' stores...." Complaint ¶1 (emphasis added); *see also* Complaint ¶¶12, 19 (referring to assistant managers <u>and</u> managers).

However, Plaintiff alleges that she worked as an "<u>assistant store manager</u>...at a...retail store....for approximately four months," and does not allege that she ever held any other management job. Complaint ¶11 (emphasis added). Plaintiff requests that notice of the action be sent to "past and present <u>assistant managers</u> employed by [Defendants]..." Complaint ¶16 (emphasis added). She also alleges that common questions among FLSA class members are "whether Defendants...refuse to pay <u>assistant managers</u> overtime compensation" and "whether Defendants' failure to pay <u>assistant managers</u> overtime...was willful...." Complaint ¶18 (emphasis added); *see also* Complaint ¶¶25, 26, 32 (referring to assistant managers but not managers).

### III. ARGUMENT

#### A. Plaintiff's Second Cause Of Action Must Be Dismissed, Because The FLSA Does Not Provide A Remedy For Missed Rest Periods.

Plaintiff's second cause of action must be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6). The FLSA does <u>not</u> mandate an employer "to provide...certain paid rest periods during the course of Plaintiff's work shift and/or work day...." Complaint ¶30. The FLSA does <u>not</u> require an employer "to provide...proper rest periods" or "compensate [employees] for missed rest periods...." Complaint ¶31; *see also* Complaint ¶32. The FLSA does <u>not</u> require an employer to provide compensation to employees for "working through their <u>paid</u> breaks." Complaint ¶31 (emphasis added). The FLSA does <u>not</u> provide a basis for "rest

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFS' NOM, MTN, AND MPA ISO MTN TO
DISMISS AND FOR MORE DEFINITE
STATEMENT (NO. CV 03430 MMC)

4.

period penalties." Complaint ¶34. *See e.g. Nelson v. Waste Mgmt. of Alameda County, Inc.*, 2000 U.S. Dist. LEXIS 11286 (N.D. Cal. 2000), *aff'd*, 2002 U.S. App. LEXIS 3632 (9th Cir. 2002) ("The FLSA...does not require that an employer provide meal or rest periods"); Richard J. Simmons, *Wage And Hour Manual For California Employers* §4.3, p. 170 (2005) ("The F.L.S.A. does not require an employer to provide its employees with rest periods").

The FLSA (more specifically, the regulations interpreting the FLSA) merely requires that an employer treat rest periods as compensable work time:

> Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

29 C.F.R. §785.18; *see e.g. Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 913 n.18 (9th Cir. 2004) (interpreting 29 C.F.R. §785.18 to mean that rest periods are counted as "hours worked" for purposes of FLSA overtime compensation calculations); *Davis v. Charoen Pokphand (USA), Inc.*, 302 F.Supp.2d 1314, 1326 (M.D. Ala. 2004) (29 C.F.R. §785.18 defines compensable rest periods). This requirement as set forth in Section 785.18 was met, as Plaintiff <u>admits</u> that the breaks were "paid." Complaint ¶31. *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (a party is conclusively bound by factual allegations in his or her pleadings in the current litigation). Indeed, as a salaried employee, Plaintiff was compensated whether she was on a break or not. Accordingly, Plaintiff's second cause of action must be dismissed.

**B.     Plaintiff Should Be Ordered To Provide A More Definite Statement.**

The complaint is so vague and ambiguous that Defendants cannot reasonably be required to frame a responsive pleading. Fed. R. Civ. Proc. 12(e). Plaintiff should be required to clarify whether she seeks to bring this action on behalf of "assistant managers" or whether she seeks to bring this action on behalf of "assistant managers and managers." If Plaintiff seeks to bring this action on behalf of "assistant managers and managers," Plaintiff should be required to clarify whether by the term "managers" she means store managers or some other group of managers. *Culver v. Bell & Loffland, Inc.*, 146 F.2d 29, 31 (9th Cir. 1944) (if the employer is in doubt as to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFS' NOM, MTN, AND MPA ISO MTN TO DISMISS AND FOR MORE DEFINITE STATEMENT (NO. CV 03430 MMC)    5.

whom the plaintiff alleges are similarly situated, the employer may file a motion under Rule 12(e) for a more specific statement); *Dager v. City of Phoenix*, 2006 U.S. Dist. LEXIS 77925, *6-7 (D. Ariz. 2006) (granting employer's motion under Rule 12(e), where the complaint simply alleged that the defendant violated and is violating the overtime compensation requirements of the FLSA)

Plaintiff's Complaint is internally inconsistent. In some paragraphs of the Complaint, Plaintiff indicates that she brings the action on behalf of <u>assistant managers</u>. Complaint ¶11, 16, 18, 25, 26, 32. In other paragraphs of the complaint, Plaintiff indicates that she brings the action on behalf of <u>assistant managers and managers</u>. Complaint ¶¶1, 12, 19. Additionally, Plaintiff does not clarify whether the term "managers" refers to "store managers." Plaintiff should be required to amend her pleading to clarify the group that she seeks to represent in this action.

## IV. CONCLUSION

For the reasons described above, Defendants' motion to dismiss for failure to state a claim upon which relief can be granted and Defendants' motion for more definite statement should be granted.

Dated: July 31, 2007

*[signature: Lisa Chagala]*
HENRY D. LEDERMAN
LISA C. CHAGALA
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
ROSS STORES, INC.; ROSS DRESS FOR LESS, INC.

Firmwide:82828340.1 022233.2150

DEFS' NOM, MTN, AND MPA ISO MTN TO DISMISS AND FOR MORE DEFINITE STATEMENT (NO. CV 03430 MMC)    6.