HENRY D. LEDERMAN, Bar No. 079498
LISA C. CHAGALA, Bar No. 217883
LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
Telephone: 925.932.2468
Facsimile: 925.946.9809
E-mail: lchagala@littler.com
E-mail: hlederman@littler.com

Attorneys for Defendants
ROSS STORES, INC. AND ROSS DRESS FOR LESS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORESSA LOCKETTE; an individual; individually and on behalf of all other similarly situated current and former employees,<br><br>Plaintiff,<br><br>v.<br><br>ROSS STORES, INC., a Delaware Corporation, ROSS DRESS FOR LESS, INC., a Virginia Corporation, and DOES 1-100,<br><br>Defendants. | Case No. CV 03430 MMC<br><br>**DEFENDANTS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO CHANGE VENUE PURSUANT TO 28 U.S.C. §1404(a)**<br><br>Date: September 7, 2007<br>Time: 9:00 a.m.<br>Courtroom: 7<br>Judge: Hon. Maxine M. Chesney<br>Complaint filed: June 29, 2007<br>Trial Date: None set |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

NOTICE OF MOTION/MOTION AND MPA ISO MOTION TO CHANGE VENUE
(NO. CV 03430 MMC)

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION ....... 1

II. FACTS ....... 3

A. Plaintiff's Complaint ....... 3

B. The Arbitration Agreements ....... 3

C. The California Wage And Hour Settlement ....... 3

D. Reclassification Of California Assistant Store Managers ....... 4

III. ARGUMENT ....... 4

A. A Change Of Venue Is Proper Under Section 1404(a) ....... 4

1. The Action Could Have Been Brought In The Northern District Of Alabama ....... 5

2. The Convenience Of Parties And Witnesses Weighs In Favor of Transfer ....... 6

3. Transferring The Case Will Promote The Interests of Justice ....... 6

a. Plaintiff's Choice Of Forum Is Entitled To Little Weight ....... 7

(1) Because Plaintiff Brings Class Claims In A District Where She Does Not Reside, Minimal Or No Deference Should Be Accorded To Her Choice Of Forum ....... 7

(2) Defenses Unique To California Assistant Managers Covered By The Taylor Settlement Further Diminishes Local Interest In This Case ....... 8

b. The Relative Ability Of The Alabama Court To Compel Witness Testimony Supports Transfer ....... 9

c. The Relative Congestion Of The Courts Calls For Transfer ....... 9

d. The Importance Of State Law Arbitration Issues Weigh In Favor Of Transfer ....... 10

e. If Arbitration Were Ordered, Arbitration Would Have To Occur In The Inconvenient Forum Of The Northern District Of California ....... 11

IV. CONCLUSION ....... 12

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

# TABLE OF AUTHORITIES

PAGE

## CASES

*Berenson v. National Fin'l Services, LLC*
319 F.Supp.2d 1 (D.D.C. 2004) ........ 7

*Chao v. A-One Medical Services, Inc.*
346 F.3d 908 (9th Cir. 2003) ........ 8

*Commodity Futures Trading Comm'n v. Savage*
611 F.2d 270 (9th Cir. 1979) ........ 4

*Continental Grain Co. v. Dant & Russell*
118 F.2d 967 (9th Cir. 1941) ........ 11

*Decker Coal v. Commonwealth Edison Co.*
805 F.2d 834 (9th Cir. 1986). ........ 4, 7

*Diemer v. United States Postal Serv.*
1987 WL 9037 (D.D.C. 1987) ........ 7

*Discover Bank v. Superior Court*
134 Cal.App.4th 886 (2005) ........ 10

*Doe v. Advanced Textile Corp.*
214 F.3d 1058 (9th Cir. 2000) ........ 8

*F.A.I. Electronics Corp. v. Chambers*
744 F.Supp. 77 (D. Mass. 1996) ........ 6

*Felzen v. Andreas*
134 F.3d 873 (7th Cir. 1998) ........ 11

*Goodyear Tire & Rubber v. McDonnell Douglas Corp.*
820 F. Supp. 503 (C.D. Cal. 1992), ........ 5

