1  HENRY D. LEDERMAN, Bar No. 079498
   LISA C. CHAGALA, Bar No. 217883
2  LITTLER MENDELSON
   A Professional Corporation
3  Treat Towers
   1255 Treat Boulevard
4  Suite 600
   Walnut Creek, CA  94597
5  Telephone:     925.932.2468
   Facsimile:     925.946.9809
6  E-mail: hlederman@littler.com
   E-mail: lchagala@littler.com
7
   Attorneys for Defendants
8  ROSS STORES, INC.; ROSS DRESS FOR LESS,
   INC.
9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12  TORESSA LOCKETTE; an individual;          Case No.  CV 03430 MMC
    individually and on behalf of all other
13  similarly situated current and former     **DEFENDANTS' REQUEST FOR**
    employees,                                **JUDICIAL NOTICE IN SUPPORT OF**
14                                            **THEIR MOTION TO CHANGE VENUE**
                    Plaintiff,                **PURSUANT TO 28 U.S.C. 1404(a)**
15
         v.                                   Date:  September 7, 2007
16                                            Time:  9:00 a.m.
    ROSS STORES, INC., a Delaware             Courtroom: 7
17  Corporation, ROSS DRESS FOR LESS,         Judge:  Hon. Maxine M. Chesney
    INC., a Virginia Corporation, and DOES 1- Complaint filed:  June 29, 2007
18  100,                                      Trial Date:  None set

19                  Defendants.

20
            Pursuant to Federal Rule Of Civil Procedure subsections 201(b)(2) and 201(d),
21
    Defendants hereby request that the Court take judicial notice of the existence and content of the
22
    court records listed below.   Judicial notice is proper, because the existence and content of the
23
    following records are not subject to reasonable dispute in that they are capable of accurate and ready
24
    determination by resort to sources whose accuracy cannot reasonably be questioned.
25
            1.      Order Granting Final Approval To Class Action Settlement, Award Of Class
26
    Counsel Fees And Costs, And Award Of Service Payment To Class Representatives And Issuing
27

28

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468
DEFS' REQ. FOR JUDICIAL NOTICE ISO
MTN TO CHANGE VENUE (NO.  CV 03430
MMC)

1    Final Judgment, entered in case of *Taylor v. Ross Stores, Inc.*, Case No. RCV 065453, in the

2    Superior Court Of The State Of California, County of San Bernardino, attached hereto as Exhibit A.

3        2.      Declaration of Marc Primo In Support Of Unopposed Motion For Order

4    Granting Final Approval To Class Action Settlement, Award Of Class Counsel Fees And Costs, And

5    Award Of Service Payment To Class Representatives, attached hereto as Exhibit B.

6        3.      Federal Judicial Caseload Statistic, Table C-1, U.S. District Courts—Civil

7    Cases Commenced, Terminated, and Pending During The 12-Month Period Ending March 31, 2006,

8    published by the Administrative Office of the United States Courts, available at

9    http://www.uscourts.gov/caseload2006/contents.html, attached hereto as Exhibit C.

10       4.      District Court Officers in the United States District Court, Northern District of

11    Alabama, available at http://www.alnd.uscourts.gov/Local/DC_judicial_officers.htm, attached hereto

12    as Exhibit D.

13       5.      Judge Information for the United States District Court, Northern District of

14    California, available at http://www. cand.uscourts.gov/cand/judges.nsf/

15    0310082dc8b4b3f388256d48005ed6c5?OpenView, attached hereto as Exhibit E.

16

17    Dated: _July_ _31_, 2007

18

19                         *Lisa Chagala*

                        HENRY D. LEDERMAN

20                        LISA C. CHAGALA

                        LITTLER MENDELSON

21                        A Professional Corporation

                        Attorneys for Defendants

22                        ROSS STORES, INC.; ROSS DRESS FOR

                        LESS, INC.

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFS' REQ. FOR JUDICIAL NOTICE ISO
MTN TO CHANGE VENUE (NO. CV 03430
MMC)           2.

# EXHIBIT A

1  Mark Yablonovich, Esq. (SBN 186670)
2  Marc Primo, Esq. (SBN 216796)
   Initiative Legal Group LLP
3  1875 Century Park East, Suite 1800
   Los Angeles, California 90067
4  Telephone: (310) 556-5637
   Facsimile: (310) 861-9051

5  Lead Counsel and Attorneys for Class Members

FILED-West District
San Bernardino County Clerk

FEB 2 1 2007

BY _Elisa C_____
                    DEPUTY

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF SAN BERNARDINO

10

11  LANCE TAYLOR, individually, and on behalf        RCV 065453: Joint Cases No. JCCP 4331
    of other members of the general public
12  similarly situated,                              Case: 04CC09348 - Orange County

13              Plaintiffs,                           [Assigned for all purposes to the Hon.
                                                      Kenneth Andreen]
14       vs.
                                                      [PROPOSED] ORDER GRANTING
15  ROSS STORES, INC., a Delaware corporation;       FINAL APPROVAL TO CLASS ACTION
    and DOES 1 through 10, inclusive,                 SETTLEMENT, AWARD OF CLASS
16                                                    COUNSEL FEES AND COSTS, AND
                                                      AWARD OF SERVICE PAYMENT TO
17              Defendants.                           CLASS REPRESENTATIVES AND
                                                      ISSUING FINAL JUDGMENT AND
18                                                    DISMISSING CASE WITH PREJUDICE
19
                                                      Date:  February 21, 2007
20                                                    Time:  8:30 a.m.
                                                      Dept:  R6
21

22                                                    Complaint Filed: September 10, 2004

23  SANDRA COLTON, NANCY HOLLOWAY,                    RCV 065453 - San Bernardino County
    individually, and as Private Attorney General
24  on behalf of all others similarly situated and   Complaint Filed: August 6, 2002
    Does 1-100
25
                Plaintiffs,
26
    vs.
27
    ROSS DRESS FOR LESS STORES, ALMA
28

ORDER GRANTING FINAL APPROVAL

1    MERCADO and Does 1-100, inclusive,

2          Defendants.

3    SEAN FRANCO, individually, and on behalf
4    of all others similarly situated,                    Case No. BC 298950 - Los Angeles County

5          Plaintiffs,

6    vs.                                                   Complaint Filed: July 11, 2003

7    ROSS STORES, INC., a foreign corporation
     dba "Ross Dress for Less", Alma Mercado and
8    Does 1-100, inclusive,

9          Defendants.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING FINAL APPROVAL

1    This matter having come before the Court on February 21, 2007 for final approval of the

2    settlement set forth in the Joint Stipulation of Settlement and Release ("Settlement Agreement"),

3    an executed copy of which is attached as Exhibit A to the Declaration of Marc Primo In Support of

4    Unopposed Motion For Order Granting Final Approval To Class Action Settlement, Award of

5    Class Counsel Fees And Costs, And Award of Service Payment To Class Representatives, and due

6    and adequate notice having been given to the Class Members, and the Court having considered all

7    papers filed and proceedings had herein and otherwise being fully informed of the premises and

     good cause appearing therefore, it is ORDERED, ADJUDGED AND DECREED THAT:

8        1.    All terms used herein shall have the same meaning as defined in the Settlement

9    Agreement.

10       2.    This Court has jurisdiction over the subject matter of this litigation and over all

11   Parties to this litigation, including all Class Members.

12       3.    Distribution of the Notice directed to the Class Members as set forth in the

13   Settlement Agreement and the other matters set forth therein have been completed in conformity

14   with the Preliminary Approval Order and following Orders, including individual notice to all

15   Class Members who could be identified through reasonable effort, and was the best notice

16   practicable under the circumstances.  This Notice provided due and adequate notice of the

17   proceedings and of the matters set forth therein, including the proposed settlement set forth in the

18   Settlement, to all persons entitled to such Notice; and the Notice fully satisfied the requirements of

19   due process.  No Class Members objected to the Settlement Agreement.  Only seven Class

20   Members opted out of the Settlement Agreement.  Four hundred and eighty-eight (488)Class

21   Members submitted valid claims.

22       4.    This Court hereby approves the settlement set forth in the Settlement Agreement and

23   finds that the Settlement Agreement is, in all respects, fair, adequate and reasonable and directs the

24   Parties to effectuate the Settlement Agreement according to its terms.  The Court finds that the

25   Settlement Agreement has been reached as a result of intensive, serious and non-collusive arms-

26   length negotiations.  The Court further finds that the Parties have conducted extensive

27   investigation and research and counsel for the Parties are able to reasonably evaluate their

28

                                    - 2 -

1  respective positions.  The Court also finds that settlement at this time will avoid additional

2  substantial costs, as well as avoid the delay and risks that would be presented by the further

3  prosecution of the Action.  The Court has reviewed the monetary recovery being granted as part of

4  the Settlement Agreement and recognizes the significant value to the Settlement Class.  The Court

5  also finds that the Class is properly certified as a class for settlement purposes only.

6      5.    For purposes of this Judgment, the term "Class" means ~~employees of Defendant~~ all

7  current and former employees employed by Defendant in the position of Assistant Manger at their

8  business locations within the state of California from May 10, 2000 until November 1, 2006.

9      6.    As of the Effective Date, each and every Released Claim of each and every Class

10  Member is and shall be deemed to be conclusively released as against the Released Parties.  All

11  Class Members as of the Effective Date are hereby forever barred and enjoined from prosecuting

12  the Released Claims against the Released Parties.

13      7.    The Settlement Agreement is not an admission by Defendant or any of the other

14  Released Parties, nor is this Judgment a finding of the validity of any claims in the Action or of

15  any wrongdoing by Defendant or any of the other Released Parties.  Neither this Judgment, the

16  Settlement, Agreement nor any document referred to herein, nor any action taken to carry out the

17  Settlement, may be construed as, or may be used as an admission by or against Defendant or any

18  of the other Released Parties of any fault, wrongdoing or liability whatsoever.  The entering into

19  or carrying out of the Settlement Agreement, and any negotiations or proceedings related thereto,

20  shall not in any event be construed as, or deemed to be evidence of, an admission or concession

21  with regard to the denials or defenses by Defendant or any of the other Released Parties and shall

22  not be offered in evidence in any action or proceeding against Defendant or any of the Released

23  Parties in any court, administrative agency or other tribunal for any purpose whatsoever other than

24  to enforce the provisions of this Judgment, the Settlement Agreement, or any related agreement or

25  release.  Notwithstanding these restrictions, any of the Released Parties may file in the Action or

26  in any other proceeding the Judgment, Settlement Agreement, or any other papers and records on

27  file in the Action as evidence of the Settlement Agreement to support a defense of res judicata,

28

1  collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the

2  Released Claims.

3       8.    The Court hereby dismisses the Action on the merits and with prejudice against all

4  Class Members in favor of Defendant and without costs or attorneys' fees to any of the Parties as

5  against any other settling party, except as provided for in the Settlement Agreement. Without

6  affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction

7  over the interpretation, implementation and enforcement of the Settlement and all orders and

8  judgments entered in connection therewith.

9       9.    The Court hereby awards Class Counsel attorneys' fees and costs ("Fees Award") in

10  the amount of $1,000,000. The Court finds that the attorneys' fees and costs sought are fair and

11  reasonable and should be paid to Class Counsel. Class Counsel has proceeded on a contingency

12  basis despite the uncertainty of any fee award. Class Counsel risked that they would not obtain

13  any relief on behalf of Plaintiffs or the Class, and so no recovery of fees. In addition, Class

14  Counsel was precluded from pursuing other potential sources of revenue due to their prosecution

15  of the claims in this action. The Court also considers the skill of the Class Counsel in fashioning

16  an appropriate remedy, and the overall results obtained by the litigation, which resulted in the

17  grant of final approval of a settlement that will provide compensation for the alleged unpaid wages

18  due and owing to the class members. Defendant shall pay the Fees Award to Lead Class Counsel

19  who then shall be solely responsible for the distribution of Plaintiffs' attorneys' fees, costs and

20  expenses to the remaining Class Counsel. Payment of the Fees Award to Lead Class Counsel is in

21  full satisfaction of any claim to attorneys' fees or costs in each and all of the coordinated actions

22  governed by this Order and the Settlement Agreement:  (1) Taylor v. Ross Stores Inc., Case No.

