HENRY D. LEDERMAN, Bar No. 079498
LISA C. CHAGALA, Bar No. 217883
LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
Telephone: 925.932.2468
Facsimile: 925.946.9809
E-mail: hlederman@littler.com
E-mail: lchagala@littler.com

Attorneys for Defendants
ROSS STORES, INC.; ROSS DRESS FOR LESS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORESSA LOCKETTE; an individual; individually and on behalf of all other similarly situated current and former employees,<br><br>Plaintiff,<br><br>v.<br><br>ROSS STORES, INC., a Delaware Corporation, ROSS DRESS FOR LESS, INC., a Virginia Corporation, and DOES 1-100,<br><br>Defendants. | Case No. CV 03430 MMC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO CHANGE VENUE PURSUANT TO 28 U.S.C. §1404(a)**<br><br>Date: September 7, 2007<br>Time: 9:00 a.m.<br>Courtroom: 7<br>Judge: Hon. Maxine M. Chesney<br>Complaint filed: June 29, 2007<br>Trial Date: None set |

Defendants Ross Stores, Inc. and Ross Dress For Less, Inc.'s ("Defendants") Motion To Change Venue Pursuant To 28 U.S.C. §1404(a) came on regularly for hearing before this Court on September 7, 2007. After consideration of the briefs and arguments of counsel, and all other matters presented to the Court:

The Court hereby GRANTS Defendants' Motion To Change Venue from the Northern District of California to the Northern District of Alabama. 28 U.S.C. §1404(a). Plaintiff could have brought this action in the Northern District of Alabama. The Northern District of

[PROPOSED] ORDER GRANTING DEFS'
MOTION TO CHANGE VENUE (NO. CV
03430 MMC)

Alabama has subject matter jurisdiction by virtue of the federal question asserted under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* 28 U.S.C. §1331. Defendants would have been subject to personal jurisdiction and venue would have been proper in the Northern District of Alabama. *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945); 28 U.S.C. §1391(b)(2). The Northern District of Alabama is a more convenient forum for the witnesses, because witnesses with knowledge of key facts about Plaintiff's claims likely are located in Alabama. California's interest in this case is diminished, due to the settlement of the California *Taylor* action (*Taylor v. Ross Stores, Inc.,* Superior Court Of The State Of California, County of San Bernardino, Case No. RCV 065453) and the reclassification to non-exempt of assistant managers who work in California. Moreover, transfer to the Northern District of Alabama also would promote the interests of justice because the Northern District of Alabama has less civil docket congestion than the Northern District of California and the importance of state law arbitration issues in this case. *See e.g. Ingle v. Circuit City Stores, Inc.,* 328 F.3d 1165, 1170 (9th Cir. 2003) *cert. denied* 540 U.S. 1160 (2004); *Kasey v. Molybdenum Corp. of America,* 408 F.2d 16, 20 (9th Cir. 1969); *Continental Grain Co. v. Dant & Russell,* 118 F.2d 967, 968-969 (9th Cir. 1941). Further, if this case were to be arbitrated, arbitration in the Northern District of Alabama would be more convenient for the parties and witnesses. 9 U.S.C. § 4. Plaintiff's choice of forum is entitled to little weight, because she does not allege that she resides in the Northern District of California and seeks to represent a nationwide class. *New Image, Inc. v. Travelers Indem. Co.,* 536 F.Supp. 58, 59 (E.D. Pa. 1981); *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987) *cert. denied* 485 U.S. 993 (1988).

IT IS SO ORDERED.

Dated: _____

_____
HON. MAXINE M. CHESNEY

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

[PROPOSED] ORDER GRANTING DEFS' MOTION TO CHANGE VENUE (NO. CV 03430 MMC)    2.