BRIAN S. KABATECK, SBN 152054
(bsk@kbklawyers.com)
RICHARD L. KELLNER, SBN 171416
(rlk@kbklawyers.com)
M. MARK YENIKOMSHIAN, SBN 22755
mmy@kbklawyers.com)
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, California 90071
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

SHAWN KHORRAMI, ESQ., SBN 180411
(skhorrami@khorrami.com)
DYLAN POLLARD, ESQ., SBN 180306
(dpollard@khorrami.com)
KHORRAMI POLLARD & ABIR
444 S. Flower St., 33rd Floor
Los Angeles, CA 90071
Telephone: (213) 596-6000
Facsimile: (213) 596-6010

Counsel for Plaintiff, Toressa Lockette

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

TORESSA LOCKETTE; an individual; individually and on behalf of all other similarly situated current and former employees,

Plaintiff,

vs.

ROSS STORES, INC., a Delaware Corporation, ROSS DRESS FOR LESS, INC., a Virginia Corporation, and DOES 1-100,

Defendants.

Case No.: CV 03430 MMC

**COLLECTIVE ACTION (Pursuant to** 29 U.S.C. § 216(b))

**PLAINTIFF'S REQUEST FOR AN ORDER SETTING ASIDE THE COURT'S AUGUST 22, 2007 ORDER VACATING THE SEPTEMBER 7, 2007 HEARING; DECLARATIONS OF RICHARD L. KELLNER AND IRMA DELEON IN SUPPORT THEREOF**

**[F.R.C.P. 60]**

Before: Hon. Maxine M. Chesney

Complaint Filed: June 29, 2007
Trial Date: None

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, CA 90017
(213) 217 - 5000
FAX (213) 217 - 5010

## I. INTRODUCTION

Plaintiff TORESSA LOCKETTE respectfully requests that this Court set aside its August 22, 2007 Order Vacating the September 7, 2007 Hearing pursuant to F.R.C.P. 60(b). Good cause exists for Plaintiff's application.

On August 17, 2007, Plaintiff's counsel finally prepared, served and believed that it had electronically timely filed opposition papers to the motion to dismiss and to transfer venue that had been filed by defendant ROSS STORES, INC. and ROSS DRESS FOR LESS, INC. ("Defendants"). Unbeknownst to Plaintiffs' counsel, even though a secretary from Plaintiff's office had gone through the proper procedures for electronically filing the opposition papers, for some unexplained reason, the electronic filing was not processed. Significantly, on the same day, Plaintiff's counsel served its papers on opposing counsel via overnight delivery.

Thus, there can be no dispute that the opposition was fully and finally prepared on the date in which the day the electronic filing was made, but not processed. Equally significant, Defendant was in no way prejudiced by the electronic glitch since Plaintiff's counsel took the extra precautionary measure of providing a courtesy copy of the opposition by overnight mail.

Electronic filing is an extremely beneficial development in the evolution of the judicial process. However, sometimes there are electronic glitches that need to be corrected by people. This is such a situation.

In good faith, as soon as Plaintiff's counsel received this Court's Order that the opposition had not been received (and that the September 7, 2007 hearing date had been vacated), Plaintiff immediately re-filed the opposition papers and contacted the Court to inform it of this electronic glitch.

Based on the foregoing, Plaintiff respectfully requests that this Court deem its opposition papers timely filed and that the Court reschedule September 7, 2007

as a hearing date for Defendants' motions to such date as this Court deems just and proper.

## II. STATEMENT OF FACTS

On July 31, 2007, Defendants filed two motions, scheduled for hearing on September 7, 2007: 1) Motion to Change Venue; and 2) Motion to Dismiss. Plaintiff's opposition papers were due no later than August 17, 2007.

On August 17, 2007, Plaintiff's counsel's secretary, Irma Deleon, contacted the Electronic Filing Help Desk for assistance in filing the opposition papers, as it was her first use of the electronic filing system in the Northern District of California. Ms. Deleon contacted the Help Desk several times throughout the day and obtained the appropriate password. (Declaration of Irma DeLeon, ¶2.)

At approximately 4:00 p.m. on the same day, Ms. Deleon used the electronic filing system to file the following papers with this Court: 1) Opposition to Motion to Change Venue; 2) Declaration of Richard L. Kellner in Support of Motion to Change Venue; and 3) First Amended Complaint. At that time, Ms. Deleon believed that the papers had been appropriately filed, and notified the filing status to Plaintiff's counsel. (DeLeon Decl., ¶3.) Ms. Deleon also provided a courtesy copy of these papers via overnight delivery to opposing counsel, as was Plaintiff's counsel's custom and practice. (DeLeon Decl., ¶4.)

On August 23, 2007, Plaintiff's counsel received this Court's August 22, 2007 Order Vacating the September 7, 2007 Hearing for failure to file opposing papers. This was the first moment that Plaintiff's counsel found out that the papers had not been received by this Court via the electronic filing system. (Declaration of Richard L. Kellner, ¶2.)

