1  BRIAN S. KABATECK, SBN 152054
   (bsk@kbklawyers.com)
2  RICHARD L. KELLNER, SBN 171416
   (rlk@kbklawyers.com)
3  M. MARK YENIKOMSHIAN, SBN 22755
   mmy@kbklawyers.com)
4  KABATECK BROWN KELLNER LLP
   644 South Figueroa Street
5  Los Angeles, California 90071
   Telephone:  (213) 217-5000
6  Facsimile:  (213) 217-5010

7  SHAWN KHORRAMI, ESQ., SBN 180411
   (skhorrami@khorrami.com)
8  DYLAN POLLARD, ESQ., SBN 180306
   (dpollard@khorrami.com)
9  KHORRAMI POLLARD & ABIR
   444 S. Flower St., 33rd Floor
10 Los Angeles, CA  90071
   Telephone: (213) 596-6000
11 Facsimile: (213) 596-6010

12

13

14           **UNITED STATES DISTRICT COURT**
   **NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**
15

16 TORESSA  LOCKETTE; an individual;)   Case No.: CV 03430 MMC
17 individually and on behalf of all other )
   similarly situated current and former )   **COLLECTIVE ACTION (Pursuant**
18 employees,                            )   **to** 29 U.S.C. § 216(b))
                                          )
19                                        )   **FIRST AMENDED COMPLAINT**
20            Plaintiff,                  )   **FOR DAMAGES BASED ON:**
                                          )
21        vs.                             )      1.  **FAILURE TO PAY**
                                          )          **OVERTIME**
22                                        )          **COMPENSATION;**
   ROSS STORES, INC.,  a Delaware        )
23 Corporation,  ROSS DRESS FOR          )   **DEMAND FOR JURY TRIAL**
   LESS, INC., a Virginia Corporation,   )
24 and DOES 1-100,                        )   **Before:  Hon. Maxine M. Chesney**
                                          )
25                                        )
            Defendants.                   )
26                                        )
                                          )
27 ─────────────────────────────────────)

28

                                    1
                      **FIRST AMENDED COMPLAINT**

1    Plaintiff TORESSA LOCKETTE, individually, and on behalf of all other

2  similarly situated current and former assistant manager employees of Defendants

3  ROSS STORES, INC. and ROSS DRESS FOR LESS, INC. ("Defendants")

4  throughout the United States, hereby alleges as follows:

5                    **PRELIMINARY STATEMENT**

6    1.    Plaintiff brings this collective action, pursuant to 29 U.S.C. § 216(b),

7  on behalf of assistant managers employed and formerly employed at Defendants'

8  stores, against Defendants, and each of them (hereinafter collectively referred to as

9  "Defendants"), to recover, among other things: unpaid overtime wages, and

10  remedies for violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.,

11  including interest, liquidated damages, attorneys' fees, and costs of suit.  Plaintiff

12  reserves the right to name additional class representatives.

13                    **JURISDICTION AND VENUE**

14    2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as

15  the claims asserted herein are predicated upon federal statute.  Moreover, this court

16  has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a) (1) and (c)(1),

17  because all of the parties are citizens of different states, and the amount in

18  controversy exceeds $75,000.00.

19    3.    Venue is proper pursuant to 28 U.S.C. § 1391 (a-c), because the

20  named Defendants have their corporate headquarters, do have and continue to

21  transact, conduct, direct business, and/or have offices within this Judicial District.

22                          **PARTIES**

23    4.    Plaintiff TORESSA LOCKETTE, and others similarly situated,

24  including all current and former employees throughout  the United States,

25  (hereinafter collectively referred to as "Plaintiffs") of Defendants ROSS STORES,

26  INC. and ROSS DRESS FOR LESS, INC (collectively "DEFENDANTS"), bring

27  this collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and

28

*Kabateck Brown Kellner LLP*
*644 South Figueroa Street*
*Los Angeles, CA 90017*
*(213) 217-5000*
*FAX (213) 217-5010*

— 2 —
**FIRST AMENDED COMPLAINT**

1     other current and former assistant manager employees of DEFENDANTS, who

2     are similarly situated, to recover, among other things: unpaid overtime wages and

3     penalties, interest, attorney's fees, costs and expenses.

4         5.     Plaintiffs are informed and believe, and based thereon allege that

5     Defendant ROSS STORE'S, INC., is a corporation, holding company, or other

6     business entity, organized and existing under the laws of the State of Delaware,

7     which is authorized to do business throughout the United States, and its corporate

8     headquarters from which it directs its operations and conducts its business, is

9     located in Pleasanton, County of Alameda, State of California.

