J. KEVIN LILLY, Bar No. 119981
KEITH A. JACOBY, Bar No. 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Fax No.: 310.553.5583
E-mail: klilly@littler.com
        kjacoby@littler.com

LISA C. CHAGALA, Bar No. 217883
LITTLER MENDELSON
A Professional Corporation
1255 Treat Boulevard, Suite 600
Walnut Creek, CA 94597
Telephone: 925.932.2468
Facsimile: 925.946.9809
E-mail: lchagala@littler.com

Attorneys for Defendants
ROSS STORES, INC.; ROSS DRESS FOR LESS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORESSA LOCKETTE; an individual; individually and on behalf of all other similarly situated current and former employees,<br><br>Plaintiff,<br><br>v.<br><br>ROSS STORES, INC., a Delaware Corporation, ROSS DRESS FOR LESS, INC., a Virginia Corporation, and DOES 1-100,<br><br>Defendants. | Case No. CV 03430 MMC<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO CHANGE VENUE PURSUANT TO 28 U.S.C. 1404(A)**<br><br>Date: September 7, 2007 (VACATED)<br>Time: 9:00 a.m.<br>Judge: Hon. Maxine M. Chesney<br>Dept: 7<br>Complaint filed: June 29, 2007<br>Trial Date: None set |

DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO CHANGE VENUE PURSUANT TO
28 (NO. CV 03430 MMC)

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION ........................................................................................................1

II. ARGUMENT...............................................................................................................1

    A. A Change In Venue Is Proper Under Section 1404(a) .....................................1

        1. Plaintiff Overlooks The Undisputed Fact That Few, If Any, Putative Class Members Are In California..............................................................1

        2. The Possible Location of Witnesses In California Is Insufficient to Preclude Transfer.............................................................................2

            a. Transfer Would Place This Lawsuit In The Most Appropriate Forum.............................................................5

            b. Plaintiff's Speculation About Defendants' Purported Motivation Cannot Obstruct A Change In Venue ................5

        3. Transferring The Case Will Promote The Interests Of Justice..........................7

            a. Plaintiff Admits Her Choice Of Forum Is Entitled To "Less Weight"..............................................................................7

            b. Importance Of State Law Arbitration Issues Weighs In Favor Of Transfer ........................................................9

            c. The Relative Congestion Of The Courts Calls For Transfer...............10

            d. If Arbitration Were Ordered, Arbitration Would Have To Occur In The Inconvenient Forum Of The Northern District Of California..................................................................11

    B. Plaintiff Did Not Comply With The Local Rules Of The Northern District Of California.................................................................12

III. CONCLUSION .........................................................................................................12

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO CHANGE VENUE PURSUANT TO
28 (NO. CV 03430 MMC)

i.

# TABLE OF AUTHORITIES

PAGE

## CASES

*Alix v. Shoney's, Inc.*
  1997 U.S. Dist. LEXIS 1963 (E. D. La. 1997)..................................................................9

*Berenson v. National Fin'l Services LLC*
  319 F.Supp.2d 1 (D.D.C. 2004)..........................................................................................7

*Bisq'ettes Ceramic Tile, Inc. v. Errol Skinner, Donna Skinner, Swede, Inc.*
  2000 U.S. Dist. LEXIS 22674 (N. D. Cal. 2000)..............................................................9

*Bohara v. Backus Hosp. Med. Ben. Plan*
  390 F. Supp. 2d 957 (C.D. Cal. 2005)...............................................................................4

*Brown v. KFC Nat'l Mgmt. Co*
  82 Haw. 226 (1996).........................................................................................................10

*Bryant v. ITT Corp.*
  48 F.Supp.2d 829 (N.D. Ill. 1999)....................................................................................7

*Chao v. A-One Medical Services, Inc.*
  346 F.3d 908 (9th Cir. 2003).............................................................................................2

*Clark v. Dollar Gen. Corp,*
  2001 U.S. Dist. LEXIS 25975 (M.D. Tenn. 2001)................................................. passim

*Continental Grain Co. v. Dant & Russell*
  118 F.2d 967 (9th Cir. 1941)...........................................................................................11

*Defazio v. Hollister Emple. Share Ownership Trust*
  406 F.Supp.2d 1085 (N.D. Cal. 2005)..............................................................................4

*Diemer v. United States Postal Serv.*
  1987 WL 9037 (D.D.C. 1987)...........................................................................................7

*Directv, Inc. v. EQ Stuff, Inc.*
  207 F. Supp. 2d 1077 (C.D. Cal. 2002)............................................................................5

*Discover Bank v. Superior Court*
  134 Cal.App.4th 886 (2005)........................................................................................6, 10

*Dole Food Co. v. Watts*
  303 F.3d 1104 (9th Cir. 2002)...........................................................................................8

