J. KEVIN LILLY, Bar No. 119981
KEITH A. JACOBY, Bar No. 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Telephone:  310.553.0308
Fax No.:    310.553.5583
E-mail: klilly@littler.com
        kjacoby@littler.com

LISA C. CHAGALA, Bar No. 217883
LITTLER MENDELSON
A Professional Corporation
1255 Treat Boulevard, Suite 600
Walnut Creek, CA 94597
Telephone:  925.932.2468
Facsimile:  925.946.9809
E-mail: lchagala@littler.com

Attorneys for Defendants
ROSS STORES, INC.; ROSS DRESS FOR LESS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORESSA LOCKETTE; an individual; individually and on behalf of all other similarly situated current and former employees,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ROSS STORES, INC., a Delaware Corporation, ROSS DRESS FOR LESS, INC., a Virginia Corporation, and DOES 1-100,<br><br>　　　　　　Defendants. | Case No. CV 03430 MMC<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

## ANSWER OF DEFENDANTS

Defendants Ross Stores, Inc. and Ross Dress For Less, Inc. ("Defendants") hereby answer Plaintiff Toressa Lockette's ("Lockette" or "Plaintiff") First Amended Complaint. Defendants deny each and every allegation of the First Amended Complaint not expressly admitted below.

DEFS' ANSWER TO FAC (NO. CV 03430 MMC)

LITTLER MENDELSON
PROFESSIONAL CORPORATION
2049 Century Park East
1255 5th Floor Boulevard
Los Angeles, CA 90067.3107
Walnut Creek, CA 94597
925.932.2468

**PRELIMINARY STATEMENT**

1. In response to paragraph 1 of the First Amended Complaint, Defendants lack knowledge and information sufficient to admit or deny the allegations contained therein and on that basis deny each and every allegation of said paragraph.

**JURISDICTION AND VENUE**

2. In response to paragraph 2 of the First Amended Complaint, Defendants admit that the Court has subject matter jurisdiction under 28 U.S.C. §1331, as the claims asserted herein are predicated upon a federal statute. Defendants deny each and every other allegation in said paragraph.

3. In response to paragraph 3 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

**PARTIES**

4. In response to paragraph 4 of the First Amended Complaint, Defendants lack knowledge and information sufficient to admit or deny the allegations contained therein and on that basis deny each and every allegation of said paragraph.

5. In response to paragraph 5 of the First Amended Complaint, Defendants admit the allegations in said paragraph.

6. In response to paragraph 6 of the First Amended Complaint, Defendants admit the allegations in said paragraph.

7. In response to paragraph 7 of the First Amended Complaint, Defendants admit that they currently maintain stores in Alabama, Arizona, California, Colorado, Delaware, Florida, Georgia, Hawaii, Idaho, Louisiana, Maryland, Mississippi, Montana, Nevada, New Jersey, New Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, and Wyoming. Defendants deny each and every other allegation in said paragraph.

8. In response to paragraph 8 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFS' ANSWER TO FAC (NO. CV 03430 MMC)    2.

9. In response to paragraph 9 of the First Amended Complaint, Defendants admit that Ross Stores, Inc. and Ross Dress For Less, Inc. are corporations. Defendants admit that Ross Dress For Less, Inc. currently employs more than 100 persons. Defendants deny each and every other allegation in said paragraph.

10. In response to paragraph 10 of the First Amended Complaint, Defendants lack knowledge and information sufficient to admit or deny the allegations contained therein and on that basis deny each and every allegation of said paragraph.

## FACTS COMMON TO ALL CAUSES OF ACTION

11. In response to paragraph 11 of the First Amended Complaint, Defendants admit that Plaintiff was an assistant store manager at a Ross Dress For Less retail store located in Alabaster, Alabama, for approximately 4 months until she was terminated in December of 2006. Defendants admit that Defendants did not pay overtime compensation to Plaintiff. Defendants deny each and every other allegation in said paragraph.

12. In response to paragraph 12 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

13. In response to paragraph 13 of the First Amended Complaint, Defendants admit that Defendants did not pay overtime compensation to Plaintiff. Defendants deny each and every other allegation in said paragraph.