*Grayson v. K Mart Corp.*
79 F.3d 1086 (11th Cir. 1996) ........ 8

*Helfant v. Louisiana & Southern Life Ins. Co.*
82 F.R.D. 53 (E.D.N.Y. 1979) ........ 7

*Hoffman v. Blaski*
363 U.S. 335 (1960). ........ 5

*Hoffman-LaRoche, Inc. v. Sperling*
493 U.S. 165 (1989) ........ 8

*Homestake Lead Co. v. Doe Run Resources*
282 F.Supp. 2d 1131 (N.D. Cal. 2003) ........ 11

*Ingle v. Circuit City Stores, Inc.*
328 F.3d 1165 (9th Cir. 2003) ........ 10

*International Shoe Co. v. Washington*
326 U.S. 310 (1945). ........ 5

*Jumara v. State Farm Ins. Co.*
55 F.3d 873 (3d Cir. 1995). ........ 9

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF MOTION/MOTION/MPA ISO MOTION TO CHANGE VENUE - TOA (NO. CV 03430 MMC)

ii.

## TABLE OF AUTHORITIES
**(CONTINUED)**

**PAGE**

*Kasey v. Molybdenum Corp. of America*
408 F.2d 16 (9th Cir. 1969) .......... 9

*Lewis v. ABC Business Services, Inc.*
135 F.3d 389 (6th Cir. 1998) .......... 7

*Lou v. Belzberg*
834 F.2d 730 (9th Cir. 1987), .......... 7

*Mercury Serv., Inc. v. Allied Bank of Texas*
117 F.R.D. 147 (C.D. Cal. 1987) .......... 5

*Midwest Mech. Contractors, Inc. v. Tampa Constructors, Inc.*
659 F.Supp. 526 (W.D. Mo. 1987) .......... 6

*Nelson v. City of Irvine*
143 F.3d 1196 (9th Cir. 1998) .......... 10

*New Image, Inc. v. Travelers Indem. Co.*
536 F.Supp. 58 (E.D. Pa. 1981) .......... 7

*O'Hopp v. Contifinancial Corp.*
88 F.Supp.2d 31 (E.D.N.Y. 2000) .......... 7

*Pfohl v. Farmers Ins. Group*
2004 U.S. Dist. LEXIS 6447 (C.D. Cal. 2004) .......... 8

*Snyder v. Smith*
736 F.2d 409 (7th Cir. 1984) .......... 11

*Soloman v. Continental American*
472 F.2d 1043 (3d Cir. 1973) .......... 5

*Ticknor v. Choice Hotels Int'l, Inc.*
265 F.3d 931 (9th Cir. 2001) .......... 10

*Van Dusen v. Barrak*
376 U.S. 612 (1964) .......... 4

*Veliz v. Cintas Corp.*
2005 U.S. Dist. LEXIS 9230 (N.D. Cal. 2005) .......... 11

### STATUTES

Fed. R. Civ. Proc. 45(e) .......... 11

Fed. R. Civ. Proc. 45(b)(2) .......... 9, 11

### ACTS

Fair Labor Standards Act .......... *passim*

### UNITED STATES CODE

9 U.S.C. § 4 .......... 11

9 U.S.C. § 7 .......... 11

28 U.S.C. §81(a)(3) .......... 5

28 U.S.C. §1331 .......... 5

28 U.S.C. §1391(b)(2) .......... 5

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

# TABLE OF AUTHORITIES
(CONTINUED)

PAGE

28 U.S.C. §1404(a) ........ *passim*

29 U.S.C. §216(b) ........ 1, 8

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF MOTION/MOTION/MPA ISO MOTION TO CHANGE VENUE - TOA (NO. CV 03430 MMC)

iv.