23  04CC09348, which was filed in Orange County Superior Court on September 10, 2004; (2) Colton

24  v. Ross Stores, Inc., Case No. RCV 065453, which was filed in San Bernardino Superior Court on

25  August 6, 2002; and, (3) Franco v. Ross Stores, Inc., Case No. BC 298950, which was filed in Los

26  Angeles Superior Court on July 11, 2003.

27

28

1        10.    After administration of the Settlement Agreement has been completed in accordance

2    with the Settlement and all amounts calculated, and in no event later than 180 days after the

3    Effective Date, Defendant shall file a report with this Court setting forth the total of the Gross

4    Settlement Amounts for the Settlement Class Members and certifying compliance with the terms

5    of the Settlement.

6        11.    The Court finds that the Settlement Agreement is in good faith and constitutes a

7    fair, reasonable and adequate compromise of the Released Claims against Defendant.

8

9    IT IS SO ORDERED, this _____21st_____ day of February, 2007.

10

11

12    _____

13    The Honorable Kenneth Andreen
      Judge of the Superior Court

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-

ORDER GRANTING FINAL APPROVAL

**EXHIBIT B**

1   Mark Yablonovich, Esq. (SBN 186670)
    Marc Primo, Esq. (SBN 216796)
2   Initiative Legal Group LLP
    1875 Century Park East, Suite 1800
3   Los Angeles, California 90067
    Telephone: (310) 556-5637
4   Facsimile: (310) 861-9051

5   Lead Counsel and Attorneys for Class Members

6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN BERNARDINO

10

11  LANCE TAYLOR, individually, and on behalf        RCV 065453: Joint Cases No. JCCP 4331
    of other members of the general public
12  similarly situated,                              Case: 04CC09348 - Orange County

13              Plaintiffs,                           [Assigned for all purposes to the Hon.
                                                      Kenneth Andreen]
14          vs.
                                                      **DECLARATION OF MARC PRIMO IN**
15  ROSS STORES, INC., a Delaware corporation;        **SUPPORT OF UNOPPOSED MOTION**
    and DOES 1 through 10, inclusive,                 **FOR ORDER GRANTING FINAL**
16              Defendants.                            **APPROVAL TO CLASS ACTION**
                                                      **SETTLEMENT, AWARD OF CLASS**
17                                                    **COUNSEL FEES AND COSTS, AND**
                                                      **AWARD OF SERVICE PAYMENT TO**
18                                                    **CLASS REPRESENTATIVES**
19
                                                      Date:  February 21, 2007
20                                                    Time:  8:30 a.m.
                                                      Dept:  R6
21
                                                      Complaint Filed: September 10, 2004
22
23  SANDRA COLTON, NANCY HOLLOWAY,                    RCV 065453 - San Bernardino County
    individually, and as Private Attorney General
24  on behalf of all others similarly situated and   Complaint Filed: August 6, 2002
    Does 1-100
25
                Plaintiffs,
26
    vs.
27
    ROSS DRESS FOR LESS STORES, ALMA
28

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

FEB 20 2007

BY _Richard L. Unger_
                          DEPUTY

---

DECLARATION OF MARC PRIMO IN SUPPORT OF PLAINTIFFS' UNOPPOSED FINAL APPROVAL MOTION

1   MERCADO and Does 1-100, inclusive,

2        Defendants.

3   SEAN FRANCO, individually, and on behalf
    of all others similarly situated,                    Case No. BC 298950 - Los Angeles County
4

5        Plaintiffs,
                                                          Complaint Filed: July 11, 2003
6   vs.

7   ROSS STORES, INC., a foreign corporation
    dba "Ross Dress for Less", Alma Mercado and
8   Does 1-100, inclusive,

9        Defendants.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF MARC PRIMO

I, Marc Primo, declare:

1.    I am an attorney licensed to practice before all courts of the State of California. I have personal knowledge of the facts herein and if called as a witness, I could and would competently testify.

2.    I am a graduate of the University of California, Berkeley, Boalt Hall School of Law, and am Managing Partner of the Initiative Legal Group LLP ("ILG"), Lead Counsel in the consolidated class action Taylor v. Ross Stores. The firm currently employs eleven attorneys and is dedicated to representing plaintiffs in employment litigation, predominantly class actions.

3.    **Procedural Posture:** This matter consists of three different actions:

    a.    Taylor v. Ross Stores Inc., Case No. 04CC09348 (the "Taylor Action"), was filed in Orange County Superior Court on September 10, 2004.

    b.    Colton v. Ross Stores, Inc., Case No. RCV 065453 (the "Colton Action"), was filed in San Bernardino Superior Court on August 6, 2002.

    c.    Franco v. Ross Stores, Inc., Case No. BC 298950 (the "Franco Action"), was filed in Los Angeles Superior Court on July 11, 2003.

4.    By an order dated June 17, 2005, the Honorable W. Michael Hayes entered an order in the Taylor Action certifying a class of Assistant Managers concerning, *inter alia*, whether Ross misclassified Assistant Store Managers and thereby failed to pay overtime that was properly owed. By an order dated August 8, 2006, the Taylor, Colton, and Franco Actions were consolidated as Case No. RCV 065453, and are referred to throughout this declaration and Plaintiffs' Motion for Final Approval of Class Action Settlement, as a single action. This consolidated action was granted preliminary approval on November 1, 2006.

5.    **Initiative Legal Group, LLP's History and Experience:**    The firm began when Mark Yablonovich and I left Fox Spillane Shaeffer LLP to start our own firm in 2002. Mark Yablonovich is a graduate of Harvard Law School and had been practicing for approximately five

1  years prior to starting ILG. The firm quickly developed its main area of practice in wage and hour

2  class actions, expanded to its current size, and continues to grow.

3        6.      ILG is experienced in wage and hour law and class actions. The attorneys working

4  on the Taylor Action have actively litigated wage and hour class actions that involve similar legal

5  issues, including the following cases:

6          a.    ILG settled a class action lawsuit against a major bank

7              regarding underpayment of overtime and missed meal and

8              rest breaks for $8,000,000. Plaintiff's counsel is awaiting

9              preliminary approval of the settlement.

10         b.    ILG settled a class action lawsuit against a collection agency

11              involving the underpayment of overtime for $1,085,000.

12              Plaintiff's counsel is awaiting preliminary approval of the

13              settlement.

14         c.    Sunio v. Marsh, Inc. (Case No. BC328782 ) - ILG was

15              granted final approval on April 28, 2006 in Los Angeles

16              Superior Court for a settlement on behalf of class members

17              for claims of unpaid overtime for $1,350,000. ILG's fee

18              award, one-third of the total settlement value, was approved

19              by Hon. William Highberger.

20         d.    Guzman v. GAP, Inc. - ILG and co-counsel were granted

21              final approval on January 18, 2005, representing a class of

22              Associate Managers and Co-Managers for unpaid overtime

23              and related claims for a settlement for $5,807,500.

24         e.    Jordan v. Enterprise Car Rental- ILG and co-counsel

25              negotiated a $2,000,000settlement in 2005 on behalf of

26              drivers for unpaid overtime and related claims.

27

28

DECLARATION OF MARC PRIMO IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL

1        f.     <u>Kenemixay v. Nordstrom, Inc.</u> (Case No. BC318850) - ILG

2              was granted final approval for a $2,000,000 settlement on

3              behalf of Sales Associates and Assistant Managers for claims

4              of unpaid overtime, in January of 2006 in Los Angeles

5              Superior Court, Complex Court. ILG's fee award, 50

6              percent of the total settlement value, was approved by Hon.

7              Peter Lichtman.

8        g.     In <u>Malone v. Connex West LLC</u>, LASC Case No.

9              BC328781, Hon. Helen I. Bendix approved an award to ILG

10             that was 31 percent of the total settlement value, and in <u>Case</u>

11             <u>et al. v. Toyohara America Inc.</u> LASC Case No. BC328111,

12             Hon. Lee Edmon approved a 33 percent award.

13    7.     The attorneys working on the Taylor Action are currently litigating several

14 additional wage and hour class action lawsuits, including cases against the following Defendants:

15 Torrance Memorial Hospital, Washington Mutual Bank, Ameriquest, Office Depot and Sizzler.

16 Robert E. Byrnes has practiced entirely in California since becoming a member of the State Bar,

17 with a significant emphasis on wage and hour class actions. Mr. Byrnes graduated from Stanford

18 Law School in 1998, and joined Quinn Emanuel Urquhart Oliver & Hedges LLP, rapidly

19 acquiring substantial responsibility for, and ultimately managing on a daily basis, misclassification

20 class actions against Washington Mutual Bank, Pep Boys, and IBM. In April of 2006, Mr. Byrnes

21 joined ILG, and is primarily responsible for managing approximately twenty-five wage and hour

22 class actions, including the instant action. Since he joined ILG, Mr. Byrnes has also been

23 significantly involved in the certification of <u>Smith v. The Children's Place</u> (BC 328780), in Los

24 Angeles Superior Court as to alleged overtime, waiting time penalty, and meal and rest period

25 violations; settling a meal and rest break class action against a major national retailer for in excess

26 of $2,000,000; and managing numerous other actions that present issues similar or identical to the

27 present action with respect to certification, determining liability and damages, and post-

28

1  certification case management. Additionally, Mr. Byrnes recently oversaw the certification of

2  Nevins v. United Health Services (BC 322077), also in Los Angeles Superior Court, on causes of

3  action for unpaid overtime and wage statement violations.

4      8.      Shawn Westrick graduated from UCLA Law School in 2004. Shortly thereafter, he

5  joined ILG as an associate. Mr. Westrick handles approximately fifteen wage and hour class

6  actions. Since he joined ILG, Mr. Westrick has managed a variety of wage and hour class actions

7  involving misclassification, wage statement violations, improper calculation of overtime and meal

8  and rest break classes. Mr. Westrick also succeeded in persuading the Second Appellate District

9  to issue a writ of mandamus overturning a trial court's misapplication of the Labor Code Private

10  Attorneys General Act (Cal. Lab. Code § 2699 et seq., or "PAGA"). Mr. Westrick has settled

11  class actions against a major drug store for approximately $2,000,000 and a major retail store for

12  approximately $3,000,000.

13      9.      The firm also maintains an active appellate practice, frequently having sought from

14  the Court of Appeal both writs for mandate and standard appeals. ILG has won a significant

15  appellate decision concerning the applicability of PAGA in Dunlap v. Superior Court (Bank of

16  America) (2006) 142 Cal. App. 4th 330, which took up whether a plaintiff must adhere to the

17  administrative exhaustion requirement under PAGA when seeking penalties. ILG prevailed in the

18  Court of Appeal, and the opinion has been designated as published at ILG's urging. As such, the

19  decision is likely to provide significant guidance, as it is one of the few published cases in this

20  relatively new body of PAGA law.

21      10.      The attorneys working on the consolidated actions are experienced in the substantive

22  area of law and in the practice of class action litigation and are exceptionally qualified to represent

23  the class. In addition to ILG, Henry Schrenker and David Fuller of Fuller & Schrenker have been

24  counsel of record in the Colton Action. Matthew Righetti of the Righetti Law Firm, PC and

25  McInerney & Jones have been counsel of record in the Franco Action.

26      11.      In connection with the consolidated actions and the settlement negotiations, the

27  attorneys working on the consolidated actions have conducted a thorough investigation of the facts

28

1  and legal theories, financial analysis, numerous discussions between counsel, exchanges of payroll

2  and financial documentation and extensive settlement discussions, including:

3       a.   Interviewing various Class Members about their experiences working for

4            Defendant;

5       b.   Reviewing wage records;

6       c.   Researching relevant legal theories of misclassification;

7       d.   Defending numerous depositions;

8       e.   Bringing a successful class certification motion;

9       f.   Analyzing internal memoranda, discovery responses, and documents related

10           to the job titles at issue;

11      g.   Analyzing arbitration provisions and the relevant legal authority; and,

12      h.   Mediation and intensive settlement negotiations.

13      12.  The parties conducted a full-day mediation, with esteemed wage and hour mediator

14 Mark Rudy.  Negotiations continued for months following the mediation, with Mr. Rudy's

15 continued involvement, until a settlement was ultimately reached.  The parties reached a

16 settlement of $3,000,000 to the Class, less attorneys' fees and costs, the service payment to the

17 Class Representatives and the cost of administration.  .  The remainder of the maximum payment

18 will be distributed as follows: Compensable work weeks will be all weeks worked by Defendant's

19 employees in the during the claim period between May 10, 2000 and November 1, 2006.  The

20 remaining net settlement amount will be distributed to Class Members who submitted timely

21 Claim Forms.  Each Class Member who filed a timely and valid claim will receive a gross amount

22 equal to compensable dollars per week multiplied by the number of weeks worked for Defendant

23 during the covered period in a covered position.  A true and correct copy of the executed Joint

24 Stipulation of Settlement and Release ("Settlement Agreement") is attached hereto as Exhibit A.

25      13.  The Settlement Agreement was reached prior to a ruling on Defendant's Motion to

26 Decertify.  If this Court had granted Defendant's motion, the likelihood of a settlement producing

27

28

1  benefits to all Class Members would have been extremely low. The Settlement Agreement in this

2  case is fair, reasonable, and adequate given the inherent risks of litigation.