On the same day at approximately 10:30 a.m., Ms. Deleon contacted the Electronic Filing Help Desk again. Ms. Deleon immediately re-filed the opposing papers through the electronic filing system. (DeLeon Decl., ¶5.)

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, CA 90017
(213) 217 - 5000
FAX (213) 217 - 5010

On the same day at approximately 11:00 a.m. and 3:00 p.m., in an attempt to inform the Court of his inadvertent mistake, Plaintiff's counsel called the court clerk, Alfred Amistoso, and left two voicemail messages. (Kellner Decl., ¶3.)

On August 24, 2007, Plaintiff's counsel contacted Defendant's counsel, Lisa Chagala. Plaintiff's counsel explained the electronic glitch and Ms. Chagala stated that Defendant would not be opposed to this Motion. (Kellner Decl., ¶4.)

## III. ARGUMENT

Under Federal Rule of Civil Procedure 60(b)(1), a district court may grant relief from a judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect." On the facts submitted above, Plaintiff requests that this Court deem the "failure" to file the opposing papers based upon mistake, inadvertence, and excusable neglect.

As stated above, on August 17, 2007, Plaintiff's counsel's office believed that its papers -- 1) Opposition to Motion to Change Venue; 2) Declaration of Richard L. Kellner in Support of Motion to Change Venue; and 3) First Amended Complaint -- had been filed via the electronic filing system. (DeLeon Decl., ¶3.) This was the first time that Ms. Deleon, who was filing the papers, had used the electronic filing system in the Northern District of California in this case. (DeLeon Decl., ¶2.) As is the firm's custom and practice, Plaintiff's counsel also provided a courtesy copy of the papers to defense counsel by overnight delivery, despite the fact that counsel could rely solely upon the electronic filing for service of process. [DeLeon Decl., ¶4; Exh. "A" (Copy of Overnight Delivery Papers to opposing counsel).]

On August 23, 2007, Plaintiff's counsel received this Court's August 22, 2007 Order Vacating the September 7, 2007 Hearing for the failure to file the opposing papers. This was the first time that Plaintiff's counsel learned that the papers had not been received by this Court via the electronic filing system on

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, CA 90017
(213) 217 - 5000
FAX (213) 217 - 5010

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, CA 90017
(213) 217 - 5000
FAX (213) 217 - 5010

August 17, 2007. [Kellner Decl., ¶2; Exh. "B" (Copy of this Court's August 22, 2007 Order).]

Upon learning of the Court's August 22, 2007 Order, Ms. Deleon contacted the Electronic Filing Help Desk again and immediately re-filed its papers at approximately 10:30 a.m. (DeLeon Decl., ¶5.) Plaintiff's counsel also attempted to contact the court clerk in an attempt to inform the Court of this mistake at approximately 11:00 a.m. and 3:00 p.m. (Kellner Decl., ¶3.)

Needless to say, Defendant has not been prejudiced by this electronic glitch because Defendant had received a courtesy copy of the opposition papers via overnight mail.

Therefore, Plaintiff respectfully requests that this Court find that mistake, inadvertence, and excusable neglect under 60(b)(1), or some other characterization of the above facts under 60(b)(6), constitute grounds for setting aside its August 22, 2007 Order Vacating the September 7, 2007 Hearing.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court deem its papers filed and that it reschedule September 7, 2007 hearing date to such date as this Court deems just and proper.

Dated: August 27, 2007

KABATECK BROWN KELLNER LLP

By: ______________________________
RICHARD L. KELLNER, ESQ.
Attorneys for Plaintiffs

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 644 South Figueroa Street, Los Angeles, CA 90017.

On **August 27, 2007**, I served the foregoing document described as **PLAINTIFF'S REQUEST FOR AN ORDER SETTING ASIDE THE COURT'S AUGUST 22, 2007 ORDER VACATING THE SEPTEMBER 7, 2007 HEARING; DECLARATIONS OF RICHARD L. KELLNER AND IRMA DELEON IN SUPPORT THEREOF** on interested parties in this action:

Henry Lederman
Littler Mendelson
1255 Treat Blvd Ste 600
Walnut Creek, CA 94597

[ ] **VIA U.S. MAIL** - I deposited such envelope(s) with the United States Postal Service, enclosed in a sealed envelope, for collection and mailing with the United States Postal Service where it would be deposited for first class delivery, postage fully prepared, in the United States Postal Service that same day in the ordinary course of business. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.

[X] **VIA OVERNIGHT EXPRESS** – I am readily familiar with the firm's practice of collection and processing for overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by Overnight Express, or delivered to an authorized courier or driver authorized by Overnight Express to receive documents, in an envelope or package designated by Overnight Express with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence addressed as follows:

Executed on **August 27, 2007** at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

IRMA DELEON