10        6.     Plaintiffs are informed and believe, and based thereon allege that

11     Defendant ROSS DRESS FOR LESS, INC., is a corporation organized and

12     existing under the laws of the State of Virginia, which is authorized to do business

13     throughout the United States, and is a subsidiary or other business entity, owned

14     and operated by co-Defendant ROSS STORES, INC.

15        7.     Defendant ROSS STORES, INC., maintains various discount or off-

16     price retail apparel and home accessory stores, in the form of subsidiaries,

17     divisions, or other business entities, known as ROSS DRESS FOR LESS, INC.,

18     and employ persons, and engages in illegal payroll practices and policies, in the

19     operation of its subsidiaries, divisions, or other business entities, in the states of

20     Alabama, Arizona, California, Colorado, Delaware, Florida, Georgia, Hawaii,

21     Idaho, Louisiana, Maryland, Mississippi, Montana, Nevada, New Jersey, New

22     Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina,

23     Tennessee, Texas, Utah, Virginia, Washington, and Wyoming.

24        8.     Plaintiffs are informed and believe, and based thereon allege that all

25     of the business practices, policies, operations, and procedures, including any and

26     all activities used and conducted by Defendant subsidiary ROSS DRESS FOR

27

28

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, CA 90017
(213) 217 - 5000
FAX (213) 217 - 5010

— 3 —

**FIRST AMENDED COMPLAINT**

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, CA 90017
(213) 217 - 5000
FAX (213) 217 - 5010

LESS, INC., are ratified, approved, enforced, directed, and authorized by Defendant ROSS, STORES, INC.

9.      Plaintiff is informed and believes and thereupon alleges that, at all times herein mentioned, Defendants are corporations regularly employing 100 or more persons.

10.     The true names and capacities, whether corporate, associate, individual or otherwise of Defendants, DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Each of the Defendants designated herein as a DOE is negligently or otherwise legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to the Plaintiff, as herein alleged. Plaintiff amends or asks leave of Court to amend this Complaint to show their names and capacities when the same have been ascertained pursuant to the Federal Rules of Civil Procedure Rule 15.

## FACTS COMMON TO ALL CAUSES OF ACTION

11.     Plaintiff LOCKETTE was an assistant store manager at a ROSS DRESS FOR LESS retail store located in Alabaster, Shelby County, Alabama., for approximately four months until she was terminated in December of 2006. As an assistant store manager, Plaintiff LOCKETTE was misclassified as "exempt" by Defendants and was not paid overtime compensation. Plaintiff is informed and believes that Defendants employed a systematic policy and practice of categorically misclassifying all assistant managers as "exempt" under the FLSA.

12.     Plaintiff and persons similarly situated are current and former assistant managers employed in DEFENDANT'S Ross Dress for Less stores throughout the United States who were similarly improperly denied overtime compensation by materially identical practices and policies as described herein.

— 4 —

**FIRST AMENDED COMPLAINT**

13.   At all relevant times alleged herein, Defendants acted pursuant to and in furtherance of a policy and practice of not paying Plaintiff and other similarly situated persons overtime compensation. All such acts are in violation of Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

14.   Plaintiff is informed and believes and based thereon alleges that each and every one of the acts and omissions alleged herein was performed by, and/or attributable to Defendants and/or DOES 1-100 acting as agents and/or employees, and/or under the direction and control of Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control, and were committed willfully, maliciously, oppressively, and fraudulently.

15.   As a direct and proximate result of the unlawful actions of Defendants, Plaintiff and persons similarly situated have suffered and continue to suffer from loss of earnings in amounts as yet to be ascertained, but subject to proof at trial in amounts in excess of the minimum jurisdiction of this Court.

## COLLECTIVE ACTION ALLEGATIONS

16.   As alleged herein, Defendants are liable under the FLSA for willfully failing to properly compensate assistant managers, such as Plaintiff, and as such, notice should be sent to past and present assistant managers employed by Defendants in a Ross Dress for Less store at any time from three years prior to filing the instant Complaint until entry of judgment affording such persons the opportunity to opt-in to this lawsuit pursuant to 29 U.S.C. § 216(b).

17.   As alleged herein, it is Defendants' policy to misclassify non-exempt assistant managers as exempt salaried employees. Based thereon, Defendants have repeatedly and intentionally engaged in a similar practice, commonly and typically applied to the class of assistant managers, of improperly depriving assistant managers overtime compensation.