*Erie R.R. v. Tompkins*
  304 U.S. 64 (1938).............................................................................................................9

*Fannin v. Jones*
  229 F.2d 368 (6th Cir. 1956)...........................................................................................11

*Felzen v. Andreas*
  134 F.3d 873 (7th Cir. 1998)...........................................................................................11

*Flotsam of Cal., Inc. v. Huntington Beach Conf. & Visitors Bureau*
  2007 U.S. Dist. LEXIS 31762.......................................................................................4, 5

*Gates Learjet Corp. v. Jensen*
  743 F.2d 1325 (9th Cir. 1984).........................................................................................11

# TABLE OF AUTHORITIES
## (CONTINUED)

PAGE

*Gintz v. Jack in the Box, Inc.*
   2007 U.S. Dist. LEXIS 10722 (N.D. Cal. 2007) .................................................................7, 8

*Helfant v. Louisiana & Southern Life Ins. Co.*
   82 F.R.D. 53 (E.D.N.Y. 1979) ....................................................................................................7

*Homestake Lead Co. v. Doe Run Resources*
   282 F.Supp. 2d 1131 (N.D. Cal. 2003) ..................................................................................11

*In re ML-Lee Acquisition Fund II, L.P.*
   816 F.Supp. 973 (D. Del. 1993) .............................................................................................7, 9

*Ingle v. Circuit City Stores, Inc.*
   328 F.3d 1165 (9th Cir. 2003) .............................................................................................6, 10

*Jumara v. State Farm Ins. Co.*
   55 F.3d 873 (3d Cir. 1995) ..................................................................................................10, 11

*Kasey v. Molybdenum Corp. of America*
   408 F.2d 16 (9th Cir. 1969) ........................................................................................................10

*KCJ Corp. v. Kinetic Concepts, Inc.*
   18 F. Supp. 2d 1212 (D. Kan. 1998) ........................................................................................9

*Leonard v. Terminix Int'l Co., L.P.*
   854 So.2d 529 (Ala. 2002) .........................................................................................................10

*Lewis v. ABC Business Services, Inc.*
   135 F.3d 389 (6th Cir. 1998) ......................................................................................................7

*Lockman Found. v. Evangelical Alliance Mission*
   930 F.2d 764 (9thCir. 1991) ........................................................................................................8

*Los Angeles Memorial Coliseum v. NFL*
   89 F.R.D. 500 (C.D. Cal. 1981) ..................................................................................................1

*Lou v. Belzberg*
   834 F.2d 730 (9th Cir. 1987) ......................................................................................................7

*New Image, Inc. v. Travelers Indem. Co.*
   536 F.Supp. 58 (E.D. Pa. 1981) ................................................................................................7

*O'Hopp v. Contifinancial Corp.*
   88 F.Supp.2d 31 (E.D.N.Y. 2000) .............................................................................................7

*Onyeneho v. Allstate Ins. Co.*
   466 F. Supp. 2d 1 (D.D.C. 2006) ...............................................................................................8

*Palmco Corp. v. JSC Techsnabexport*
   448 F. Supp. 2d 1194 (C.D. Cal. 2006) ....................................................................................8

*Parrish v. NFL Players Inc.*
   2007 U.S. Dist. LEXIS 43732 (N.D. Cal. 2007) .......................................................................9

*Piper Aircraft v. Reyno*
   454 U.S. 235 (1981) .....................................................................................................................8

*Pro Spice Inc. v. Omni Trade Group*, 173 F. Supp.
   2d 336 (E.D. Penn. 2001) ...........................................................................................................4

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO CHANGE VENUE PURSUANT TO     iii.
28 (NO. CV 03430 MMC)

# TABLE OF AUTHORITIES
## (CONTINUED)

PAGE

*Rains v. Foundation Health Systems Life & Health*
   23 P.3d 1249 (Colo. App. 2001) ................................................................. 10

*Salinas v. O'Reilly Auto., Inc.*
   358 F. Supp. 2d 569 (N.D. Tex. 2005) ....................................................... 7, 9

*Securities Investor Protection Corp. v. Vigman*
   764 F.2d 1309 (9th Cir. 1985) .................................................................... 9

*Snyder v. Smith*
   736 F.2d 409 (7th Cir. 1984) ..................................................................... 11

*Soloman v. Continental American*
   472 F.2d 1043 (3d Cir. 1973) ..................................................................... 1, 11

*Van Dusen v. Barrack*
   376 U.S. 612 (1964) ................................................................................... 5

*Veliz v. Cintas Corp.*
   2005 U.S. Dist. LEXIS 9230 (N.D. Cal. 2005) ........................................... 11