14. In response to paragraph 14 of the First Amended Complaint, Defendants lack knowledge and information sufficient to admit or deny the allegations contained therein and on that basis deny each and every allegation of said paragraph.

15. In response to paragraph 15 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

## COLLECTIVE ACTION ALLEGATIONS

16. In response to paragraph 16 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

17. In response to paragraph 17 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFS' ANSWER TO FAC (NO. CV 03430 MMC)    3.

18. In response to paragraph 18 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

19. In response to paragraph 19 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME COMPENSATION

## (AGAINST ALL DEFENDANTS)

20. In response to paragraph 20 of the First Amended Complaint, Defendants incorporate their answers to paragraphs 1 through 19.

21. In response to paragraph 21 of the First Amended Complaint, Defendants admit the allegations in said paragraph.

22. In response to paragraph 22 of the First Amended Complaint, Defendants lack knowledge and information sufficient to admit or deny the allegations contained therein and on that basis deny each and every allegation of said paragraph.

23. In response to paragraph 23 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

24. In response to paragraph 24 of the First Amended Complaint, Defendants admit that Plaintiff was an assistant store manager at a Ross Dress For Less location in Alabaster, Alabama. Defendants deny each and every other allegation in said paragraph.

25. In response to paragraph 25 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

26. In response to paragraph 26 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

27. In response to paragraph 27 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

28. In response to paragraph 28 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFS' ANSWER TO FAC (NO. CV 03430 MMC)    4.

## PRAYER FOR RELIEF

29.  Defendants deny that Plaintiff is entitled to any of the relief she seeks in her prayer for relief.

## DEMAND FOR JURY TRIAL

30.  Defendants admit that Plaintiff has demanded a trial by jury. Defendants deny each and every other allegation in said paragraph.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

As a separate and affirmative defense, the First Amended Complaint fails to state a claim on which this Court may grant relief.

### SECOND DEFENSE

As a separate and affirmative defense, Plaintiff's claims and the claims of individuals on whose behalf Plaintiff seeks relief are barred by the applicable statutes of limitations.

### THIRD DEFENSE

As a separate and affirmative defense, Plaintiff's claims and the claims of individuals on whose behalf Plaintiff seeks relief fail because Defendants properly treated and compensated Plaintiff and individuals on whose behalf Plaintiff seeks relief under the Fair Labor Standards Act (FLSA).

### FOURTH DEFENSE

As a separate and affirmative defense, Plaintiff's claims for liquidated damages fail because Plaintiff and the individuals on whose behalf Plaintiff seeks relief cannot prove the propriety of liquidated damages.

### FIFTH DEFENSE

As a separate and affirmative defense, Plaintiff's claims for damages fail because Defendants did not act willfully or with reckless disregard of applicable FLSA requirements and prohibitions.

## SIXTH DEFENSE

As a separate and affirmative defense, Plaintiff and each individual on whose behalf Plaintiff seeks relief had a clear and mutual understanding with Defendants concerning the system under which each was paid during the relevant time frame and, therefore, each claim must fail.

## SEVENTH DEFENSE

As a separate and affirmative defense, Plaintiff had a clear and mutual understanding with Defendants concerning the system under which she was paid during the relevant time frame and, therefore, Plaintiff cannot serve as class representative in this case.

## EIGHTH DEFENSE

As a separate and affirmative defense, Plaintiff cannot establish or satisfy the requirements for class certification pursuant to Section 216(b) of the FLSA and, therefore, the class certification allegations of the First Amended Complaint must be stricken and dismissed.

## NINTH DEFENSE

As a separate and affirmative defense, Plaintiff and the individuals on whose behalf Plaintiff seeks relief are barred from seeking equitable relief to the extent each of them have an adequate remedy at law.

## TENTH DEFENSE

As a separate and affirmative defense, Plaintiff's claims, and the claims of individuals on whose behalf Plaintiff seeks relief, are barred in whole or in part to the extent that the work performed falls within the exemptions, exclusions, exceptions, or credits as provided by the FLSA, including but not limited to 29 U.S.C. §§ 201 *et seq.*, 207(i) and 213(a)(1).