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on September 7, 2007 at 9:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, in Courtroom 7, 19th Floor, Ross Stores, Inc. and Ross Dress For Less, Inc. (collectively, "Defendants") will and hereby do move the Court for an order to change venue to the Northern District of Alabama pursuant to 28 U.S.C. §1404(a).

This motion is made on the grounds that the Northern District of Alabama is a more convenient forum for the parties and witnesses and that transfer to the Northern District of Alabama would promote the interest of justice. Defendants' motion is based on this Notice of Motion, Motion, Memorandum of Points and Authorities in Support of Their Motion to Change Venue Pursuant to 28 U.S.C. §1404(a), Declaration of Jeffery B. Cook in Support of Defendants' Motion to Change Venue Pursuant to 28 U.S.C. §1404(a) (hereinafter "Cook Decl."), Request for Judicial Notice, the pleadings and papers on file in this action, and such other and further argument that the Court may permit in any hearing in this action.

**STATEMENT OF THE ISSUES**

1. Whether Defendants' motion to change venue from the Northern District of California to the Northern District of Alabama under 28 U.S.C. §1404(a) should be granted on the ground that the Northern District of Alabama is more convenient for the parties and witnesses.

2. Whether Defendants' motion to change venue from the Northern District of California to the Northern District of Alabama under 28 U.S.C. §1404(a) should be granted on the ground that the transfer would promote the interest of justice.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff purports to bring this action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b). Defendants seek to transfer this putative collective action to the Northern District of Alabama, because prosecution of this action in the Northern District of Alabama will be more convenient for the parties and witnesses and serve the interest of justice.

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

Transfer would promote convenience of the witnesses, because Plaintiff worked for Defendants in Shelby County, Alabama, which is within the Northern District of Alabama. The witnesses most likely to testify regarding the merits of Plaintiff's wage and hour claims, such as whether she worked more than 40 hours per week and the degree to which she engaged in "exempt" activities likely are located in Alabama. For example, Plaintiff's former manager and former co-workers, the individuals with the greatest knowledge of the facts of Plaintiff's day to day work activities, likely are in Alabama. Thus, transfer would promote convenience for witnesses.

Transfer would promote convenience for the potential plaintiffs. Plaintiff (at least) seeks to represent a class of assistant managers across twenty-seven states. Complaint ¶¶7, 16[1]. However, Ross recently settled a wage and hour class action brought under the California Labor Code involving assistant store managers in California. Likewise, on April 1, 2007, California assistant managers were reclassified as non-exempt under California law, but assistant managers outside California were not reclassified as exempt under the FLSA. As a consequence of that settlement and reclassification, assistant managers in California have less to gain from this lawsuit than assistant managers in other states.

The interest of justice weighs in favor of transfer. Because Plaintiff brings her case as a collective action and did not work in and apparently does not reside in the Northern District of California, her choice of forum is entitled to minimal or no deference. The witnesses who observed Plaintiff's performance are in Alabama, not California. The Northern District of Alabama, where Plaintiff did work, has far fewer cases pending on average per judge (that is, less court congestion) than the Northern District of California. Moreover, the enforceability of the arbitration agreement entered into by Plaintiff is dependent on the state law where she resides and worked for Ross – which is Alabama, rather than California. For all of these reasons, this action should be transferred to the Northern District of Alabama.

---

[1] *See* Defendants' Motion For More Definite Statement filed herewith.

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

## II. FACTS

### A. Plaintiff's Complaint

Plaintiff alleges that she worked as an assistant store manager for Defendants in Alabaster, Shelby County, Alabama. Complaint ¶11. She claims that Defendants failed to pay overtime and provide rest periods in violation of the FLSA. Complaint ¶¶20-28; 29-34. While the Complaint is internally inconsistent as to the group Plaintiff seems to represent, Plaintiff may seek to represent each and every one of the "assistant managers and managers employed and formerly employed at Defendants' stores." Complaint ¶1.[1] Plaintiff alleges that Defendants have stores in Alabama, Arizona, California, Colorado, Delaware, Florida, Georgia, Hawaii, Idaho, Louisiana, Maryland, Mississippi, Montana, Nevada, New Jersey, New Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, and Wyoming. Complaint ¶7.