3      14.    The fee award provided for in the Settlement is $1,000,000 which is equivalent to

4  33% of the total settlement and is thus fair, reasonable, and appropriate.

5      15.    It is telling that not one of the Class Members chose independently, or though

6  counsel, to object to the terms of the Settlement. Only seven Class Members chose to exclude

7  themselves from the Settlement and there were no objections.

8      16.    The named Class Representatives spent considerable time and effort in the

9  prosecution of this action, including providing documents, analyzing data, identifying witnesses,

10  and consulting with Class Counsel.

11      17.    In order to properly handle and prosecute this case, the attorneys working on the

12  consolidated actions were precluded from taking other cases, and in fact, had to turn away other

13  meritorious fee generating cases. When this case was taken on a contingent fee basis, with Class

14  Counsel fronting litigation costs, the ultimate result was far from certain. Practicing in this area of

15  law involves a great deal of risk in that these cases can be lost on both class action procedural

16  rulings and on the merits. Further, due to the high stakes involved in terms of both retroactive and

17  prospective relief, these cases are vigorously defended and this case was no exception.

18

19      I declare under penalty of perjury under the laws of the State of California that the foregoing is

20  true and correct. Executed this 20th day of February, 2007, in Los Angeles, California.

21

22                                                        Marc Primo, Esq.

23

24

25

26

27

28

- 7 -
DECLARATION OF MARC PRIMO IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL

# Exhibit A

JOINT STIPULATION OF SETTLEMENT AND RELEASE

This Joint Stipulation of Settlement and Release ("Stipulation of Settlement" or "Settlement") is made and entered into on October 25, 2006, by and between the following parties: Plaintiff Lance Taylor, Sandra Colton, Nancy Holloway, and Sean Franco (collectively, "Class Representatives"), individually and on behalf of the class they represent as described herein (collectively, "Plaintiffs"), and Defendant Ross Stores, Inc. and any other corporate entities or individuals named or served as defendants ("Defendant" or "Ross") in Taylor v. Ross Stores, Inc., Case No. O4CC09348 (the "Taylor Action"), Colton v. Ross Stores, Inc., Case No. RCV 065453 (the "Colton Action"), and/or Franco v. Ross Stores, Inc., Case No. BC298950 (the "Franco Action"). By an order dated August 8, 2006, the Taylor, Colton, and Franco Actions were consolidated as Case No. RCV 065453 in San Bernardino Superior Court (collectively and severally, the "Coordinated Action"). The Coordinated Action seeks unpaid wages and other statutory, legal and equitable remedies on behalf of the company's current and former Assistant Store Managers or similarly situated managers employed by Defendant in California since May 10, 2000. For purposes of this Settlement, the terms "Defendant" and "Ross" shall be deemed to encompass all the defendants named or served in the Coordinated Action. Plaintiffs and Defendant are collectively referred to herein as the "Parties."

THE PARTIES STIPULATE AND AGREE as follows:

1.      WHEREAS, on or about September 10, 2004, in the Taylor Action, Plaintiff Lance Taylor filed a proposed Class Action Complaint against Defendant in the Orange County Superior Court on behalf of himself and all others similarly situated. The Complaint in the Taylor Action alleges causes of action for: (1) California Labor Code §§ 510 and 1198; (2) Willful Violation of California Labor Code § 226; (3) Violation of California Labor Code §226.7(a); (4) Violation of California Labor Code §§ 201 and 202; (5) Violation of California Labor Code § 3751 and Title 8 California Code of Regulations § 11070; (6) Violation of California Labor Code §§ 221, 222, 222.5, 223, 400 through 410, and Title 8 California Code of Regulations § 11070; (7) Conversion and Theft of Labor; and, (8) Violation of California Business & Professions Code § 17200, et seq. The allegations raised in the Taylor Action include, but are not limited to, allegations that the Assistant Store Managers were misclassified and

1

Joint Stipulation of Settlement and Release Between Plaintiffs,
on Behalf of Themselves and All Others Similarly Situated, and Defendant
Firmwide:81608134.1 022233.2024

1   consequently not paid appropriate overtime compensation, were denied meal and rest breaks, were not

2   paid appropriate penalties on earned wages, and that Ross made unlawful deductions from earnings.

3   Substantially similar claims were brought on August 6, 2002, in the <u>Colton</u> Action and on July 11, 2003

4   in the <u>Franco</u> Action, both of which are pending in San Bernardino County Superior Court, Rancho

5   Cucamonga District, and the case of <u>De la Cruz v. Ross Stores, BC320746,</u> which was pending in Los

6   Angeles County Superior Court, and was dismissed on August 30, 2006 (the "De la Cruz Action") (the

7   complaints in the Taylor, Franco, Colton, and De la Cruz Actions, collectively hereinafter, the

8   "Complaints"). On or about August 10, 2006, the Court entered an order dismissing the purported

9   claims of Store Managers in the Colton Action at the request of plaintiffs' counsel in the Colton Action.

10          2.      WHEREAS, the Parties are represented as follows:

11                  •       At all times, Mark Yablonovich and Marc Primo of Initiative Legal Group LLP

12                          have been counsel of record for Plaintiff Taylor; Henry Schrenker and David

13                          Fuller of Fuller & Schrenker have been counsel of record for Plaintiffs Sandra

14                          Colton, Jimmie Luciano, and Nancy Holloway; and, Matthew Righetti of the

15                          Righetti Law Firm, P.C., and McInerney & Jones have been counsel of record for

16                          Plaintiff Sean Franco and collectively are referred to herein as "Class Counsel."

17                          Counsel for Taylor has been ordered Lead Class Counsel and shall be referred to

18                          herein as "Lead Class Counsel;"

19                  •       Littler Mendelson is counsel of record for Defendant in the Coordinated Action.

20          3.      WHEREAS, On June 17, 2005, Judge W. Michael Hayes of the Superior Court of

21   California, County of Orange, entered an order certifying a class of Assistant Managers concerning the

22   following legal issues:  (1) whether Defendant unlawfully deducted from earned wages, including

23   bonuses, monies attributed to losses and expenses due to worker's compensation losses, cash shortages,

24   merchandise shortages, breakage, and/or loss equipment not caused by the willful or dishonest acts or

25   gross negligence of the respective employee; (2) whether Defendant failed to keep accurate and

26   complete records of actual hours worked on each workday and/or workweek; (3) whether Defendant

27   misclassified Assistant Store Managers and failed to pay such persons an overtime premium for hours

28

2

Joint Stipulation of Settlement and Release Between Plaintiffs,
on Behalf of Themselves and All Others Similarly Situated, and Defendant
Firmwide:81608134.1 022233.2024

1    worked over eight hours per day and/or forty hours per week; (4) whether Defendant denied and/or

2    failed to provide meal and rest periods; (5) whether Defendant committed unfair business practices; (6)

3    whether Defendant converted, appropriated or deprived the Class Members of the use of monies or sums

4    to which they were legally entitled; and (7) whether Class Members are entitled to penalties pursuant to

5    California Labor Code section 226.7.

6        4.    WHEREAS, notwithstanding that a class of Assistant Managers has been certified in the

7    Taylor Action for a portion of the Class Period (defined below), Ross contends that decertification is

8    warranted and, but for this Settlement, would file a motion for decertification challenging the

9    certification of the class, and counsel in the Taylor action would have opposed any such motion.   No

10   class has been certified in the Franco Action or Colton Action.   Thus, for purposes of this Settlement

11   only, there will be one settlement class defined as: "All current and former Assistant Store Managers or

12   similarly situated managers (the 'Covered Positions') employed by Defendant at its business locations

13   within the State of California, who were employed from May 10, 2000 to the date of preliminary

14   approval of the class settlement (the 'Class Period,' the 'Settlement Class,' and/or the 'Class

15   Members')." Although the statute of limitations applicable to the asserted causes of action in the Taylor

16   Action does not extend back to May 10, 2000, the Parties have agreed to extend the statute of limitations

17   back to May 10, 2000 to include the applicable period in the Franco and Colton Actions, except as that

18   period already was covered by the class action settlement in *Raygoza, et al.  v. Ross Stores*, SBSC Case

19   No. RCV 41444 (which had a claims period from April 30, 1996 through May 9, 2000) (the "Raygoza

20   Settlement"). If, for any reason, the Court does not grant final approval of the Settlement, the stipulation

21   of class certification shall be void *ab initio*.

22       5.    WHEREAS, Defendant denies any liability or wrongdoing of any kind whatsoever

23   associated with the claims alleged in any complaints in the Coordinated Action. With respect to the

24   alleged misclassification and the alleged failure to pay appropriate penalties, Defendant contends,

25   among other things, that it has complied at all times with applicable law and that all Class Members

26   were properly classified. Defendant denies that it has improperly calculated wages on bonus payments

27   as alleged in the Complaints, that it failed to provide meal and/or rest breaks, or otherwise engaged in

28

Joint Stipulation of Settlement and Release Between Plaintiffs,
on Behalf of Themselves and All Others Similarly Situated, and Defendant
Firmwide:81608134.1 022233.2024

1   wrongful conduct. Plaintiffs, on the other hand, believe they have filed meritorious actions.

2       6.      WHEREAS, Arm's-length settlement negotiations have taken place between the Parties,

3   including a mediation on November 28, 2005 in San Francisco, California before Mark Rudy, Esq. and

4   extensive further negotiations between the Parties were thereafter facilitated by Mark Rudy. After

5   extensive discovery and investigation of the facts and after carefully considering applicable law, Class

6   Representatives and Lead Class Counsel have concluded that: (i) it is in the best interests of the

7   Settlement Class to enter into the Settlement in order to avoid the uncertainties of litigation, particularly

8   complex litigation such as this, and to assure benefits to the Class Members, and, (ii) the terms and

9   conditions of this Settlement, are fair, reasonable and adequate, and in the best interests of all members

10  of the Settlement Class.

11      7.      WHEREAS, Defendant also has conducted an investigation into the allegations raised by

12  Plaintiffs in the Coordinated Action and evaluated the information elicited through discovery and has

13  concluded that, despite its good faith belief that it is not liable for any of the claims asserted in the

14  Coordinated Action and that it has good defenses to those claims, it will enter into this Settlement to

15  obtain the conclusive and complete dismissal of the Coordinated Action, except for the currently

16  pending non-class, individual wrongful termination claim of Sandra Colton (the "Colton Wrongful

17  Termination Claim") and the currently pending claim of Jimmie Luciano in his individual capacity that

18  is asserted in the Colton Action insofar as it falls outside the definition of the Settlement Class herein

19  (the "Luciano Claim"), and to avoid (i) the further expense, inconvenience and burden of this litigation,

20  (ii) the distraction and diversion of its personnel and resources, and (iii) the risk and uncertainty of the

21  outcome inherent in any litigation. Defendant is willing to enter into this Stipulation of Settlement as a

22  means to resolve fully all claims related to the allegations in the Coordinated Action, except for the

23  Colton Wrongful Termination Claim and the Luciano Claim.

24      8.      WHEREAS, it is the desire of the Parties to fully, finally, and forever settle,

25  compromise, and discharge all disputes and claims actually asserted in, or that could have been asserted

26  in the Coordinated Action, and/or any and all disputes or claims arising from or related to alleged

27  misclassification. Specifically exempted from the released claims are the Colton Wrongful Termination

28

4

Joint Stipulation of Settlement and Release Between Plaintiffs,
on Behalf of Themselves and All Others Similarly Situated, and Defendant

Firmwide:81608134.1 022233.2024

1   Claim and Luciano Claim.  In order to achieve a full and complete release of Defendant, each Class

2   Member acknowledges that this Stipulation of Settlement is intended to include in its effect all claims of

3   any nature arising from or related to the Coordinated Action, including any such claims which the Class

4   Member does not know or suspect to exist in his or her favor against Defendant as of the date of

5   preliminary approval of the class settlement.  As further and additional consideration to the Class

6   Members, Ross agrees to assess the current exempt classification of employees in Covered Positions to

7   determine whether said employees regularly spend more than 50% of their time performing non-exempt

8   tasks.  After said assessment, Ross shall either reengineer as needed the duties performed in said

9   Covered Positions to satisfy the exemption or reclassify employees in those positions, within 30 days

10  following the Effective Date (defined in paragraph 13(b) below).