— 5 —

**FIRST AMENDED COMPLAINT**

18.    Questions that are common among FLSA Collective Action members include, but are not limited to:

    a.    whether Defendants have and continue to unlawfully refuse to pay assistant managers overtime compensation in violation of the FLSA, 29 U.S.C. § 201, et. seq.; and

    b.    whether Defendants' failure to pay assistant managers overtime compensation to assistant managers was willful within the meaning of the FLSA.

19.    There are numerous similarly situated current and former assistant managers employed by Defendants in Ross Dress for Less Stores who have been misclassified in violation of the FLSA and who would benefit from the issuance of a Court supervised Notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants, and are readily identifiable by Defendants' records.

## FIRST CAUSE OF ACTION
### FAILURE TO PAY OVERTIME COMPENSATION
### (Against All Defendants)

20.    The allegations set forth in paragraphs 1 through 19 are incorporated herein by reference.

21.    At all relevant times Defendants have operated Ross Dress for Less stores in multiple States, and thereon, have been an "employer" involved in interstate commerce within the meaning of the Fair Labor Standards Act, codified at 29 U.S.C. § 201, et. seq.

22.    Plaintiff, identified in Paragraph 4, consents to sue in this action pursuant to 29 U.S.C. § 216(b). Additional potential collective action members may execute and file forms consenting to opt-in and join as a plaintiff in the instant action.

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, CA 90017
(213) 217 - 5000
FAX (213) 217 - 5010

— 6 —

23.   Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., Defendants were required to compensate all non-exempt employees for all overtime work performed at a rate of pay not less than one and one half the regular rate of pay for work performed in excess of forty (40) hours in a work week.

24.   As alleged herein, Plaintiff was an assistant store manager at Defendant's Ross Dress For Less location in Alabaster, Alabama. Plaintiff routinely worked in excess of forty (40) hours per work week, but was not paid at a rate of pay not less than one and one half the regular rate of pay for work performed in excess of forty (40) hours as required under the FLSA

25.   At all relevant times, it was Defendants' policy and practice to fail and refuse to pay assistant managers overtime compensation. However, at no time did Plaintiff and other assistant managers qualify as being "exempt" from the right to receive overtime compensation under the FLSA.

26.   In violation of federal law, Defendants have refused to perform obligations to compensate Plaintiffs and other similarly situated assistant managers for all overtime wages earned. Such acts were committed knowingly and willfully, within the meaning of 29 USCS § 255(a), with a conscious disregard of the rights of Plaintiff and persons similarly situated under federal wage and hour laws, of which such acts have deprived Plaintiff and persons similarly situated of their property and legal rights.

27.   As a result of the aforementioned violations, Plaintiff and potential collective action members have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and have incurred expenses and attorneys' fees in seeking to compel Defendants to fully perform its obligations under the law, all to their respective damage in amounts according to proof at the time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

— 7 —

**FIRST AMENDED COMPLAINT**

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, CA 90017
(213) 217 - 5000
FAX (213) 217 - 5010

28.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., and including, 29 U.S.C. § 216(b), Plaintiff and collective action members who elect to opt-in to the instant action are legally entitled to recover unpaid balances of overtime compensation Defendants owe, plus interest, liquidated damages, attorneys' fees, and costs of suit.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as set forth herein below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

1.    For general damages in an amount within the jurisdictional limits of this court according to proof, and pursuant to the Fair Labor Standard's Act, 29 U.S.C. § 216(b);

2.    For liquidated damages, according to proof, and pursuant to the Fair Labor Standard's Act , 29 U. S. C. S. 219(b);

3.    For interest;

4.    For costs of suit including and expenses incurred herein, pursuant to the Fair Labor Standard's Act, 29 U. S. C. S. 216(b);

5.    For reasonable attorneys' fees pursuant to the Fair Labor Standard's Act; 29 U. S. C. S. 216(b); and

6.    For such other and further relief as the Court may deem just and proper.

Dated: August 17, 2007                    KABATECK BROWN KELLNER LLP

                                          By:_____
                                          RICHARD L. KELLNER, ESQ.
                                          Attorneys for Plaintiffs

— 8 —

**FIRST AMENDED COMPLAINT**

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, CA 90017
(213) 217 - 5000
FAX (213) 217 - 5010

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: August 17, 2007                    KABATECK BROWN KELLNER LLP


By: _____
            RICHARD L. KELLNER, ESQ.
            Attorneys for Plaintiffs

— 9 —

**FIRST AMENDED COMPLAINT**