## STATUTES

29 C.F.R. §541.100 ............................................................................................ 3, 6

29 C.F.R. §541.200 ............................................................................................ 3, 6

20 C.F.R. §541.700(a) ....................................................................................... 6

8 Cal. Admin. Code §11070(1)(A)(1)(e) ........................................................... 6

8 Cal. Admin. Code §11070(2)(A)(1)(f) ........................................................... 6

Code of Civ. Proc. §382 .................................................................................... 6

Fed. R. Civ. Proc. 45(a)(2)(B) .......................................................................... 2

Fed. R. Civ. Proc. 5(b) ...................................................................................... 12

Fed. R. Evid. 408 .............................................................................................. 6

## ACTS

Fair Labor Standards Act .................................................................................. *passim*

## UNITED STATES CODE

29 U.S.C. §216(b) .............................................................................................. 6

9 U.S.C. § 4 ........................................................................................................ 11

## NORTHERN DISTRICT CIVIL LOCAL RULES

Civ. L. R. 5-5(a) ................................................................................................ 12

Civ. L. R. 7-3(a) ................................................................................................ 12

Firmwide:83099384.1 022233.2150

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO CHANGE VENUE PURSUANT TO     iv.
28 (NO. CV 03430 MMC)

## I. INTRODUCTION

Plaintiff Toressa Lockette's ("Plaintiff") opposition brief ignores *the dispositive factor* raised by Defendants Ross Stores, Inc. and Ross Dress for Less, Inc. (collectively "Defendants" or "Ross") in this motion: *virtually no potential class members reside in California*. In the Taylor action, every California assistant manager released their federal wage and hour claims against Ross and, as part of that settlement, Ross reclassified all California assistant general managers. Plaintiff, therefore, is seeking to adjudicate the rights of a class of non-California employees in a California Court.

Simply put, using California judicial resources to litigate an action by an Alabama citizen who never worked one day in California action makes no sense. It will make even less sense if a class comprised of citizens of every state but California is someday certified. The cases cited in Plaintiffs' opposition do not compel a different conclusion. Accordingly, Defendants' motion to transfer this case to the Northern District of Alabama should be granted.

## II. ARGUMENT

### A. A Change In Venue Is Proper Under Section 1404(a).

Plaintiff does not dispute that this action could have been brought in the Northern District of Alabama. Plaintiff also does not deny that the location of her counsel should not be considered in ruling on this motion. Defendants' Opening Brief (hereinafter "O.B.") 5:9-28; Opp. 16:5-9; *Soloman v. Continental American*, 472 F.2d 1043, 1047 (3d Cir. 1973); *Los Angeles Memorial Coliseum v. NFL*, 89 F.R.D. 500, 501 (C.D. Cal. 1981) (evaluating convenience of the parties, not the convenience of counsel). There is no question, then, that the Northern District of Alabama is a viable venue for this action.

#### 1. Plaintiff Overlooks The Undisputed Fact That Few, If Any, Putative Class Members Are In California.

Plaintiff ignores the dispositive, undisputed fact that the *Taylor* settlement will strip this putative class of California residents. The *Taylor* settlement conclusively resolved the misclassification claims of all California assistant managers. O.B. 4:1-13; Request for Judicial Notice, Exh. B (Declaration Of Marc Primo In Support Of Unopposed Motion For Order Granting

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek CA 94597
925 932 2468

DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO CHANGE VENUE PURSUANT TO
28 (NO. CV 03430 MMC)                                1.

Final Approval To Class Action Settlement, Award Of Class Counsel Fees And Costs, And Award Of Service Payment To Class Representatives, attaching as Exhibit A thereto Joint Stipulation Of Settlement And Release ("*Taylor* Joint Stipulation") at ¶3). The *Taylor* settlement class included all current and former employees employed by Defendant in the position of assistant manager at their business locations within the state of California for a nearly six-year period -- from May 10, 2000 until November 1, 2006. O.B. 4:7-9; *Taylor* Settlement Order at ¶5. The *Taylor* Joint Stipulation includes as part of its release a broad range of claims, including federal (FLSA) claims. O.B. 4:10-11; *Taylor* Joint Stipulation, ¶19. In conjunction with the *Taylor* settlement, California assistant managers were reclassified. They are now treated as non-exempt from overtime under California law, while Ross assistant managers outside of California remain exempt. Cook Decl. ¶5; Opp. 5:21-23; O.B. 6:15-21.

Because of *Taylor,* Defendants have a complete defense in this action to the extent it seeks to relitigate these issues on behalf of member of the *Taylor* settlement class. That class is subject to claim preclusion, as their overtime claims were resolved, whereas the claims of non-California assistant managers were not. *See Chao v. A-One Medical Services, Inc.*, 346 F.3d 908, 921-922 (9th Cir. 2003), *cert. denied* 541 U.S. 1030 (2004). O.B. 8:3-9:7. This mitigates in favor of transfer to a jurisdiction where the forum's citizens actually have something at issue. Plaintiff has no basis to contend that a California class action is appropriate in the complete absence of California class members. A transfer of venue is unquestionably appropriate.