## ELEVENTH DEFENSE

As a separate and affirmative defense, Plaintiffs' claims, and the claims of individuals on whose behalf Plaintiff seeks relief, are barred in whole or in part by the doctrine of *de minimis non curet lex.*

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFS' ANSWER TO FAC (NO. CV 03430 MMC)   6.

### TWELFTH DEFENSE

As a separate and affirmative defense, Plaintiff's claims and the claims of individuals on whose behalf Plaintiff seeks relief are limited to the extent that portions of compensation are excluded from the regular rate of pay and calculation of overtime.

### THIRTEENTH DEFENSE

As a separate and affirmative defense, Plaintiff's claims and the claims of individuals on whose behalf Plaintiff seeks relief are barred in whole or in part by the doctrine of waiver, to the extent that each or any of them previously received compensation for minimum wage and/or overtime in connection with or as a result of a settlement or judgment.

### FOURTEENTH DEFENSE

As a separate and affirmative defense, Plaintiff's claims and the claims of individuals on whose behalf Plaintiff seeks relief are barred in whole or in part by a release, to the extent that any Plaintiff or individual on whose behalf Plaintiff seeks relief previously received compensation for minimum wage and/or overtime in connection with or as a result of a settlement or judgment.

### FIFTEENTH DEFENSE

As a separate and affirmative defense, Plaintiff's claims and the claims of individuals on whose behalf Plaintiff seeks relief are barred in whole or in part to the extent that Plaintiff and each individual on whose behalf Plaintiff seeks relief entered an arbitration agreement that covers the subject matter of this dispute.

### SIXTEENTH DEFENSE

As a separate and affirmative defense, Plaintiff's claims and the claims of individuals on whose behalf Plaintiff seeks relief are barred in whole or in part to the extent that Defendants acted in good faith belief that they were in compliance with all applicable statutes, laws, and regulations concerning payment of wages and any other compensation.

### SEVENTEENTH DEFENSE

As a separate and affirmative defense, Plaintiff and individuals on whose behalf Plaintiff seeks relief are not entitled to any relief because each act or omission complained of was in good faith conformity with and in reliance upon a written administrative regulation, order, ruling,

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFS' ANSWER TO FAC (NO. CV 03430 MMC)   7.

approval, or interpretation of the Administrator of the Wage and Hour Division of the Department of Labor and/or an administrative practice or enforcement policy of such agency.

### EIGHTEENTH DEFENSE

As a separate and affirmative defense, Plaintiff's claims and the claims of each individual on whose behalf Plaintiff seeks relief must be commenced within two (2) years after the claims accrued because any purported violation by Defendants was not willful.

### NINETEENTH DEFENSE

As a separate and affirmative defense, Plaintiff's claims and the claims of each individual on whose behalf Plaintiff seeks relief are barred by the doctrines of latches and/or unclean hands.

### TWENTIETH DEFENSE

As a separate and affirmative defense, Plaintiff's claims and the claims of each individual on whose behalf Plaintiff seeks relief are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### TWENTY-FIRST DEFENSE

As a separate and affirmative defense, because discovery has not been completed at this stage of the case, Defendants reserve the right to assert additional defenses, as appropriate.

**WHEREFORE**, Defendants pray for judgment against Plaintiff as follows:

1. For an Order dismissing Plaintiff's claims with prejudice, and entering judgment in favor of Defendants and against Plaintiff;

2. For all costs, disbursements, and reasonable attorney's fees incurred by Defendants in connection with the defense of this matter; and

3. For any other relief as the Court in the exercise of its discretion deems just and proper.

Dated: October 5, 2007

/s/
J. KEVIN LILLY
KEITH A. JACOBY
LISA C. CHAGALA
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
ROSS STORES, INC.; ROSS DRESS FOR LESS, INC.

Firmwide:83125757.1 022233.2150

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFS' ANSWER TO FAC (NO. CV 03430 MMC)    9.