### B. The Arbitration Agreements

During the relevant time period, Defendants had an Arbitration Policy to which its employees were asked to agree. Cook Decl. ¶¶ 2, 4 and Exh. A. Plaintiff agreed to the Arbitration Policy by signing an acknowledgement form on January 12, 2006. Cook Decl. Exh. B. The Arbitration Policy states that it "applies to any disputes, arising out of or relating to the employment relationship...[including] disputes about...[the] Fair Labor Standards Act...." Cook Decl. Exh. A.

### C. The California Wage And Hour Settlement

On February 21, 2007, the Superior Court of the State of California, County of San Bernardino approved settlement of a wage and hour class action entitled *Taylor v. Ross Stores, Inc.*, Case No. RCV 065453 ("*Taylor*"). Request for Judicial Notice, Exh. A (Order Granting Final Approval To Class Action Settlement, Award Of Class Counsel Fees And Costs, And Award Of Service Payment To Class Representatives And Issuing Final Judgment) ("*Taylor* Settlement Order"). *Taylor* included three consolidated class actions: *Taylor v. Ross Stores, Inc.*, Case No. 04CC09348; *Colton v. Ross Stores, Inc.*, Case No. RCV065453; and *Franco v. Ross Stores, Inc.*, Case No. BC298950. *Taylor* Settlement Order, ¶9.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

The *Taylor* settlement included, among other things, settlement of claims of misclassification of California assistant managers as exempt from overtime and denial to those assistant managers of meal and rest breaks. Request for Judicial Notice, Exh. B (Declaration Of Marc Primo In Support Of Unopposed Motion For Order Granting Final Approval To Class Action Settlement, Award Of Class Counsel Fees And Costs, And Award Of Service Payment To Class Representatives, attaching as Exhibit A thereto Joint Stipulation Of Settlement And Release ("*Taylor* Joint Stipulation") at ¶3). The *Taylor* settlement class included all current and former employees employed by Defendant in the position of assistant manager at their business locations within the state of California from May 10, 2000 until November 1, 2006. *Taylor* Settlement Order at ¶5. The *Taylor* Joint Stipulation includes as part of its release a broad range of claims, including federal claims. *Taylor* Joint Stipulation, ¶19. The *Taylor* Settlement Order permits reference to the *Taylor* settlement in any subsequent tribunal for purposes of establishing any defense based on claim or issue preclusion. *Taylor* Settlement Order, ¶7.

**D. Reclassification Of California Assistant Store Managers**

Effective as of April 1, 2007, all of Defendants' assistant managers in California were reclassified to be treated as non-exempt from overtime under California law. Cook Decl. ¶5. Assistant managers outside California remain classified as exempt under the FLSA. *Id.*

## III. ARGUMENT

**A. A Change Of Venue Is Proper Under Section 1404(a).**

28 U.S.C. §1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under Section 1404(a), courts must balance the plaintiff's choice of forum against the burden of litigating in an inconvenient forum. *Decker Coal v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Although the burden of showing that the "convenience of parties and witnesses" and the "interests of justice" are served by transfer rests with the moving party, such determination is addressed to the inherent discretion of the trial court. *Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 279 (9th Cir. 1979), *citing Van Dusen v. Barrak*, 376 U.S. 612, 622 (1964). The ultimate goal of a court in analyzing a motion to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF MOTION/MOTION/MPA ISO MOTION TO CHANGE VENUE (NO. CV 03430 MMC)

4.

transfer venue is to serve both the convenience of the parties and witnesses, as well as the interests of justice. *Mercury Serv., Inc. v. Allied Bank of Texas,* 117 F.R.D. 147, 154-155 (C.D. Cal. 1987), *aff'd* 907 F.2d 154 (9th Cir. 1990).