11       9.      WHEREAS, it is the intention of the Parties that this Stipulation of Settlement shall

12  constitute a full and complete settlement and release of all claims arising from or related to the

13  Coordinated Action against Defendant, which release includes in its effect all present and former parent

14  companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees,

15  agents, attorneys, insurers, and successors and assigns of Defendant, and any individual or entity which

16  could be jointly or severally liable with Defendant.

17       10.     WHEREAS, Lead Class Counsel has conducted a thorough investigation into the facts of

18  the Coordinated Action and has diligently pursued an investigation of Class Members' claims against

19  Defendant.  Based on an independent investigation and evaluation, Lead Class Counsel is of the opinion

20  that the Settlement with Defendant for the consideration and on the terms set forth in this Stipulation of

21  Settlement is fair, reasonable, and adequate and is in the best interest of the Settlement Class in light of

22  all known facts and circumstances, including the risk of significant delay, defenses asserted by

23  Defendant, and numerous potential appellate issues.  Defendant and Defendant's counsel also agree that

24  the Settlement is fair and in the best interest of the Settlement Class.

25       11.     WHEREAS, the Parties agree to cooperate and take all necessary and appropriate steps to

26  dismiss the Coordinated Action, and all actions therein, with prejudice, except for the Colton Wrongful

27  Termination Claim and the Luciano Claim.

28

---

5

Joint Stipulation of Settlement and Release Between Plaintiffs,
on Behalf of Themselves and All Others Similarly Situated, and Defendant

Firmwide:81608134.1 022233.2024

1    12.    WHEREAS, this Settlement provides for a claims process requiring Defendant to make

2    settlement payments to the Settlement Class Members, according to a specified formula for each timely

3    and valid claim submitted.  The maximum total payment under the Settlement if all Settlement Class

4    Members file valid claims, including all attorneys' fees and costs, the service payments to the Class

5    Representatives, the costs of claims administration, and any other payments provided by this Settlement,

6    is three-million dollars ($3,000,000).

7                                      TERMS OF SETTLEMENT

8    13.    NOW THEREFORE, in consideration of the mutual covenants, promises and agreements

9    set forth herein, the Parties agree, subject to the Court's approval, as follows:

10            a.    It is agreed by and among Plaintiffs and Defendant that the Coordinated Action,

11    the Complaints, and any claims, damages, or causes of action arising out of the disputes which are the

12    subject of the Coordinated Action and the Complaints, through the Effective Date, except for the Colton

13    Wrongful Termination Action and the Luciano Claim, be settled and compromised as between the

14    Settlement Class and Defendant, subject to the terms and conditions set forth in this Stipulation of

15    Settlement and the approval of the San Bernardino County Superior Court.

16            b.    Effective Date:  The effective date of the Settlement (the "Effective Date") will be

17    the last to occur of the following:  (a) if there are no objections to the Settlement, then the date of final

18    approval by the Court; (b) if there are objections to the settlement, and if an appeal, review or writ is not

19    sought from the Final Order and Judgment, 61 days after service of notice of entry of the Final Order

20    and Judgment; or (c) if an appeal, review or writ is sought from the Final Order and Judgment, the day

21    after the Final Order and Judgment is affirmed or the appeal, review or writ is dismissed or denied, and

22    the Final Order and Judgment is no longer subject to further judicial review.

23            c.    Settlement Payments:  The Net Settlement Amount ("NSA") shall be calculated

24    by deducting from Defendant's maximum total payment of three-million dollars ($3,000,000) the sums

25    set forth below as the anticipated payments under this Settlement for attorneys' fees and past, present

26    and future costs, service payments to each Class Representative (as set forth in subsection v below), and

27    claims administration costs.  Settlement payments to the Class Members who file valid and timely

28

                                                    6

Joint Stipulation of Settlement and Release Between Plaintiffs,
on Behalf of Themselves and All Others Similarly Situated, and Defendant
Firmwide:81608134.1 022233.2024

1   claims will be calculated by the Claims Administrator and paid out of the NSA as set forth below

2   ("Settlement Payments").

3                    i.    Settlement Payments:   Payments to Class Members will be on a "claims

4   made" basis, i.e., Class Members must submit a valid and timely Class Member Claim Form (described

5   in subsection viii below) in order to participate in the Settlement and be paid from the NSA.  The

6   Settlement Payments to the Class Members will be designated as payments for overtime payments, lost

7   wages and bonuses, and other losses and/or penalties on a claims-made basis related to any and all

8   claims or causes of action, whether known or unknown, which have been or could have been asserted

9   against the Releasees (as defined in paragraph 19 below), or any of them, for, or which relate to, under

10  any federal, state or local law, the allegations made in the Complaints and/or the Coordinated Action,

11  including, but not limited to, the alleged misclassification of a Covered Position, the purported non-

12  payment of wages, alleged unlawful deductions, alleged non-payment of bonuses, wages, penalties, the

13  purported failure to provide uninterrupted meal and/or rest breaks, or other relief requested or which

14  could have been requested in the Complaints and/or the Coordinated Action.  Based on information to

15  be provided by Defendant, the Claims Administrator will calculate the total number of workweeks

16  worked by all Class Members during the Class Period.  The Claims Administrator will then divide this

17  total number of workweeks into the portion of the NSA designated for the payment of claims to the

18  Settlement Class.  Workweeks during which Class Members were in a Covered Position, but on leave of

19  absence or vacation will not be included in workweeks credited to a Class Member. This will yield the

20  amount to be paid to Class Members per workweek worked (i.e., weeks worked, excluding vacation or

21  leaves of absence).  Class Members who file valid and timely claims will be paid Settlement Payments

22  based on the number of workweeks they worked as calculated by the Claims Administrator, who will

23  issue a check to each Class Member who submitted a valid and timely claim in the value of that Class

24  member's claim.  The only funds that will be paid to Class Members are the pro rata share of each Class

25  Member who makes a claim for proceeds.  Ross is not required under this claims made settlement to

26  make any further proceeds available from the NSA.  Ross shall retain all monies not claimed by Class

27  Members that are not awarded as attorneys' fees and/or costs and/or Enhancement Awards (as defined in

28

Joint Stipulation of Settlement and Release Between Plaintiffs,
on Behalf of Themselves and All Others Similarly Situated, and Defendant

Firmwide:81608134.1 022233.2024

1  subsection v below).

2          ii.    Allocation Of Settlement Payments:  In consultation, the Parties have

3  determined that 50% of the Settlement Payments be allocated to penalties and interest claimed by the

4  Settlement Class under the Labor Code while 50% will be considered income and subject to applicable

5  federal and state tax withholdings.  The Claims Administrator shall be responsible for all W-2s, IRS

6  Form 1099-MISCs, notices, mailings, secondary mailings if any, claims administration, and making any

7  and all payments to Class Members in accordance with this Stipulation of Settlement.  Class Members

8  are responsible to pay appropriate taxes due on the Settlement Payments they receive.  **Counsel do not**

9  **purport this communication to constitute legal advice.  To the extent that this Stipulation of**

10  **Settlement, or any of its attachments, is interpreted to contain or constitute advice regarding any**

11  **U.S. Federal or state tax issue, such advice is not intended or written to be used, and cannot be**

12  **used, by any person for the purpose of avoiding penalties under the Internal Revenue Code or its**

13  **state counterpart.**

14          iii.    Settlement Payments Do Not Trigger Additional Benefits:  All Settlement

15  Payments to Class Members shall be deemed to be paid to such Class Members solely in the year in

16  which such payments actually are received by the Class Members.  It is expressly understood and agreed

17  that the receipt of such Settlement Payments will not entitle any Class Member to additional

18  compensation or benefits under any company bonus, contest, or other compensation or benefit plan or

19  agreement in place during the period covered by the Settlement, nor will it entitle any Class Member to

20  any increased retirement, 401K benefits or matching benefits, or deferred compensation benefits.  It is

21  the intent of this Settlement that the Settlement Payments provided for in this Agreement are the sole

22  payments to be made by Defendant to the Class Members, and that the Class Members are not entitled to

23  any new or additional compensation or benefits as a result of having received the Settlement Payments

24  (notwithstanding any contrary language or agreement in any benefit or compensation plan document that

25  might have been in effect during the period covered by this Settlement).

26          iv.    Attorneys' Fees:  Subject to Court approval and/or modification,

27  Defendant further agrees to pay attorneys' fees and past, present and future costs as set forth in

28

Firmwide:81608134.1 022233.2024

1 | Paragraph 15 below.

2 |      v. <u>Class Representative Service Payment</u>: Subject to Court approval, and as

3 | part of Defendant's maximum payment amount (as described in paragraph 13c), Defendant further

4 | agrees to pay each Class Representative a service payment of ten-thousand dollars ($10,000) each in

5 | cash for their service as Class Representatives (the "Enhancement Award"). This payment is in addition

6 | to Plaintiffs' claim share to which each Class Representative is entitled along with other claiming Class

7 | Members. The Claims Administrator will issue an IRS Form-1099 for the service payment to Plaintiffs

8 | for their service as Class Representatives, and the Class Representatives will be responsible for correctly

9 | characterizing these payments for tax purposes and for paying any taxes due on the amounts received.

10 | The Class Representatives agree to pay all taxes due on their respective service payments.

11 |      vi. <u>Claims Administrator</u>: As part of Defendant's maximum payment amount

12 | (as described in paragraph 13c), Defendant further agrees to pay the reasonable costs of the Claims

13 | Administrator associated with the administration of this Settlement. The Claims Administrator will be

14 | mutually agreeable to the Parties. The payment of fees and costs of the Claims Administrator for work

15 | performed is not dependent on the outcome of this Settlement.

16 |      vii. <u>Mailing Of Settlement Payments</u>: The Claims Administrator shall cause

17 | the Settlement Payments to be mailed to the Class Members within approximately 20 calendar days of

18 | the Effective Date, as set forth in Paragraph 13(b).

19 |      viii. <u>Claim Forms</u>: For each Class Member, there will be pre-printed

20 | information on the Claim Form mailed to the Class Member, based on Defendant's records, stating the

21 | dates the Class Member worked in a Covered Position during the Class Period. The pre-printed

22 | information based on Defendant's records shall be presumed to be correct. A Class Member may

23 | challenge the pre-printed information on the Claim Form as to dates worked only if he or she presents

24 | information or documents to the Claims Administrator showing different dates. If there is a dispute, the

25 | Parties' counsel will make a good faith effort to resolve the dispute informally, or, if they cannot agree,

26 | the Claims Administrator will resolve the dispute pursuant to the procedures set forth in Paragraph 13(d)

27 | below. All Claim Forms must be completed in their entirety, and signed, under penalty of perjury, to be

28 |

Joint Stipulation of Settlement and Release Between Plaintiffs,
on Behalf of Themselves and All Others Similarly Situated, and Defendant
Firmwide:81608134.1 022233.2024

1  considered valid.  Defendant shall have no obligation to pay any person, entity or organization beyond

2  (1) the valid and timely claims filed by the Settlement Class; (2) the attorneys' fees and costs approved

3  by the Court; (3) the service payment to the Class Representative approved by the Court; (4) the costs of

4  the Claims Administrator; and (5) any other payments provided by this Settlement.

5        d.    Resolution of Disputes Relating to Length of Time That A Class Member Worked

6  in a Covered Position:  In the event a Class Member disputes the number of workweeks for which he or

7  she is entitled to receive credit under the Settlement, the Claims Administrator shall forward said dispute

8  to Defendant's counsel and Lead Class Counsel, who will seek to resolve the dispute.  Defendant's

9  regularly maintained business records shall be deemed to control in the event of such a dispute.  If a

10  dispute cannot be resolved, notice will be given to the claimant and Lead Class Counsel, and Defendant

11  will present the dispute to the Court at the final approval hearing, or at any other date set by the Court.

12  The Class Member must submit information or documents supporting his or her position to the Claims

13  Administrator at the same time as the Class Member postmarks and mails his or her Claim Form to the

14  Claims Administrator.  Information or documents submitted after the Claim Form is postmarked and

15  mailed will not be considered by the Claims Administrator, unless otherwise agreed to by the parties.