2. **The Possible Location of Witnesses In California Is Insufficient to Preclude Transfer.**

Plaintiff argues that key witnesses are at corporate headquarters, because an alleged unifying "policy" purportedly "emanated" from California. Plaintiff's Opposition (hereinafter "Opp.") 1:3-6, 1:11-12, 2:7, 5:16-17, 5:20-21, 8:11-16, 8:20-22, 10:4-5, 10:9-10, 10:11-12:9, 11:17, 14:9-18, 15:7-8, 16:25-27, 17:16-18, 17:21-22  This argument is misdirected and contrary to the facts. *See* O.B. 6:5-12.

Under Federal Rule Of Civil Procedure 45, the witnesses will be deposed where they reside. *See e.g.* Fed. R. Civ. Proc. 45(a)(2)(B). It is irrelevant where the case is situated. To the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO CHANGE VENUE PURSUANT TO     2.
28 (NO. CV 03430 MMC)

extent Plaintiff seeks to "protect" the convenience of Ross corporate representatives, Plaintiff need not be concerned. If the change in venue inconvenienced potential class members or Plaintiff, this argument might have legs. However, here, it is clear that Plaintiff and class members will not be served by venuing the case in California.

Moreover, there is no evidence that any class of witnesses relevant to this action will be better served by this case being in California. First we should consider what is at issue. The overtime exemptions most likely to be relevant to a putative class of assistant managers are the executive exemption and the administrative exemption. The executive exemption applies where the individual is paid a salary of at least $455 per week, whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof, who customarily and regularly directs the work of two or more other employees, and who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight. 29 C.F.R. §541.100. The administrative exemption applies to individuals who are compensated at a salary level of at least $455 per week, whose primary duty is performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers, and whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. §541.200.

Both of those exemptions require an analysis of facts best known to local witnesses, such as whether the putative class member regularly directed the work of two or more employees, whether the putative class member made suggestions about hiring and firing or other changes of status of other employees, whether the putative class member regular performed office or non-manual work directly related to the management or general business operations of the employer or the employer's customers, and whether the putative class member exercised discretion and independent judgment with respect to matters of significance. 29 C.F.R. §§541.100, 541.200. Moreover, local employees would have the most knowledge about whether a putative class member worked hours over 40 that were not reported on Defendants' timekeeping system.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO CHANGE VENUE PURSUANT TO       3.
28 (NO. CV 03430 MMC)

Plaintiff's arguments to the contrary lead nowhere. Defendants do not employ all of the potential witnesses. Opp. 8:18-19, 12:23-13:10. Given the large scope of the putative class (26 states over a purported three-year time period), it is common sense that a significant number of witnesses (such as co-workers and local managers for putative class members) are no longer employed by Defendants. If this case was transferred, witnesses would have to travel to Alabama instead of California, but because few putative class members are in California, <u>less</u> travel will occur if this case were transferred. Opp. 8:22-25. Other cases cited by Plaintiff are factually distinguishable from the situation at hand. *Flotsam of Cal., Inc. v. Huntington Beach Conf. & Visitors Bureau*, 2007 U.S. Dist. LEXIS 31762, *3 (N.D. Cal. 2007) (denying a motion to transfer venue from the Northern District of California to the Central District of California in a non-class action trademark and unfair competition case where, in contrast to the facts here, the alleged infringing conduct occurred solely in the Northern District of California, the plaintiff was domiciled in the Northern District of California, and all identified witnesses except one resided in California); *Defazio v. Hollister Emple. Share Ownership Trust*, 406 F.Supp.2d 1085, 1090 (N.D. Cal. 2005) (denying motion to change venue in an ERISA action where the plaintiff resided in the Northern District of California); *Bohara v. Backus Hosp. Med. Ben. Plan*, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005) (denying motion to change venue in an ERISA action, noting that "because this is an ERISA case, this Court's review is likely to be limited to the administrative record alone, without the need for any additional witnesses"); *Clark v. Dollar Gen. Corp.*, 2001 U.S. Dist. LEXIS 25975, *8 (M.D. Tenn. 2001) (denying a motion to change venue where the requested venue was only 150 miles away); *Pro Spice Inc. v. Omni Trade Group*, 173 F. Supp. 2d 336, 342 (E.D. Penn. 2001) (denying motion to change venue where a substantial part of the acts or omissions giving rise to the claim occurred in the venue where the action was brought). In sum, the absence of class witnesses in California weighs heavily in favor of transfer, and federal procedure regarding depositions and subpoenas mitigates any detrimental impact of the transfer.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO CHANGE VENUE PURSUANT TO        4.
28 (NO. CV 03430 MMC)

a. **Transfer Would Place This Lawsuit In The Most Appropriate Forum.**

Contrary to Plaintiff's argument, transfer to the Northern District of Alabama would not merely reallocate the burden. Opp. 3:9-13, 14:3-26, 17:3-11. Transfer to the Northern District of Alabama would <u>reduce</u> the burden on the parties, witness, and the federal court system. Plaintiff does not dispute that she resides in Alabama and worked for Defendants in Alabama. O.B. 7:22-24. Accordingly, on balance, litigation of this case in Alabama is decidedly <u>less</u> burdensome than litigation of this case in California.