In deciding whether to transfer venue under 28 U.S.C. §1404(a), courts look at: (1) whether the transferee district is one where the action might have been brought; (2) the convenience of the parties and witnesses; and (3) whether transferring will promote the interest of justice. *Goodyear Tire & Rubber v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992), *citing Mercury Serv., Inc. v. Allied Bank of Texas*, 117 F.R.D. 147, 154-55 (C.D. Cal. 1987), *aff'd* 907 F.2d 154 (9th Cir. 1990). The location of plaintiff's or defendant's counsel is an impermissible consideration. *Soloman v. Continental American*, 472 F.2d 1043, 1047 (3d Cir. 1973). Here, as discussed below, these factors weigh in favor of transfer.

**1. The Action Could Have Been Brought In The Northern District Of Alabama.**

The first analytical step in a transfer motion is to determine whether the action originally could have been brought in the Northern District of Alabama. 28 U.S.C. § 1404(a). The Northern District of Alabama meets this test because: (1) it has subject matter jurisdiction; (2) Defendants would have been subject to personal jurisdiction; and (3) venue would have been proper. *Hoffman v. Blaski*, 363 U.S. 335, 343-344 (1960).

First, subject matter jurisdiction exists by virtue of the federal question asserted under the FLSA. *See* Complaint ¶2; 28 U.S.C. §1331. Second, Defendants would have been subject to personal jurisdiction in the Northern District of Alabama because Ross has stores there. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Complaint ¶7. Third, venue would have been proper in the Northern District of Alabama, because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the Northern District of Alabama. 28 U.S.C. §1391(b)(2). Because Plaintiff claims that she worked for Defendants in the Northern District of Alabama, her claims for unpaid overtime and missed breaks arose there. Complaint ¶11; 28 U.S.C. §81(a)(3) (Shelby County is within the Northern District of Alabama). Accordingly, Plaintiff could have brought this action in the Northern District of Alabama.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

**2. The Convenience Of Parties And Witnesses Weighs In Favor of Transfer.**

Witness convenience supports moving this matter to the Northern District of Alabama. *See e.g. F.A.I. Electronics Corp. v. Chambers*, 744 F.Supp. 77, 80-81 (D. Mass. 1996); *Midwest Mech. Contractors, Inc. v. Tampa Constructors, Inc.*, 659 F.Supp. 526, 532 (W.D. Mo. 1987) (convenience of witnesses "primary factor" warranting transfer). Witnesses relevant to Plaintiff's claims are located in the Northern District of Alabama. Even though Defendants are headquartered in California, the individuals who have knowledge of key facts relevant to Plaintiff's claims—such as what Plaintiff's job duties were—likely are located in Alabama. For example, Plaintiff's former immediate supervisor, District Manager and other supervisors assigned to the store where Plaintiff worked reside in Alabama. Cook Decl. ¶¶ 6-8 and Exhs. C-E. The human resources manager assigned to the store where Plaintiff worked resides in North Carolina. *Id.* at ¶9 and Exh. F. Plaintiff's last known address is in Alabama. *Id.* at ¶10 and Exh. G. It would be highly inconvenient for witnesses to travel from Alabama and North Carolina to California to testify in court. Thus, convenience of the witnesses supports transfer to the Northern District of Alabama.

The convenience of the parties also weighs in favor of transfer. In *Taylor,* Ross settled a wage and hour class action compensating California assistant managers for alleged unpaid overtime and missed meal breaks. Request for Judicial Notice, Exhs. A and B. Some months thereafter, California assistant store managers were reclassified as non-exempt under California law. Cook Decl. ¶5. Thus, assistant managers in California have less to gain by this FLSA class action than assistant managers in other states. *See also* section III(A)(3)(a)(2), *infra*. Thus, California is the least convenient venue for the putative class as a whole.

Because California is the least convenient venue for the likely class members, it is also the least convenient venue for the witnesses to their claims. As in Plaintiff's case, the witnesses likely are located in the state where each potential plaintiff worked. Thus, transfer is appropriate based on the geographic distribution of witnesses and potential plaintiffs.