16        e.    Right to Rescission:  If the combined workweeks of all Class Members who opt

17  out of the Settlement Class by submitting valid and timely Request for Exclusion Forms exceed 10% of

18  the total workweeks, Defendant shall have the right in its sole discretion to rescind and void the parties'

19  Settlement at any time prior to final approval by the Court by giving written notice to Lead Class

20  Counsel.

21                  CLAIMS ADMINISTRATION

22      14.    The Parties will choose a mutually agreeable Claims Administrator to perform the

23  customary duties of Claims Administrator.  The Claims Administrator will send out to the Class

24  Members the Notice of Pendency of Class Action and Proposed Settlement, the Claim Form and the

25  Request for Exclusion Form.  The Claims Administrator will independently review the Claim Forms and

26  documentation, based on Defendant's payroll records, as to the length of employment of the Class

27  Members and will calculate the amounts due to Class Members in accordance with this Stipulation of

28

Joint Stipulation of Settlement and Release Between Plaintiffs,
on Behalf of Themselves and All Others Similarly Situated, and Defendant
Firmwide:81608134.1 022233.2024

1   Settlement. The Claims Administrator shall report, in summary or narrative form, the substance of its

2   findings. The Claims Administrator shall be granted reasonable access to Defendant's records in order

3   to perform its duties. Upon receipt of funds from Defendant, the Claims Administrator will issue and

4   send out settlement payments to Class Members in accordance with this Stipulation of Settlement. All

5   disputes relating to the Claims Administrator's performance of its duties shall be referred to the Court, if

6   necessary, which will have continuing jurisdiction over the terms and conditions of this Stipulation of

7   Settlement until all payments and obligations contemplated by this Stipulation of Settlement have been

8   fully carried out.

9                          ATTORNEYS' FEES AND COSTS

10          15.     In consideration for settling this matter and in exchange for the release of all claims by

11  the Settlement Class through the Effective Date, except claims for Sandra Colton's Wrongful

12  Termination Claim and the Luciano Claim, and subject to final approval and/or modification by the

13  Court, Ross agrees not to oppose attorneys' fees and expenses awarded by the Court to all counsel of

14  record in the Coordinated Action up to a maximum of One Million dollars. Lead Class Counsel

15  (Initiative Law Group), as lead counsel in the Coordinated Action, represents and warrants based on its

16  discussions with the remaining Class Counsel that this is good faith estimate of the fees that all

17  Plaintiffs' counsel are entitled to receive in this matter. If any counsel objects to the settlement or fee

18  award in connection with the Court's issuance of an Order of Final Approval and award of attorneys'

19  fees, up to One Million dollars will be placed in an interest bearing escrow account and will be

20  distributed after all appeals have been finally adjudicated. The amount will be held for the benefit of

21  Lead Class Counsel as receiving agent for all Class Counsel. Lead Class Counsel shall be solely

22  responsible for the distribution of Plaintiffs' attorneys' fees, costs and expenses after the Effective Date

23  (as defined in Paragraph 13(b)). The aforementioned payment will constitute full and final and

24  complete payment for Plaintiffs' attorneys' fees and expenses that have been incurred or will be incurred

25  in connection with the prosecution and resolution of the Coordinated Action. Ross shall have no

26  responsibility for the allocation of the fees, costs and expenses distributed among Class Counsel in this

27  litigation. Except as discussed above Ross shall not be liable for any other fees or expenses of Plaintiff,

28

Joint Stipulation of Settlement and Release Between Plaintiffs,
on Behalf of Themselves and All Others Similarly Situated, and Defendant
Firmwide:81608134.1 022233.2024

1  of any present or former, of any Co-Plaintiffs' Counsel in the Coordinated Action of their attorneys,

2  experts, advisors, agents or representatives in connection with the Coordinated Action.  If the Settlement

3  is not finally approved on the terms described herein (that the fees and costs awarded do not exceed One

4  Million dollars), the amounts contributed to the escrow account will be returned to Ross and this

5  Settlement Agreement shall be void.  Ross reserves the right to oppose any other application made to the

6  Court by or on behalf of Plaintiffs, or any of them, for an award of attorneys' fees and/or expenses of

7  any kind that are inconsistent with this Agreement.  Should the Court approve a lesser amount of

8  attorneys' fees and/or costs and expenses, Defendant shall have no obligation to pay to any person,

9  entity or other organization the difference between the lesser amount and the maximum amount of

10  attorneys' fees set forth above.  Absence any voiding of the Settlement Agreement as permitted by the

11  Agreement, attorneys' fees and costs approved by the Court shall be disbursed to Lead Class Counsel

12  within approximately ten business days following the Effective Date (as set forth in Paragraph 13(b)).

13  Defendant will pay the Class Representatives service payments approved by the Court to the Class

14  Representatives within approximately ten business days following the Effective Date (as set forth in

15  Paragraph 13(b)).  In the event the Court does not award the full amount of Class Counsel's fees and

16  costs (up to One-Million dollars) and/or the full amount of the Enhancement Award requested,

17  Defendant will retain the difference between the amounts requested and the amounts awarded by the

18  Court.

19                              NOTICE TO THE CLASS

20        16.    A Notice of Pendency of Class Action, Proposed Settlement and Hearing Date for Court

21  Approval ("Notice of Pendency of Class Action and Proposed Settlement"), subject to Court approval,

22  shall be sent by the Claims Administrator to the Class Members, by first class mail.  Enclosed with the

23  Notice of Pendency of Class Action and Proposed Settlement will be a Claim Form and a Request for

24  Exclusion Form, which are also subject to approval by the Court. Any returned envelopes from this

25  mailing with forwarding addresses will be utilized by the Claims Administrator to forward the Notice,

26  the Claim Form and the Request for Exclusion Form to the Class Members.

27            a.      Within 20 calendar days of the Court's granting of preliminary approval of this

28

                                    12
Joint Stipulation of Settlement and Release Between Plaintiffs,
on Behalf of Themselves and All Others Similarly Situated, and Defendant
Firmwide:81608134.1 022233.2024

1    Settlement, Defendant shall provide to the Claims Administrator a database, which will list for each

2    Class Member the Class Member's name, last known address, dates of employment in a Covered

3    Position during the Class Period, and social security number. Lead Class Counsel agrees to use this data

4    solely for the purposes of effectuating this Settlement and will comply with all state and federal laws

5    that protect the privacy of current and former Ross employees. This database shall be based on

6    Defendant's payroll and other business records and in a format acceptable to the Claims Administrator.

7    Defendant agrees to consult with the Claims Administrator prior to the production date to ensure that the

8    format will be acceptable to the Claims Administrator. The Claims Administrator will run a check of

9    the Class Members' addresses against those on file with the U.S. Postal Service's National Change of

10   Address List; this check will be performed only once per Class Member by the Claims Administrator.

11   Within 15 calendar days after the database is provided to the Claims Administrator, the Claims

12   Administrator will mail the Notice, the Claim Form and the Exclusion Form to the Class Members.

13              b.       Notices and Claim Forms returned to the Claims Administrator as non-delivered

14   during the 60 day period for the filing of claims shall be resent within 7 days to the forwarding address,

15   if any, on the returned envelope. A returned Notice and Claim Form will be forwarded only once per

16   Class Member by the Claims Administrator. If there is no forwarding address, the Claims Administrator

17   may do a computer search for a new address using the Class Member's social security number; this

18   search will be performed only once per Class Member by the Claims Administrator. Upon completion

19   of these steps by the Claims Administrator, Defendant shall be deemed to have satisfied its obligation to

20   provide the Notice of Pendency of Class Action and Settlement to the affected member of the Settlement

21   Class. The affected member of the Settlement Class shall remain a member of the Settlement Class and

22   shall be bound by all the terms of the Stipulation of Settlement and the Court's Order and Final

23   Judgment.

24              c.       Claim Forms must be completed in full and signed in order to be valid. If the

25   Claim Form is not completed in full and signed, the Claims Administrator may send one, but not more

26   than one, deficiency notice to the Class Member advising the Class Member to cure the deficiency. The

27   deficiency notice will give the Class Member 15 calendar days from the date of mailing of the

28

13

Joint Stipulation of Settlement and Release Between Plaintiffs,
on Behalf of Themselves and All Others Similarly Situated, and Defendant
Firmwide:81608134.1 022233.2024

1  deficiency notice to cure the deficiency or until the expiration of the 60 day claim period if the

2  deficiency notice is sent within 15 days of the expiration of the claims period; the corrected Claim Form

3  must be postmarked not later than the fifteenth day after the date of mailing of the deficiency notice or

4  by the expiration of the 60 day claim period if the deficiency notice is sent within 15 days of the

5  expiration of the claims period, or it will be rejected as untimely by the Claims Administrator.

6           d.    Lead Class Counsel shall provide to the Court, at least 5 days prior to the final

7  approval hearing, a declaration by the Claims Administrator of due diligence and proof of mailing with

8  regard to the mailing of the Notice of Pendency of Class Action and Proposed Settlement.

9                                CLAIMS PROCESS

10      17.    Claim Forms will not be honored if postmarked after the 60 day period for the filing of

11  Claims, unless counsel for Defendant and Lead Class Counsel mutually agree to accept such a Claim

12  Form.

13      18.    All original Claim Forms shall be sent directly by Class Members to the Claims

14  Administrator at the address indicated on the Claim Form. The Claims Administrator will be provided

15  specific workweek information by Defendant for all Class Members. The Claims Administrator will

16  certify jointly to Lead Class Counsel and Defendant's Counsel those claims that were timely filed. The

17  Settlement Payments will expire in six months from the date of issuance. Within 30 days after the

18  expiration of the 60 day period for the filing of claims, the Claims Administrator shall provide Plaintiffs

19  and Defendant with a report listing the amount of all payments to be made to each Class Member. Proof

20  of payment will be provided to Lead Class Counsel and Defendants' Counsel. Lead Class Counsel will

21  file proof of payment with the Court.

22                              RELEASE BY THE CLASS

23      19.    Upon the final approval by the Court of this Stipulation of Settlement, and except as to

24  such rights or claims as may be created by this Stipulation of Settlement, the Settlement Class and each

25  member of the Class who has not submitted a valid Request for Exclusion Form, hereby cancel,

26  terminate, abrogate, discharge, waive, fully release and forever discharge Defendant, its present and

27  former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors,

28

14

Joint Stipulation of Settlement and Release Between Plaintiffs,
on Behalf of Themselves and All Others Similarly Situated, and Defendant
Firmwide:81608134.1 022233.2024

1   employees, agents, attorneys, insurers, successors and assigns, and any individual or entity which could

2   be jointly or severally liable with Defendant or any of them (collectively, the "Releasees"), from any and

3   all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages,

4   action or causes of action, whether known or unknown, which have been or could have been asserted

5   against the Releasees, or any of them, for, or which relate to, under any federal, state or local law, the

6   allegations made in the Complaints and/or the Coordinated Action, including, but not limited to, the

7   alleged misclassification of a Covered Position, the purported non payment of wages, alleged unlawful

8   deductions, alleged non-payment of bonuses, wages, penalties, the purported failure to provide

9   uninterrupted meal and/or rest breaks, or other relief requested in the Complaints and/or the Coordinated

10  Action. This release includes, without limitation all claims for restitution and other equitable relief,

11  injunctive relief, liquidated damages, punitive damages, waiting time penalties, reporting time pay,

12  penalties of any nature whatsoever, other compensation or benefits, including 401K benefits or matching

13  benefits, retirement or deferred compensation benefits claimed on account of unpaid overtime,

14  attorneys' fees and costs, and/or claims for conversion or theft of labor, claims for violations of

15  California Labor Code sections 200, 201, 202, 203, 210, 216, 218, 218.6, 221-223, 225, 225.5, 226,

16  226.6, 226.7, 400-410, 510, 512, 515, 558, 1174, 1194, 1198, and/or 3751, section 11070 of title 8 the

17  California Code of Regulations, California Business & Professions Code section 17200, et seq.,

18  California Civil Code sections 1781, 3287, 3294, and/or 3336, California Penal Code sections 484

19  and/or 532, and/or Wage Order 7, any purported breach of the Raygoza Settlement, as well as claims for

20  relief pursuant to California Code of Civil Procedure sections 382, 474, and/or 1021.5, whether known

21  or unknown, from May 10, 2000 up to and including the date of preliminary approval of the Class

22  Settlement, arising from employment by Defendant within California. In addition, the Settlement Class

23  and each member of the Class who has not submitted a valid Request for Exclusion Form forever agrees

24  not to institute or receive any other relief from any other suit, class or collective action, administrative

25  claim or other claim of any sort or nature whatsoever against Defendant, for any period from May 10,

26  2000 up to and including the date of preliminary approval of the Class Settlement, relating to the Claims

27  being settled herein. Specifically exempted from the released claims is the Colton Wrongful

28

Joint Stipulation of Settlement and Release Between Plaintiffs,
on Behalf of Themselves and All Others Similarly Situated, and Defendant
Firmwide:81608134.1 022233.2024

1 | Termination Claim and the Luciano Claim.