The cases cited by Plaintiff do not save her argument. *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964) (holding that a motion to change venue could only be granted if at the time the suits were brought, the respondents were qualified to sue in the state of the transferee court); *Flotsam of Cal., Inc. v. Huntington Beach Conf. & Visitors Bureau*, 2007 U.S. Dist. LEXIS 31762 (evaluating transfer of venue from the Northern District of California to the Central District of California); *Directv, Inc. v. EQ Stuff, Inc.*, 207 F. Supp. 2d 1077, 1083 (C.D. Cal. 2002) (plaintiff resided in California; many of the parties and witnesses resided in California); *Clark v. Dollar Gen. Corp.*, 2001 U.S. Dist. LEXIS 25975, *8 (requested venue was only 150 miles away).

Plaintiff's recitation of the number of Defendants' stores inside and outside of California is irrelevant. Opp. 17:12-18. Equally irrelevant is Plaintiff's observation that Defendants' arbitration policy calls for service of arbitration demands upon Defendants' General Counsel in California. Merely accepting service in a particular location does not equate to a waiver of the right to transfer venue an action from that location. Opp. 20:1-4. The important factor here is the location of the putative class members. with question, those witnesses are not located in California. Opp. 17:15-18.

b. **Plaintiff's Speculation About Defendants' Purported Motivation Cannot Obstruct A Change In Venue.**

Plaintiff speculates that Defendants' motivation for seeking a transfer is to avoid a possible collateral estoppel effect of the *Taylor* settlement on class certification and arbitration issues. Plaintiff's representation of Defendants' purported intent is without cite to the record and, therefore, not properly before this Court. Opp. 1:13-28, 2:7-9; Civ. L.R. 7-5(a) (factual contentions

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO CHANGE VENUE PURSUANT TO     5.
28 (NO. CV 03430 MMC)

made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record).

Nonetheless, Plaintiff's speculation is illogical. The *Taylor* settlement would not and could not demonstrate the propriety of class certification in the instant case. Opp. 11:28-12:5. First, the *Taylor* settlement, by its terms, cannot be used as a sword against Defendants; it can only be used to support a defense. *Taylor* Settlement Order ¶7 ("...the Settlement Agreement...shall not...be evidence of...an admission....[A]ny of the Released Parties...may file...the Settlement Agreement...as evidence...to support a <u>defense</u>" (emphasis added)). Second, using the settlement as a sword would violate the public policy principles behind Federal Rule of Evidence 408. Settlement of a single-state class actions would be severely chilled if such settlements could be improperly used as admissions of liability in later filed nationwide class actions. Fed. R. Evid. 408. Third, *Taylor* involved California employees and the exemption issued were litigated under California law. Thus, even if class certification was proper in *Taylor*, it does not demonstrate that class certification is proper in the current case brought under the FLSA and allegedly spanning 26 states. The class certification standard under California Code of Civil Procedure section 382 differs markedly from the class certification standards under Rule 23 and the FLSA, 29 U.S.C. §216(b). Moreover, as to the merits, California applies a quantitative test for determining the executive and administrative exemptions, as set out in its Wage Orders. *See e.g.*, 8 Cal. Admin. Code §11070(1)(A)(1)(e) (an executive employee is one who, in part, "primarily engaged" in duties which meet the test for the exemption); 8 Cal. Admin. Code §11070(2)(A)(1)(f) (same for administrative employee). The federal "primary duties" standard is qualitative in nature. 29 C.F.R. §§541.100, 541.200, 541.700(a). Fourth, even if the *Taylor* court ruled on an arbitration issue, that ruling would be entitled to no collateral estoppel effect particularly outside of California, because the enforceability of an arbitration agreement depends in part on the state law in which a putative class member was employed at the time he/she entered the agreement. *See e.g. Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003), *cert. denied*, 540 U.S. 1160 (2004); *Discover Bank v. Superior Court*, 134 Cal.App.4th 886, 894-95 (2005).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO CHANGE VENUE PURSUANT TO 28 (NO. CV 03430 MMC)   6.