**3. Transferring The Case Will Promote The Interests of Justice.**

To determine whether transfer will serve the interests of justice, courts apply the following criteria: (1) plaintiff's initial choice of forum; (2) the convenience of the witnesses–the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

ability to mandate attendance of unwilling witnesses and the cost of obtaining willing witnesses; (3) where the events took place, and the relative ease of access to sources of proof; (4) convenience of the parties; and (5) all other practical considerations that make the trial of a case easy, expeditious and inexpensive. *Decker Coal*, *supra*, 805 F.2d at 842-43.

**a. Plaintiff's Choice Of Forum Is Entitled To Little Weight.**

Any weight given to Plaintiff's choice of forum is diminished due to her attempt to represent a class in a district where she does not reside.

**(1) Because Plaintiff Brings Class Claims In A District Where She Does Not Reside, Minimal Or No Deference Should Be Accorded To Her Choice Of Forum.**

Ordinarily, a plaintiff's choice of forum is provided some deference when challenged via a motion to transfer. *Lewis v. ABC Business Services, Inc.*, 135 F.3d 389, 413 (6th Cir. 1998). This deference is substantially devalued because Plaintiff has commenced the action in a forum that apparently is not her residence. *New Image, Inc. v. Travelers Indem. Co.*, 536 F.Supp. 58, 59 (E.D. Pa. 1981); *Bryant v. ITT Corp.*, 48 F.Supp.2d 829, 832 (N.D. Ill. 1999).

Further, because this case is brought as a nationwide class action, Plaintiff's choice of forum should be given even less weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987), *cert. denied,* 485 U.S. 993 (1988), citing *Helfant v. Louisiana & Southern Life Ins. Co.*, 82 F.R.D. 53, 58 (E.D.N.Y. 1979) (ordering transfer where potential existence of large class "considerably weakens" plaintiff's stake in chosen forum); *Berenson v. National Fin'l Services, LLC,* 319 F.Supp.2d 1, 3 (D.D.C. 2004); *O'Hopp v. Contifinancial Corp.*, 88 F.Supp.2d 31, 35 (E.D.N.Y. 2000); *Diemer v. United States Postal Serv.*, 1987 WL 9037, *4 (D.D.C. 1987) (transferring class action claim under FLSA after determining plaintiff's forum choice entitled to little weight). Here, Plaintiff brings nationwide class claims and does <u>not</u> allege that she resides in the Northern District of California. Complaint ¶11. Her last known address is Alabama, the state where she worked for Ross. Cook Decl. ¶10. Therefore, the Court should give little or no weight to Plaintiff's choice of forum.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

**(2) Defenses Unique To California Assistant Managers Covered By The *Taylor* Settlement Further Diminishes Local Interest In This Case.**

Assistant managers in California have a diminished interest in this case as a consequence of the *Taylor* settlement and later reclassification. Defendant may have a defense unique to the settlement class based on "claim preclusion," as their overtime claims were resolved, whereas the claims of non-California assistant managers were not. *See Chao v. A-One Medical Services, Inc.*, 346 F.3d 908, 921-922 (9th Cir. 2003), *cert. denied* 541 U.S. 1030 (2004). In finding that the Secretary of Labor could not assert overtime claims on behalf of an individual who had raised and lost overtime issues in a small claims action, the *Chao* court observed:

> Perhaps the most difficult factor here is whether the state court suits involved infringement of the same right as the instant suit. With regard to [former employee] Millard, although we know she pursued an overtime claim, we do not know definitively under what statute or theory she was proceeding. This uncertainty, however, does not obscure the fact that Millard admittedly pursued a claim for unpaid overtime wages. Even if Millard did not raise the FLSA argument being raised here, she could have and should have.

*Id.* Here, the *Taylor* settlement resolved, *inter alia*, California assistant managers' overtime and rest period claims. Likewise, California assistant managers have been reclassified as non-exempt, further differentiating them from assistant managers outside California.