2      20.    The Settlement Class and each member of thereof who has not submitted a valid Request

3 for Exclusion Form, expressly waive any right or claim or right to assert hereafter that any claim,

4 demand, obligation, and/or cause of action has, through ignorance, oversight, or error, been omitted

5 from the terms of this Agreement. Specifically the Settlement Class, and each member thereof, waives

6 his or her rights under Section 1542 of the Civil Code, which states:

7
>           A general release does not extend to claims which the creditor does not
8 >           know or suspect to exist in his or her favor at the time of executing the
>           release, which if known by him or her must have materially affected his or
9 >           her settlement with the debtor.

10 The Settlement Class and each member thereof, make this waiver with full knowledge of their rights and

11 with the specific intent to release all known and unknown claims arising on or before the Effective Date

12 of this Settlement, and therefore specifically waive the provisions of any statute in any state of the

13 United States which prevents release of unknown claims. However, notwithstanding the foregoing,

14 nothing in this Agreement shall be construed to waive any right that is not subject to waiver by private

15 agreement, including without limitation, any claims arising under state unemployment insurance or

16 workers compensation laws or California Labor Code section 2802.

17      21.    The Claim Form issued to members of the Settlement Class will state, "My signature

18 constitutes a full and complete release by me of the Defendant and its present and former parent

19 companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees,

20 agents, attorneys, insurers, successors and assigns, and any individual or entity which could be jointly

21 liable with Defendant, or any of them, for all claims known and/or unknown, suspected and/or

22 unsuspected, arising out of or related to the Coordinated Action and Complaints against the Releasees as

23 provided in the Stipulation of Settlement, including all rights and benefits afforded by Section 1542 of

24 the Civil Code of the State of California."

25                    DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

26      22.    The Parties shall promptly submit this Stipulation of Settlement to the San Bernardino

27 County Superior Court in support of Plaintiffs' Motion for Preliminary Approval and determination by

28 the Court as to its fairness, adequacy, and reasonableness. Promptly upon execution of this Stipulation

16
Joint Stipulation of Settlement and Release Between Plaintiffs,
on Behalf of Themselves and All Others Similarly Situated, and Defendant
Firmwide:81608134.1 022233.2024

1    of Settlement, the Plaintiffs shall apply to the Court for the entry of an order substantially in the

2    following form:

3              a.    Scheduling a final approval hearing on the question of whether the proposed

4                    Settlement, including payment of attorneys' fees and costs, and the Class

5                    Representatives' service payments, should be finally approved as fair, reasonable

6                    and adequate as to the members of the Settlement Class;

7              b.    Approving as to form and content the proposed Notice of Pendency of Class

8                    Action and Proposed Settlement;

9              c.    Approving as to form and content the proposed Claim Form;

10             d.    Approving as to form and content the proposed Request for Exclusion Form;

11             e.    Directing the mailing of the Notice of Pendency of Class Action and Proposed

12                   Settlement, the Claim Form and the Request for Exclusion Form by first class

13                   mail to the Class Members;

14             f.    Preliminarily approving the Settlement subject only to the objections of Class

15                   Members and final review by the Court;

16             g.    Preliminarily approving costs of administration; and

17             h.    Enjoining Plaintiffs and all Class Members from filing or prosecuting any claims,

18                   suits or administrative proceedings (including filing claims with the California

19                   Division of Labor Standards Enforcement) regarding claims released by the

20                   Settlement unless and until such Class Members have filed valid Exclusion Forms

21                   with the Claims Administrator and the time for filing claims with the Claims

22                   Administrator has elapsed.

23         DUTIES OF THE PARTIES FOLLOWING PRELIMINARY COURT APPROVAL OF

24                                       SETTLEMENT

25         23.    Prior to the final approval hearing, Lead Class Counsel will prepare and, after review and

26   approval by Defendant, submit to the Court a proposed final order and judgment of dismissal:

27             a.    Approving the Settlement, adjudging the terms thereof to be fair, reasonable and

28

Joint Stipulation of Settlement and Release Between Plaintiffs,
on Behalf of Themselves and All Others Similarly Situated, and Defendant
Firmwide:81608134.1 022233.2024

1         adequate, and directing consummation of its terms and provisions;

2         b.    Approving Lead Class Counsel's application for an award of attorneys' fees and

3              reimbursement of costs, including the claims administrator's fees;

4         c.    Approving the service payments to the Class Representatives; and

5         d.    Dismissing this action on the merits and with prejudice and permanently barring

6              and enjoining all members of the Settlement Class from prosecuting against

7              Defendant, its present or former parent companies, subsidiaries, related or

8              affiliated companies, shareholders, officers, directors, employees, agents,

9              attorneys, insurers, and successors and assigns, and any individual or entity which

10            could be jointly liable with Defendant or any of them, any individual or class or

11            collective claims released herein pursuant to Paragraph 19 above.

12                             PARTIES' AUTHORITY

13      24.    The signatories hereto hereby represent that they are fully authorized to enter into this

14 Stipulation of Settlement and bind the Parties hereto and the Class Members to the terms and conditions

15 thereof.

16                       MUTUAL FULL COOPERATION

17      25.    The Parties agree to fully cooperate with each other to accomplish the terms of this

18 Stipulation of Settlement, including but not limited to, execution of such documents and taking such

19 other action as reasonably may be necessary to implement the terms of this Stipulation of Settlement.

20 The parties to this Stipulation of Settlement shall use their best efforts, including all efforts contemplated

21 by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court,

22 or otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein. As soon as

23 practicable after execution of this Stipulation of Settlement, Lead Class Counsel shall, with the

24 assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's

25 final approval of this Stipulation of Settlement.

26      26.    Defendant and its counsel agree that they will not attempt to discourage Class Members

27 from filing Claim Forms or Exclusion Forms. It is understood that Lead Class Counsel may provide

28

Joint Stipulation of Settlement and Release Between Plaintiffs,
on Behalf of Themselves and All Others Similarly Situated, and Defendant
Firmwide:81608134.1 022233.2024

1  | legal advice and counsel to Class Members who seek such advice from Lead Class Counsel.

2  | NO PRIOR ASSIGNMENTS

3  | 27.    The Parties and their counsel represent, covenant, and warrant that they have not directly

4  | or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any

5  | person or entity any portion of any liability, claim, demand, action, cause of action or rights herein

6  | released and discharged except as set forth herein.

7  | NO ADMISSION

8  | 28.    Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to

9  | be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of

10 | Defendant or any of them.  All parties hereto have entered into this Stipulation of Settlement solely with

11 | the intention to avoid further disputes and litigation with the attendant inconvenience and expense.

12 | ENFORCEMENT ACTIONS

13 | 29.    In the event that one or more parties to this Stipulation of Settlement institutes a legal

14 | action or other proceeding against any other party or parties to enforce the provisions of this Stipulation

15 | of Settlement or to declare rights and/or obligations under this Stipulation of Settlement, the successful

16 | party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys'

17 | fees and costs, including expert witness fees incurred in connection with any enforcement actions.

18 | 
19 | NOTICES

20 | 30.    Unless otherwise specifically provided herein, all notices, demands or other

21 | communications given hereunder shall be in writing and shall be deemed to have been duly given as of

22 | the third business day after mailing by United States registered or certified mail, return receipt

23 | requested, addressed as follows:

24 | To Plaintiff and the Settlement Class:
   | Marc Primo
   | Initiative Legal Group LLP
25 | 1875 Century Park East, Suite 1800
   | Los Angeles, California  90067

26 | 

27 | To Defendant:
   | J. Kevin Lilly

28 | 

19

Joint Stipulation of Settlement and Release Between Plaintiffs,
on Behalf of Themselves and All Others Similarly Situated, and Defendant

Firmwide:81608134.1 022233.2024

Keith A. Jacoby
Steven A. Groode
Littler Mendelson, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067

### CONSTRUCTION

31.    The Parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive, arms-length negotiations between the Parties, and this Stipulation of Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her or its counsel participated in the drafting of this Stipulation of Settlement.

### CAPTIONS AND INTERPRETATIONS

32.    Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any provision hereof.  Each term of this Stipulation of Settlement is contractual and not merely a recital.

### MODIFICATION

33.    This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.  This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

### INTEGRATION CLAUSE

34.    This Stipulation of Settlement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein.  No rights hereunder may be waived except in writing.

### BINDING ON ASSIGNS

35.    This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

Firmwide:81608134.1 022233.2024

| 1 | SIGNATORIES |
| 2 | 36.    It is agreed that because the members of the Class are so numerous, it is impossible or |
| 3 | impractical to have each member of the Class execute this Stipulation of Settlement.  The Notice of |
| 4 | Pendency of Class Action and Proposed Settlement will advise all Class Members of the binding nature |
| 5 | of the release, and the release shall have the same force and effect as if this Stipulation of Settlement |
| 6 | were executed by each member of the Class. |
| 7 | NO MEDIA COMMENT |
| 8 | 37.    Named Plaintiffs and Defendant, and their respective counsel, recognize and accept that |
| 9 | the Parties desire that the terms of this Stipulation, the fact of the settlement embodied in this |
| 10 | Stipulation, the disposition of the Action, and all matters relating to the litigation of the Action, |
| 11 | including discovery and mediation proceedings therein, and evidence obtained during the course of this |
| 12 | Action, shall not be discussed with or presented to the media.  Accordingly, Plaintiffs and Lead Class |
| 13 | Counsel shall not initiate or have any communications at all with the media, other than to direct the |
| 14 | media to the public records of the Settlement on file with the Court.  Except that, Defendant shall have |
| 15 | the right to disclose the Settlement as may be required under federal or state securities laws or under |
| 16 | generally accepted accounting principles. |
| 17 | COUNTERPARTS |
| 18 | 38.    This Stipulation of Settlement may be executed in counterparts, and when each party has |
| 19 | signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, |
| 20 | when taken together with other signed counterparts, shall constitute one Stipulation of Settlement, which |
| 21 | shall be binding upon and effective as to the Parties and each of them. |

**Lead Class Counsel**

Dated: October 26, 2006

INITIATIVE LEGAL GROUP LLP

MARK YABLONOVICH
MARC PRIMO
Attorneys for Plaintiffs

21

Joint Stipulation of Settlement and Release Between Plaintiffs,
on Behalf of Themselves and All Others Similarly Situated, and Defendant
Firmwide:81608134.1 022233.2024

1   **Class Representatives**

2   Dated: October____, 2006                    PLAINTIFF LANCE TAYLOR

3

4                                               _____
                                                LANCE TAYLOR

5
    Dated: October ____, 2006                   PLAINTIFF SANDRA COLTON
6

7

8                                               _____
                                                SANDRA COLTON
9
    Dated: October ____, 2006                   PLAINTIFF NANCY HOLLOWAY
10

11

12                                              _____
                                                NANCY HOLLOWAY
13  Dated: October____, 2006                    PLAINTIFF SEAN FRANCO

14

15                                              _____
                                                SEAN FRANCO

16  **Defendant**

17

18  Dated: October ____, 2006                   DEFENDANT ROSS STORES, INC.

19

20                                              _____
                                                Title: _____

21  **Defendant's Counsel**

22

23  Dated: October ____, 2006                   LITTLER MENDELSON

24

25
                                                _____
26                                              J. KEVIN LILLY
                                                KEITH A. JACOBY
27                                              Attorneys for Defendant ROSS STORES, INC.

28
                                                22
    _____
    Joint Stipulation of Settlement and Release Between Plaintiffs,
    on Behalf of Themselves and All Others Similarly Situated, and Defendant
    Firmwide:81608134.1 022233.2024

**Class Representatives**

Dated: October _____, 2006      PLAINTIFF LANCE TAYLOR

_____
LANCE TAYLOR

Dated: October _____, 2006      PLAINTIFF SANDRA COLTON

_____
SANDRA COLTON

Dated: October _____, 2006      PLAINTIFF NANCY HOLLOWAY

_____
NANCY HOLLOWAY

Dated: October _____, 2006      PLAINTIFF SEAN FRANCO

_____
SEAN FRANCO

**Defendant**

Dated: October **25**, 2006      DEFENDANT ROSS STORES, INC.