### 3. Transferring The Case Will Promote The Interests Of Justice.

#### a. Plaintiff Admits Her Choice Of Forum Is Entitled To "Less Weight."

Plaintiff does <u>not</u> dispute that the deference ordinarily given to a plaintiff's choice of forum is substantially diminished where a plaintiff commences an action in a forum that is not her residence. O.B. 7:10-16; *Lewis v. ABC Business Services, Inc.*, 135 F.3d 389, 413 (6th Cir. 1998); *New Image, Inc. v. Travelers Indem. Co.*, 536 F.Supp. 58, 59 (E.D. Pa. 1981); *Bryant v. ITT Corp.*, 48 F.Supp.2d 829, 832 (N.D. Ill. 1999); *In re ML-Lee Acquisition Fund II, L.P.*, 816 F.Supp. 973, 976 (D. Del. 1993) (recognizing that transfer of a case will generally be regarded as less inconvenient to a plaintiff if the plaintiff has not chosen its home turf or a forum where the alleged wrongful activity occurred). Plaintiff does not dispute that she resides in Alabama and not the Northern District of California. O.B. 7:22-25. Therefore, based on undisputed law and fact, any weight given to Plaintiff's choice of forum is substantially diminished.

Plaintiff also does <u>not</u> dispute that Plaintiff's choice of forum should be given "less weight" because she brought this case as a nationwide class action. O.B. 7:15-25; Opp. 6:18-7:18; Opp. 6:21-23 ("Ninth Circuit has made it clear that...a plaintiff's choice of forum is entitled to 'less weight' in the context of a class action"); *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987), *cert. denied*, 485 U.S. 993 (1988), citing *Helfant v. Louisiana & Southern Life Ins. Co.*, 82 F.R.D. 53, 58 (E.D.N.Y. 1979); *Berenson v. National Fin'l Services, LLC*, 319 F.Supp.2d 1, 3 (D.D.C. 2004); *O'Hopp v. Contifinancial Corp.*, 88 F.Supp.2d 31, 35 (E.D.N.Y. 2000); *Diemer v. United States Postal Serv.*, 1987 WL 9037, *4 (D.D.C. 1987).

Further, several of the cases cited by Plaintiff actually <u>support</u> Defendants' argument. *Gintz v. Jack in the Box, Inc.*, 2007 U.S. Dist. LEXIS 10722, *5 (N.D. Cal. 2007) ("when the plaintiffs represent a class, their choice of forum is given less weight"); *Clark v. Dollar Gen. Corp.*, 2001 U.S. Dist. LEXIS 25975, *6 ("when a plaintiff has little or no connection to the chosen forum, the plaintiff's reason for choosing the forum--and remaining in the forum—is diminished and thus should be given less weight"); *Salinas v. O'Reilly Auto., Inc.*, 358 F. Supp. 2d 569, 571 (N.D. Tex. 2005) (the importance of a plaintiff's choice of forum should be discounted "where the plaintiff is a

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO CHANGE VENUE PURSUANT TO        7.
28 (NO. CV 03430 MMC)

nonresident of the forum, when the plaintiff sues derivatively or as a class representative, and where the cause of action did not conclusively arise in the selected forum").

Contrary to Plaintiff's argument, FLSA cases are not impervious to motions to change venue. Opp. 6:7-18. *See e.g. Gintz v. Jack in the Box, Inc.*, 2007 U.S. Dist. LEXIS 10722 at *13-14 (granting defendant's motion to transfer venue to the Northern District of Texas for non-California class members and denying defendant's motion to change venue for the California class members); *Onyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1, 4-5 (D.D.C. 2006) (granting defendant employer's 1404(a) motion to change venue from the District of Columbia to Maryland in FLSA case, where plaintiffs' claims arose out of their work while employed at defendant's Columbia, Maryland office, and they performed the majority of their work activities in Maryland, received their wages in Maryland, and were supervised by individuals in Maryland; noting that "deference owed to plaintiffs' choice of forum is further diminished where 'transfer is sought to the forum where plaintiffs reside.'").

Inexplicably, several cases cited by plaintiff involved motions to dismiss, not motions to change venue. Opp. 4:15-7:18. *Piper Aircraft v. Reyno*, 454 U.S. 235, 265-66 (1981) (not a class action case and not a 1404(a) case; affirming 12(b)(6) dismissal for forum non conveniens in a case arising out of a plane crash in Scotland; noting that plaintiff's choice of forum was entitled to less deference because the plaintiff was foreign/Scottish); *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002) (not a class action case and not a 1404(a) case; reversing lower court's Rule 12 dismissal of a fraud suit brought against two residents of European countries for lack of personal jurisdiction; setting forth elements for a motion to dismiss for forum non-conveniens, not a motion to change venue under 1404(a)); *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 767 (9th Cir. 1991) (not a class action case and not a 1404(a) case; affirming dismissal under Rule 12 for forum non conveniens of a copyright case arising under United States, Japanese and California law); *Palmco Corp. v. JSC Techsnabexport*, 448 F. Supp. 2d 1194, 1196 (C.D. Cal. 2006) (not a class action case and not a 1404(a) case; granting motion to dismiss for forum non conveniens in a case arising out of a series of contracts between a California corporation and a Russian Federation-owned entity, where the contracts stated that all claims would be arbitrated in Sweden); *see also Securities*

DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO CHANGE VENUE PURSUANT TO      8.
28 (NO. CV 03430 MMC)

*Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1316-1318 (9th Cir. 1985) (not a class action case and did not a 1404(a) case; evaluating a co-conspirator venue theory brought under the Securities and Exchange Act of 1934, 15 U.S.C. §78aa); *Bisq'ettes Ceramic Tile, Inc. v. Errol Skinner, Donna Skinner, Swede, Inc.*, 2000 U.S. Dist. LEXIS 22674, *19 (N. D. Cal. 2000) (not a class action case; denying motion to change venue of a suit asserting California state law claims regarding activities that took place in California); *Parrish v. NFL Players Inc.*, 2007 U.S. Dist. LEXIS 43732 (N.D. Cal. 2007) (not a FLSA case; noting that one of the named plaintiffs resided in the Northern District of California).

Other cases cited by Plaintiff are not binding on this court and, moreover, do not help her. *In re ML-Lee Acquisition Fund II, L.P.*, 816 F.Supp. at 976, 978 (denying motion to change venue from Delaware to Massachusetts in a class securities action where limited partnership agreement and the challenged prospectus both contained choice of law clauses providing that they are to be construed and enforced in accordance with Delaware law, and that that three of plaintiffs' causes of action arose under Delaware law); *Clark v. Dollar Gen. Corp.*, 2001 U.S. Dist. LEXIS 25975, *8 (denying motion to change venue where the defendant requested transfer to a venue only 150 miles away); *Salinas v. O'Reilly Auto., Inc.*, 358 F. Supp. 2d 569 (denying motion to change venue where three of the four plaintiffs resided in Texas and the Texas and Missouri venues were centrally located for putative class members); *Alix v. Shoney's, Inc.*, 1997 U.S. Dist. LEXIS 1963 (E. D. La. 1997) (plaintiffs brought suit in the state in which they resided); *KCJ Corp. v. Kinetic Concepts, Inc.*, 18 F. Supp. 2d 1212, 1216 (D. Kan. 1998) (holding that the Western District of Missouri did not err in transferring the case to Kansas instead of Texas and that transfer from Kansas to Texas was not in the interest of justice or for the convenience of the parties and witnesses).

### b. Importance Of State Law Arbitration Issues Weighs In Favor Of Transfer.

Plaintiff's reliance on *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938) is incorrect. The relevant law—Federal Arbitration Act, 9 U.S.C. §1 and case law thereunder—mandates that the law of the state in which each putative class member worked at the time that person entered into the arbitration agreement governs the enforceability and contract defenses to that agreement. *Ingle v.*

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO CHANGE VENUE PURSUANT TO 28 (NO. CV 03430 MMC)    9.


*Circuit City Stores, Inc.*, 328 F.3d at 1170; *Discover Bank v. Superior Court*, 134 Cal.App.4th at 894-95.

One arbitration issue that differs substantially among jurisdictions is whether a class action waiver clause is enforceable. Opp. 18:12-21; 18 n.2. *See e.g., Discover Bank v. Superior Court*, 36 Cal.4th 148 (a class action ban stated in a consumer's arbitration agreement with a credit card company was substantively unconscionable, because the consumer's claim was so small ($29.00) that the ban would insulate the company from accountability for alleged wrongdoing); *Rains v. Foundation Health Systems Life & Health*, 23 P.3d 1249, 1253 (Colo. App. 2001) (in the context of an insurance dispute, the arbitration agreement was silent regarding class actions; the court noted in dicta that "arbitration clauses are not unenforceable simply because they might render a class action unavailable"); *Brown v. KFC Nat'l Mgmt. Co.*, 82 Haw. 226, 246 n.23 (1996) (in the context of an employment dispute, the arbitration agreement was silent regarding class actions; however, the court noted in dicta that the alleged elimination of the opportunity for class actions did not render arbitration agreement unenforceable). Even if Alabama law regarding class action waiver clauses is consistent with California law as Plaintiff posits (a point that Defendants do not concede), it does not follow that the law is consistent among the other 24 states in which putative class members worked. Opp. 19:13-15, citing *Leonard v. Terminix Int'l Co., L.P.*, 854 So.2d 529, 536-539 (Ala. 2002) (reviewing an arbitration agreement that was silent regarding class actions).