The FLSA authorizes an employee to bring an action on behalf of him/herself and "similarly situated" employees. 29 U.S.C. § 216(b); *Doe v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000); *Pfohl v. Farmers Ins. Group,* 2004 U.S. Dist. LEXIS 6447, *6 (C.D. Cal. 2004). Plaintiff bears the burden of establishing that she and putative class members are similarly situated. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996); *Pfohl v. Farmers Ins. Group,* 2004 U.S. Dist. LEXIS 6447 at *7. The requirement that proposed class members be "similarly situated" ensures that the collective class action promotes the "efficient resolution of common issues of law and fact arising from the same alleged discriminatory activity." *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Courts may refuse to certify a collective class action where the claims or defenses available to the defendant require individualized inquiry and, thus, would defeat the goal of efficiency. *Pfohl v. Farmers Ins. Group,* 2004 U.S. Dist. LEXIS 6447

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF MOTION/MOTION/MPA ISO MOTION TO CHANGE VENUE (NO. CV 03430 MMC)

8.

at *30 (denying certification in a FLSA case because "distinct defenses available to the defendant that would apply to disparately situated individuals do not allow for a manageable case").

Because California's assistant store managers are affected by the *Taylor* settlement and in any event have been reclassified as non-exempt, defenses unique to them, but irrelevant to Plaintiff Lockette and non-California employees, further diminish California's interest in this case. It therefore is more likely that the focus of this case will be on assistant managers outside California's borders.

**b. The Relative Ability Of The Alabama Court To Compel Witness Testimony Supports Transfer.**

The Alabama court is in a better position to exercise subpoena power, due to Plaintiff's and likely witness location in Alabama. Under Federal Rule of Civil Procedure 45(b)(2), a subpoena may be served at any place: (1) within the district of the issuing court; (2) within 100 miles of the court where the case is to be tried; or (3) within the state if a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place of the trial. Fed. R. Civ. Proc. 45(b)(2). The Northern District of California thus may be substantially limited in its ability to subpoena witnesses to the events underlying Plaintiff's claims, whereas the Alabama court would not be so limited.

**c. The Relative Congestion Of The Courts Calls For Transfer.**

Another factor influencing the interests of justice and favoring transfer is the docket caseload or relative congestion of the courts. The congestion of the forum court's docket relative to that of the transferee forum is relevant in determining whether to transfer a case under section 1404(a). *See Kasey v. Molybdenum Corp. of America*, 408 F.2d 16, 20 (9th Cir. 1969); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879, 883 (3d Cir. 1995); *Solomon v. Continental American Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973).

Here, the Northern District of California's civil docket is significantly more congested than that of the Northern District of Alabama. According to the Federal Judicial Caseload Statistics published by the Administrative Office of the United States Courts, as of the 12 month period ending March 31, 2006 the Northern District of California had 6,678 civil cases pending. The

Northern District of California has 18 judges, so each judge in the Northern District of California has on average 371 pending civil cases. On the other hand, as of the 12 month period ending March 31, 2006, the Northern District of Alabama had 2,545 pending civil cases and 12 judges, so that each judge had on average 212 civil cases.[2] Thus, the Northern District of California's civil docket is approximately 50% more congested than that of the Northern District of Alabama. Efficiency of the federal court system, therefore, also supports transfer.

**d. The Importance Of State Law Arbitration Issues Weigh In Favor Of Transfer.**

Plaintiff and a substantial number of the putative class members she seeks to represent are governed by a contractual duty to arbitrate their claims. Cook Decl. ¶4 and Exh. A.