_____
Title: GENERAL COUNSEL AND SVP

**Defendant's Counsel**

Dated: October **25**, 2006      LITTLER MENDELSON

_____
J. KEVIN LILLY
KEITH A. JACOBY
Attorneys for Defendant ROSS STORES, INC.

22

Joint Stipulation of Settlement and Release Between Plaintiffs,
on Behalf of Themselves and All Others Similarly Situated, and Defendant
Firmwide:81608134 1 022233 2024

1  | **Class Counsel**

2  | Dated: October ____, 2006              INITIATIVE LEGAL GROUP LLP

3  |

4  |

5  |                                        _____
   |                                        MARK YABLONOVICH
6  |                                        MARC PRIMO
   |                                        Attorneys for Plaintiffs and Lead Counsel
7  |

8  | **Class Representatives**

9  | Dated: October 20, 2006                PLAINTIFF LANCE TAYLOR

10 |

11 |                                        _____
   |                                        LANCE TAYLOR
12 |

13 |

14 | Dated: October ____, 2006              PLAINTIFF SANDRA COLTON

15 |

16 |

17 |                                        _____
   |                                        SANDRA COLTON
18 |

19 | Dated: October ____, 2006              PLAINTIFF NANCY HOLLOWAY

20 |

21 |                                        _____
   |                                        NANCY HOLLOWAY
22 |

23 |

24 | Dated: October ____, 2006              PLAINTIFF SEAN FRANCO

25 |

26 |                                        _____
   |                                        SEAN FRANCO
27 |

28 |
                                                21
                          Joint Stipulation of Settlement and Release Between Plaintiffs,
                  on Behalf of Themselves and All Others Similarly Situated, and Defendant

Firmwide:81234508.5 022238.2034

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is: Initiative Legal Group LLP, 1875 Century Park East, Suite 1800, Los Angeles, California 90067.

On February 20, 2007, I served the within document(s) described below as:

**NOTICE OF PLAINTIFFS' UNOPPOSED MOTION TO GRANT FINAL APPROVAL TO CLASS ACTION SETTLEMENT, AWARD OF CLASS COUNSEL FEES AND COSTS, AND AWARD OF SERVICE PAYMENT TO CLASS REPRESENTATIVES AND ISSUING FINAL JUDGMENT AND DISMISSING CASE WITH PREJUDICE**

**PLAINTIFFS' UNOPPOSED MOTION FOR ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT, AWARD OF CLASS COUNSEL FEES AND COSTS, AND AWARD OF SERVICE PAYMENT TO CLASS REPRESENTATIVES; DECLARATION OF JULIE GREEN**

**DECLARATION OF MARC PRIMO IN SUPPORT OF MOTION FOR ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT, AWARD OF CLASS COUNSEL FEES AND COSTS, AND AWARD OF SERVICE PAYMENT TO CLASS REPRESENTATIVES**

**DECLARATION OF JULIE GREEN WITH RESPECT TO NOTIFICATION, PROOF OF CLAIM FORM PROCESSING, AND REQUEST FOR EXCLUSION**

**COMPENDIUM OF FEDERAL AUTHORITY IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

on the interested parties in this action by placing true copies thereon enclosed in a sealed envelope addressed as follows:

> Keith Jacoby
> LITTLER MENDELSON
> 2049 Century Park East, Fifth Floor
> Los Angeles, California 90067

(X)    **PERSONAL:** I caused such envelope to be delivered by hand to the individuals at the addresses listed.

> Kelly McInerney
> MCINERNEY & JONES
> 18124 Wedge Parkway #503
> Reno, Nevada 89511
> Facsimile: 775-849-3866

> Henry P. Schrenker
> FULLER & SCHRENKER
> 14841 Yorba St. #102
> Tustin, California 92680
> Facsimile: 714-730-1578

## PROOF OF SERVICE

Matthew Righetti
RIGHETTI WYNNE
456 Montgomery St., Suite 1400
San Francisco, California 94104
Facsimile: 415-397-9005

Carroll McCortney, Esq.
Law Offices of Carroll McCortney
P.O. Box 11057
Glendale, CA 91226

(X)    **ELECTRONIC MAIL**
(X)    **PERSONAL:**  I caused such envelope to be delivered by hand to the individuals at the
addresses listed.
(X)    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.

**EXECUTED** this document on February 20, 2007, at Los Angeles, California.

Karen Acio

**EXHIBIT C**

Table C-1.
U.S. District Courts—Civil Cases Commenced, Terminated, and Pending
During the 12-Month Period Ending March 31, 2006

| Circuit and District | Total Civil Cases | | | | U.S. Civil Cases | | | | Private Civil Cases | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 |
| TOTAL | 283,209 | 244,068 | 281,220 | 246,057 | 45,408 | 47,298 | 51,290 | 41,416 | 237,801 | 196,770 | 229,930 | 204,641 |
| DC | 3,308 | 2,566 | 2,598 | 3,276 | 1,818 | 1,427 | 1,355 | 1,890 | 1,490 | 1,139 | 1,243 | 1,386 |
| 1ST | 7,453 | 6,139 | 6,539 | 7,053 | 1,291 | 1,438 | 1,431 | 1,298 | 6,162 | 4,701 | 5,108 | 5,755 |
| ME | 354 | 448 | 509 | 293 | 105 | 140 | 160 | 85 | 249 | 308 | 349 | 208 |
| MA | 3,926 | 3,213 | 3,316 | 3,823 | 593 | 633 | 580 | 646 | 3,333 | 2,580 | 2,736 | 3,177 |
| NH | 470 | 490 | 550 | 410 | 83 | 108 | 121 | 70 | 387 | 382 | 429 | 340 |
| RI | 775 | 580 | 540 | 815 | 109 | 145 | 114 | 140 | 666 | 435 | 426 | 675 |
| PR | 1,928 | 1,408 | 1,624 | 1,712 | 401 | 412 | 456 | 357 | 1,527 | 996 | 1,168 | 1,355 |
| 2ND | 31,830 | 22,422 | 22,080 | 32,172 | 4,159 | 3,489 | 3,660 | 3,988 | 27,671 | 18,933 | 18,420 | 28,184 |
| CT | 2,905 | 2,020 | 2,208 | 2,717 | 321 | 287 | 273 | 335 | 2,584 | 1,733 | 1,935 | 2,382 |
| NY,N | 2,535 | 1,687 | 1,511 | 2,711 | 512 | 419 | 332 | 599 | 2,023 | 1,268 | 1,179 | 2,112 |
| NY,E | 7,542 | 6,126 | 6,203 | 7,465 | 1,409 | 1,051 | 1,278 | 1,182 | 6,133 | 5,075 | 4,925 | 6,283 |
| NY,S | 15,918 | 10,520 | 10,156 | 16,282 | 1,222 | 1,091 | 1,107 | 1,206 | 14,696 | 9,429 | 9,049 | 15,076 |
| NY,W | 2,602 | 1,720 | 1,654 | 2,668 | 603 | 518 | 533 | 588 | 1,999 | 1,202 | 1,121 | 2,080 |
| VT | 328 | 349 | 348 | 329 | 92 | 123 | 137 | 78 | 236 | 226 | 211 | 251 |
| 3RD | 24,515 | 27,444 | 29,653 | 22,306 | 3,246 | 3,657 | 4,099 | 2,804 | 21,269 | 23,787 | 25,554 | 19,502 |
| DE | 1,733 | 1,067 | 1,367 | 1,433 | 148 | 103 | 89 | 162 | 1,585 | 964 | 1,278 | 1,271 |
| NJ | 6,187 | 6,103 | 6,478 | 5,812 | 1,058 | 1,024 | 1,197 | 885 | 5,129 | 5,079 | 5,281 | 4,927 |
| PA,E | 10,635 | 14,439 | 15,604 | 9,470 | 690 | 947 | 1,054 | 583 | 9,945 | 13,492 | 14,550 | 8,887 |
| PA,M | 2,172 | 2,819 | 2,957 | 2,034 | 569 | 877 | 1,000 | 446 | 1,603 | 1,942 | 1,957 | 1,588 |
| PA,W | 2,742 | 2,633 | 2,959 | 2,416 | 618 | 623 | 717 | 524 | 2,124 | 2,010 | 2,242 | 1,892 |
| VI | 1,046 | 383 | 288 | 1,141 | 163 | 83 | 42 | 204 | 883 | 300 | 246 | 937 |
| 4TH | 34,475 | 18,241 | 38,280 | 14,436 | 4,029 | 4,633 | 4,970 | 3,692 | 30,446 | 13,608 | 33,310 | 10,744 |
| MD | 3,062 | 3,532 | 3,652 | 2,942 | 638 | 882 | 875 | 645 | 2,424 | 2,650 | 2,777 | 2,297 |
| NC,E | 1,472 | 1,317 | 1,398 | 1,391 | 534 | 555 | 569 | 520 | 938 | 762 | 829 | 871 |
| NC,M | 1,088 | 1,201 | 1,277 | 1,012 | 325 | 425 | 426 | 324 | 763 | 776 | 851 | 688 |
| NC,W | 1,134 | 1,004 | 1,082 | 1,056 | 240 | 259 | 286 | 213 | 894 | 745 | 796 | 843 |
| SC | 22,504 | 3,768 | 23,072 | 3,200 | 774 | 851 | 920 | 705 | 21,730 | 2,917 | 22,152 | 2,495 |
| VA,E | 2,224 | 3,950 | 4,149 | 2,025 | 313 | 621 | 638 | 296 | 1,911 | 3,329 | 3,511 | 1,729 |
| VA,W | 909 | 1,382 | 1,498 | 793 | 319 | 492 | 561 | 250 | 590 | 890 | 937 | 543 |
| WV,N | 686 | 643 | 609 | 720 | 327 | 238 | 260 | 305 | 359 | 405 | 349 | 415 |
| WV,S | 1,396 | 1,444 | 1,543 | 1,297 | 559 | 310 | 435 | 434 | 837 | 1,134 | 1,108 | 863 |