If this matter were transferred to Alabama, the Alabama court instead of this Court would apply the law of the state in which Plaintiff and each putative class member worked at the time that person entered into the arbitration agreement. Because Plaintiff undisputedly worked in Alabama when she entered her arbitration agreement, the Alabama court, and not this court, should bear the burden of that undertaking. Thus, this factor weighs in favor of transfer.

c.   **The Relative Congestion Of The Courts Calls For Transfer.**

Plaintiff does not dispute that a factor influencing the interests of justice and favoring transfer is the docket caseload or relative congestion of the courts. *Kasey v. Molybdenum Corp. of America*, 408 F.2d 16, 20 (9th Cir. 1969); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879, 883 (3d Cir. 1995); *Solomon v. Continental American Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973);

*see also Clark v. Dollar Gen. Corp.,* 2001 U.S. Dist. LEXIS 25975, *11 ("[t]he respective docket loads of district courts may be considered appropriately on a motion for transfer). Plaintiff also does not dispute the fact that that the Northern District of California's civil docket is significantly more congested than that of the Northern District of Alabama, and that that the Northern District of California's civil docket is approximately <u>50% more congested</u> than that of the Northern District of Alabama. Plaintiff's reliance on *Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1337 (9th Cir. 1984), *cert. denied* 471 U.S. 1066 (1985), is misplaced, as that case involved dismissal for forum non conveniens, not transfer under 1404(a). *Id.* (reversing dismissal where a foreign corporation solicited the distributorship agreement in the state and the agreement contained a choice of law provision naming the state as the choice); *see also Fannin v. Jones,* 229 F.2d 368, 369 (6th Cir. 1956), *cert. denied* 351 U.S. 938 (1956) (affirming transfer of venue based on one division's "overcrowded docket"). As such, Plaintiff's argument that a "speedier trial" is the relevant factor is of no matter. Opp. 20:21-21:2. Accordingly, this factor as well weighs in favor of transfer.

    **d. If Arbitration Were Ordered, Arbitration Would Have To Occur In The Inconvenient Forum Of The Northern District Of California.**

    Plaintiff does not dispute, and therefore admits, that if a district court decides to compel arbitration, it must order the arbitration to be held in the district where the petition is filed. 9 U.S.C. § 4; *Continental Grain Co. v. Dant & Russell,* 118 F.2d 967, 968-969 (9th Cir. 1941); *Homestake Lead Co. v. Doe Run Resources,* 282 F.Supp. 2d 1131, 1143-44 (N.D. Cal. 2003); *Veliz v. Cintas Corp.,* 2005 U.S. Dist. LEXIS 9230 at *21 (N.D. Cal. 2005); *Snyder v. Smith,* 736 F.2d 409, 419-20 (7th Cir. 1984), *cert. denied,* 469 U.S. 1037 (1984), *overruled on other grounds* in *Felzen v. Andreas,* 134 F.3d 873 (7th Cir. 1998). Thus, for example, if this Court were to compel arbitration of Plaintiff's claims, Plaintiff and the bulk of the witnesses, who likely still reside in Alabama, would have to travel to the Northern District of California to participate in Plaintiff's arbitration. Accordingly, as these points are undisputed, they weigh in favor of transfer.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO CHANGE VENUE PURSUANT TO
28 (NO. CV 03430 MMC)

11.

### B. Plaintiff Did Not Comply With The Local Rules Of The Northern District Of California.

Plaintiff filed and served her opposition papers <u>late</u>. *See* Order Vacating September 7, 2007 Hearing (document #12 on the Court's electronic docket). Plaintiff's opposition was due on August 17, 2007; however, she did not file her opposition papers until August 23, 2007. *See* Plaintiff's Opposition, recorded as documents #13-16 on the Court's electronic docket); Civ. L. R. 7-3(a) (requiring opposition to be filed 21 days before hearing date). Moreover, Defendants received Plaintiff's opposition in paper form on August 20, 2007. *See* Proof Of Service (electronic docket #16). Under the Local Rules applicable to cases not designated for e-filing, Plaintiff's service was late. Under Civil Local Rule 5-5(a), "The pleading or paper must be <u>actually delivered</u> to the receiving attorney or party within the meaning of Fed. R. Civ. Proc 5(b) <u>on or before the due date</u>." Civ. L. R. 5-5(a) (emphasis added). Plaintiff's opposition was not delivered on the due date. As such, Plaintiff failed to comply with the Local Rules and this Court need not consider her opposition.

### III. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court to order the transfer of this case to the Northern District of Alabama.

Dated: September 14, 2007

/s/
J. KEVIN LILLY
KEITH A. JACOBY
LISA C. CHAGALA
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
ROSS STORES, INC.; ROSS DRESS FOR LESS, INC.

DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO CHANGE VENUE PURSUANT TO 28 (NO. CV 03430 MMC)

12.