The law of the states in which Plaintiff and each putative class member worked at the time that person entered into the arbitration agreement governs the enforceability and contract defenses to that agreement. *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003), *cert. denied*, 540 U.S. 1160 (2004); *Discover Bank v. Superior Court*, 134 Cal.App.4th 886, 894-95 (2005). Because the validity of each arbitration agreement is governed by state law, a court would be required to follow the ruling of the highest court of each state, or, if a highest state court has not yet rendered an opinion, predict how each highest state court would rule to resolve the state law issue. *Nelson v. City of Irvine*, 143 F.3d 1196, 1206-1207 (9th Cir. 1998), *cert. denied* 525 U.S. 981 (1998); *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001), *cert. denied* 534 U.S. 1133 (2002) ("[w]here the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it"). Alabama, as the location where Plaintiff worked when she entered into her agreement to arbitrate, is the logical venue for such undertaking.

---

[2] *See* Request for Judicial Notice Exh. C-E. The full report is available at http://www.uscourts.gov/caseload2006/contents.html. *See* Table C-1. Northern District of Alabama judges (including those on Senior status) are listed at http://www.alnd.uscourts.gov/Local/DC_judicial_officers.htm. Northern District of California Judges (including those on Senior status) are listed at http://www.cand.uscourts.gov/cand/judges.nsf/0310082dc8b4b3f388256d48005ed6c5?OpenView.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

**e. If Arbitration Were Ordered, Arbitration Would Have To Occur In The Inconvenient Forum Of The Northern District Of California.**

The Federal Arbitration Act ("FAA") requires that, if a district court decides to compel arbitration, it must order the arbitration to be held in the district where the petition is filed. 9 U.S.C. § 4 ("[t]he hearing and proceedings…shall be within the district in which the petition for an order directing such arbitration is filed"); *Continental Grain Co. v. Dant & Russell,* 118 F.2d 967 (9th Cir. 1941); *Homestake Lead Co. v. Doe Run Resources,* 282 F.Supp. 2d 1131, 1143-44 (N.D. Cal. 2003) (the FAA limits courts "to ordering arbitration within the district in which the suit was filed"); *Veliz v. Cintas Corp.,* 2005 U.S. Dist. LEXIS 9230 at *21 (N.D. Cal. 2005) ("a district court compelling arbitration...[must] order the arbitration to proceed within the district in which the petition to compel arbitration has been filed"); *see also Snyder v. Smith,* 736 F.2d 409, 419-20 (7th Cir. 1984), *cert. denied,* 469 U.S. 1037 (1984), *overruled on other grounds* in *Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998) (transferring motion to compel arbitration pursuant to 28 U.S.C. § 1404(a)). Thus, for example, if this Court were to compel arbitration of Plaintiff's claims, Plaintiff and many of the witnesses, who likely still reside in Alabama, would have to travel to the Northern District of California to participate in Plaintiff's arbitration. If this Court were to transfer the case to Alabama, the arbitration would occur in Alabama.

Moreover, an arbitrator's subpoena to compel attendance and production of documents at arbitration may be enforced only "upon petition [to] the …district court…in which such arbitrators…are sitting….in the same manner provided by law for securing the attendance of witnesses...." 9 U.S.C. § 7. As explained above, a district court may enforce a subpoena only if service is within the geographic limitations of 45(b)(2). Fed. R. Civ. Proc. 45(e). Thus, this Court could only enforce an arbitrator's subpoena if it was served, at most, within 100 miles of this District. 9 U.S.C. §§ 4, 7. Here, those witnesses best able to testify as to Plaintiff's job duties likely and mostly are located in Alabama, far outside the geographic boundaries of this District. If this Court transfers the case to Alabama, Plaintiff and Defendants both retain the opportunity to enforce their arbitration agreement in Alabama. Accordingly, for this reason as well, transfer is appropriate.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

## IV. CONCLUSION

For all of the foregoing reasons, Defendants respectfully urge the Court to order the transfer of this case to the Northern District of Alabama.

Dated: July 31, 2007

Lisa Chagala

HENRY D. LEDERMAN
LISA C. CHAGALA
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
ROSS STORES, INC; ROSS DRESS FOR LESS, INC.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF MOTION/MOTION/MPA ISO MOTION TO CHANGE VENUE
(NO. CV 03430 MMC)

12.