39

## Table C-1. (March 31, 2006—Continued)

| Circuit and District | Total Civil Cases | | | | U.S. Civil Cases | | | | Private Civil Cases | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 |
| **5TH** | 33,227 | 34,622 | 31,296 | 36,553 | 4,682 | 5,856 | 6,103 | 4,435 | 28,545 | 28,766 | 25,193 | 32,118 |
| LA,E | 3,411 | 7,302 | 2,675 | 8,038 | 273 | 235 | 274 | 234 | 3,138 | 7,067 | 2,401 | 7,804 |
| LA,M | 8,799 | 1,504 | 1,510 | 8,793 | 84 | 80 | 78 | 86 | 8,715 | 1,424 | 1,432 | 8,707 |
| LA,W | 2,510 | 2,351 | 2,579 | 2,282 | 624 | 697 | 740 | 581 | 1,886 | 1,654 | 1,839 | 1,701 |
| MS,N | 1,494 | 1,182 | 1,170 | 1,506 | 113 | 102 | 101 | 114 | 1,381 | 1,080 | 1,069 | 1,392 |
| MS,S | 2,848 | 4,398 | 4,445 | 2,801 | 283 | 171 | 197 | 257 | 2,565 | 4,227 | 4,248 | 2,544 |
| TX,N | 3,581 | 4,577 | 4,761 | 3,397 | 644 | 891 | 893 | 642 | 2,937 | 3,686 | 3,868 | 2,755 |
| TX,E | 2,499 | 2,971 | 3,072 | 2,398 | 527 | 589 | 619 | 497 | 1,972 | 2,382 | 2,453 | 1,901 |
| TX,S | 5,392 | 6,912 | 7,424 | 4,880 | 1,379 | 2,014 | 2,118 | 1,275 | 4,013 | 4,898 | 5,306 | 3,605 |
| TX,W | 2,693 | 3,425 | 3,660 | 2,458 | 755 | 1,077 | 1,083 | 749 | 1,938 | 2,348 | 2,577 | 1,709 |
| **6TH** | 39,599 | 22,556 | 37,672 | 24,483 | 4,032 | 4,545 | 4,801 | 3,776 | 35,567 | 18,011 | 32,871 | 20,707 |
| KY,E | 1,787 | 2,188 | 2,327 | 1,648 | 837 | 1,150 | 1,231 | 756 | 950 | 1,038 | 1,096 | 892 |
| KY,W | 1,382 | 1,510 | 1,506 | 1,386 | 301 | 321 | 343 | 279 | 1,081 | 1,189 | 1,163 | 1,107 |
| MI,E | 19,397 | 5,642 | 20,101 | 4,938 | 748 | 1,013 | 1,069 | 692 | 18,649 | 4,629 | 19,032 | 4,246 |
| MI,W | 1,245 | 1,537 | 1,561 | 1,221 | 207 | 234 | 287 | 174 | 1,038 | 1,303 | 1,294 | 1,047 |
| OH,N | 7,757 | 5,176 | 4,805 | 8,128 | 407 | 599 | 542 | 464 | 7,350 | 4,577 | 4,263 | 7,664 |
| OH,S | 3,231 | 2,402 | 2,753 | 2,880 | 564 | 483 | 507 | 540 | 2,667 | 1,919 | 2,246 | 2,340 |
| TN,E | 1,817 | 1,334 | 1,661 | 1,490 | 385 | 270 | 371 | 284 | 1,432 | 1,064 | 1,290 | 1,206 |
| TN,M | 1,423 | 1,446 | 1,646 | 1,223 | 270 | 233 | 253 | 250 | 1,153 | 1,213 | 1,393 | 973 |
| TN,W | 1,560 | 1,321 | 1,312 | 1,569 | 313 | 242 | 218 | 337 | 1,247 | 1,079 | 1,094 | 1,232 |
| **7TH** | 14,940 | 16,811 | 17,044 | 14,707 | 2,128 | 2,659 | 2,752 | 2,035 | 12,812 | 14,152 | 14,292 | 12,672 |
| IL,N | 6,785 | 7,608 | 7,739 | 6,654 | 902 | 1,008 | 1,032 | 878 | 5,883 | 6,600 | 6,707 | 5,776 |
| IL,C | 992 | 1,076 | 1,093 | 975 | 138 | 232 | 196 | 174 | 854 | 844 | 897 | 801 |
| IL,S | 1,243 | 1,254 | 1,185 | 1,312 | 291 | 246 | 287 | 250 | 952 | 1,008 | 898 | 1,062 |
| IN,N | 1,676 | 1,885 | 1,941 | 1,620 | 214 | 288 | 313 | 189 | 1,462 | 1,597 | 1,628 | 1,431 |
| IN,S | 2,619 | 2,802 | 2,938 | 2,483 | 340 | 528 | 528 | 340 | 2,279 | 2,274 | 2,410 | 2,143 |
| WI,E | 1,344 | 1,428 | 1,358 | 1,414 | 181 | 192 | 226 | 147 | 1,163 | 1,236 | 1,132 | 1,267 |
| WI,W | 281 | 758 | 790 | 249 | 62 | 165 | 170 | 57 | 219 | 593 | 620 | 192 |
| **8TH** | 18,646 | 15,982 | 16,189 | 18,439 | 3,053 | 3,454 | 3,836 | 2,671 | 15,593 | 12,528 | 12,353 | 15,768 |
| AR,E | 3,515 | 2,954 | 2,508 | 3,961 | 562 | 626 | 722 | 466 | 2,953 | 2,328 | 1,786 | 3,495 |
| AR,W | 900 | 753 | 991 | 662 | 369 | 252 | 393 | 228 | 531 | 501 | 598 | 434 |
| IA,N | 599 | 569 | 598 | 570 | 224 | 229 | 217 | 236 | 375 | 340 | 381 | 334 |
| IA,S | 973 | 868 | 1,001 | 840 | 236 | 276 | 304 | 208 | 737 | 592 | 697 | 632 |
| MN | 7,288 | 3,676 | 4,122 | 6,842 | 279 | 376 | 361 | 294 | 7,009 | 3,300 | 3,761 | 6,548 |
| MO,E | 1,960 | 2,810 | 2,598 | 2,172 | 370 | 466 | 462 | 374 | 1,590 | 2,344 | 2,136 | 1,798 |
| MO,W | 1,923 | 2,597 | 2,682 | 1,838 | 629 | 740 | 838 | 531 | 1,294 | 1,857 | 1,844 | 1,307 |
| NE | 809 | 1,109 | 990 | 928 | 167 | 267 | 275 | 159 | 642 | 842 | 715 | 769 |
| ND | 249 | 230 | 239 | 240 | 81 | 89 | 97 | 73 | 168 | 141 | 142 | 167 |
| SD | 430 | 416 | 460 | 386 | 136 | 133 | 167 | 102 | 294 | 283 | 293 | 284 |

## Table C-1. (March 31, 2006—Continued)

| Circuit and District | Total Civil Cases | | | | U.S. Civil Cases | | | | Private Civil Cases | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 |
| **9TH** | 41,732 | 41,030 | 40,977 | 41,785 | 8,701 | 8,581 | 9,479 | 7,803 | 33,031 | 32,449 | 31,498 | 33,982 |
| AK | 373 | 367 | 338 | 402 | 154 | 121 | 129 | 146 | 219 | 246 | 209 | 256 |
| AZ | 4,292 | 5,006 | 4,343 | 4,955 | 868 | 866 | 930 | 804 | 3,424 | 4,140 | 3,413 | 4,151 |
| CA,N | 6,051 | 6,624 | 5,997 | 6,678 | 779 | 799 | 860 | 718 | 5,272 | 5,825 | 5,137 | 5,960 |
| CA,E | 5,465 | 4,197 | 3,897 | 5,765 | 1,069 | 748 | 804 | 1,013 | 4,396 | 3,449 | 3,093 | 4,752 |
| CA,C | 11,594 | 11,585 | 12,530 | 10,649 | 2,802 | 2,931 | 3,326 | 2,407 | 8,792 | 8,654 | 9,204 | 8,242 |
| CA,S | 2,017 | 2,646 | 2,668 | 1,995 | 554 | 582 | 712 | 424 | 1,463 | 2,064 | 1,956 | 1,571 |
| HI | 755 | 785 | 767 | 773 | 138 | 143 | 152 | 129 | 617 | 642 | 615 | 644 |
| ID | 692 | 567 | 582 | 677 | 178 | 138 | 146 | 170 | 514 | 429 | 436 | 507 |
| MT | 836 | 630 | 591 | 875 | 224 | 189 | 161 | 252 | 612 | 441 | 430 | 623 |
| NV | 2,464 | 2,232 | 2,149 | 2,547 | 351 | 312 | 318 | 345 | 2,113 | 1,920 | 1,831 | 2,202 |
| OR | 2,457 | 2,572 | 2,611 | 2,418 | 752 | 793 | 803 | 742 | 1,705 | 1,779 | 1,808 | 1,676 |
| WA,E | 635 | 736 | 777 | 594 | 243 | 291 | 341 | 193 | 392 | 445 | 436 | 401 |
| WA,W | 3,968 | 2,997 | 3,613 | 3,352 | 543 | 638 | 746 | 435 | 3,425 | 2,359 | 2,867 | 2,917 |
| GUAM | 81 | 39 | 80 | 40 | 37 | 18 | 41 | 14 | 44 | 21 | 39 | 26 |
| NMI | 52 | 47 | 34 | 65 | 9 | 12 | 10 | 11 | 43 | 35 | 24 | 54 |
| **10TH** | 9,847 | 10,089 | 10,812 | 9,124 | 2,297 | 2,396 | 2,598 | 2,095 | 7,550 | 7,693 | 8,214 | 7,029 |
| CO | 2,281 | 2,766 | 2,887 | 2,160 | 378 | 396 | 439 | 335 | 1,903 | 2,370 | 2,448 | 1,825 |
| KS | 1,535 | 1,537 | 1,598 | 1,474 | 359 | 457 | 451 | 365 | 1,176 | 1,080 | 1,147 | 1,109 |
| NM | 1,353 | 1,300 | 1,439 | 1,214 | 388 | 394 | 452 | 310 | 985 | 906 | 987 | 904 |
| OK,N | 1,036 | 779 | 929 | 886 | 221 | 170 | 216 | 175 | 815 | 609 | 713 | 711 |
| OK,E | 530 | 541 | 567 | 504 | 176 | 224 | 177 | 223 | 354 | 317 | 390 | 281 |
| OK,W | 1,294 | 1,576 | 1,713 | 1,157 | 336 | 350 | 424 | 262 | 958 | 1,226 | 1,289 | 895 |
| UT | 1,449 | 1,275 | 1,346 | 1,378 | 344 | 338 | 351 | 331 | 1,105 | 937 | 995 | 1,047 |
| WY | 369 | 315 | 333 | 351 | 115 | 67 | 88 | 94 | 254 | 248 | 245 | 257 |
| **11TH** | 23,637 | 26,166 | 28,080 | 21,723 | 5,972 | 5,163 | 6,206 | 4,929 | 17,665 | 21,003 | 21,874 | 16,794 |
| AL,N | 2,965 | 2,766 | 3,186 | 2,545 | 536 | 535 | 521 | 550 | 2,429 | 2,231 | 2,665 | 1,995 |
| AL,M | 1,227 | 1,274 | 1,244 | 1,257 | 226 | 197 | 191 | 232 | 1,001 | 1,077 | 1,053 | 1,025 |
| AL,S | 712 | 772 | 778 | 706 | 177 | 161 | 170 | 168 | 535 | 611 | 608 | 538 |
| FL,N | 1,305 | 1,498 | 1,540 | 1,263 | 422 | 388 | 443 | 347 | 883 | 1,130 | 1,097 | 916 |
| FL,M | 5,352 | 6,692 | 6,796 | 5,248 | 1,394 | 1,412 | 1,666 | 1,140 | 3,958 | 5,280 | 5,130 | 4,108 |
| FL,S | 6,397 | 6,829 | 7,528 | 5,698 | 2,200 | 1,378 | 1,934 | 1,644 | 4,197 | 5,451 | 5,594 | 4,054 |
| GA,N | 3,681 | 3,984 | 4,615 | 3,050 | 605 | 632 | 743 | 494 | 3,076 | 3,352 | 3,872 | 2,556 |
| GA,M | 1,034 | 1,194 | 1,168 | 1,060 | 233 | 288 | 295 | 226 | 801 | 906 | 873 | 834 |
| GA,S | 964 | 1,157 | 1,225 | 896 | 179 | 192 | 243 | 128 | 785 | 965 | 982 | 768 |

**EXHIBIT D**





# District Court Judicial Officers

**Sharon L. Blackburn**, Chief United States District Judge

**U. W. Clemon**, United States District Judge
**C. Lynwood Smith, Jr.**, United States District Judge
**Inge P. Johnson**, United States District Judge
**Karon O. Bowdre**, United States District Judge
**L. Scott Coogler**, United States District Judge
**R. David Proctor**, United States District Judge
**Virginia Emerson Hopkins**, United States District Judge

**James H. Hancock**, Senior United States District Judge
**J. Foy Guin, Jr.**, Senior United States District Judge
**Robert B. Propst**, Senior United States District Judge
**William M. Acker, Jr.**, Senior United States District Judge

**Paul W. Greene**, Chief United States Magistrate Judge
**T. Michael Putnam**, United States Magistrate Judge
**Robert R. Armstrong, Jr.**, United States Magistrate Judge
**Harwell G. Davis, III**, United States Magistrate Judge
**John E. Ott**, United States Magistrate Judge

**Sharon Harris, Clerk of Court**

**EXHIBIT E**



Local Rules
General Orders

## Judge Information

| PG UP | PG DOWN | COLLAPSE | EXPAND | HOME |
|---|---|---|---|---|

| Judge ▲ | Initials ▲ |
|---|---|
| Alsup, Judge William | WHA |
| Armstrong, Judge Saundra B. | SBA |
| Brazil, Magistrate Judge Wayne D. | WDB |
| Breyer, Judge Charles R. | CRB |
| Chen, Magistrate Judge Edward M. | EMC |
| Chesney, Judge Maxine M. | MMC |
| Conti, Senior Judge Samuel | SC |
| Fogel, Judge Jeremy | JF |
| Hamilton, Judge Phyllis J. | PJH |
| Henderson, Senior Judge Thelton E. | TEH |
| Illston, Judge Susan | SI |
| James, Magistrate Judge Maria-Elena | MEJ |
| Jenkins, Judge Martin J. | MJJ |
| Jensen, Senior Judge D. Lowell | DLJ |
| Schwarzer, Senior Judge William W | WWS |
| Laporte, Magistrate Judge Elizabeth D. | EDL |
| Larson, Chief Magistrate Judge James | JL |
| Lloyd, Magistrate Judge Howard R. | HRL |
| Patel, Judge Marilyn Hall | MHP |
| Seeborg, Magistrate Judge Richard | RS |
| Spero, Magistrate Judge Joseph C. | JCS |
| Trumbull, Magistrate Judge Patricia V. | PVT |
| Vadas, Magistrate Judge Nandor J. | NJV |
| Chief Judge Vaughn R. Walker | VRW |
| Ware, Judge James | JW |
| White, Judge Jeffrey S. | JSW |
| Whyte, Judge Ronald M. | RMW |
| Wilken, Judge Claudia | CW |
| Zimmerman, Magistrate Judge Bernard | BZ |

*Found 29 items.*

| PG UP | PG DOWN | COLLAPSE | EXPAND | HOME |
|---|---|---|---|---|