RICHARD L. KELLNER, SBN 171416
(rlk@kbklawyers.com)
M. MARK YENIKOMSHIAN, SBN 227555
(mmy@kbklawyers.com)
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, California 90017
Tel: (213) 217-5000/Fax: (213) 217-5010

SHAWN F. KHORRAMI, SBN 180411
(SKhorrami@kpalawyers.com)
MATT BAILEY, SBN 218685
(MBailey@kpalawyers.com)
KHORRAMI POLLARD & ABIR LLP
444 South Flower St 33rd Floor
Los Angeles, Calfornia 90071
Tel: (213) 596-6000/Fax: (213) 596-6010

Attorneys for Plaintiff Toressa Lockette

J. KEVIN LILLY, Bar No. 119981
KEITH A. JACOBY, Bar No. 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA  90067.3107
Telephone:    310.553.0308
Fax No.:      310.553.5583
E-mail:klilly@littler.com
       kjacoby@littler.com

LISA C. CHAGALA, Bar No. 217883
LITTLER MENDELSON
A Professional Corporation
1255 Treat Boulevard, Suite 600
Walnut Creek, CA  94597
Telephone:    925.932.2468
Facsimile:    925.946.9809
E-mail: lchagala@littler.com

Attorneys for Defendants
ROSS STORES, INC.; ROSS DRESS FOR LESS, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| TORESSA LOCKETTE; an individual; individually and on behalf of all other similarly situated current and former employees,<br><br>Plaintiff,<br><br>vs.<br><br>ROSS STORES, INC., a Delaware Corporation, ROSS DRESS FOR LESS, INC., a Virginia Corporation, and DOES 1-100,<br><br>Defendants. | Case No.: CV 03430 MMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: October 26, 2007<br>Time: 10:30 a.m.<br>Courtroom: 7<br>Judge: Hon. Maxine M. Chesney |

This joint report follows the conference of counsel pursuant to Federal Rule of Civil Procedure 26(f), conducted on October 5, 2007 and October 17, 2007, by counsel for Plaintiff Toressa Lockette ("Plaintiff"), Kabateck Brown Kellner, LLP and the Khorrami Pollard & Abir,

LLP, and counsel for Defendants Ross Stores, Inc. and Ross Dress For Less, Inc. ("Defendants"), Littler Mendelson, P.C.

## RESPONSES TO THE COURT'S STANDING ORDER

**1.  Jurisdiction and Service:**

This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the claims asserted herein are predicated upon federal statute, specifically, the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (FLSA).  There are no outstanding parties to be served.  Defendants filed a motion to transfer venue to the Northern District of Alabama, the state in which Plaintiff worked at a Ross Dress For Less, Inc. retail location, which is presently pending before this Court. (See Item 4: "Motions.")

**2.  Facts:**

**Plaintiff's statement:**  Plaintiff Toressa Lockette has brought forth a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and other current and former assistant managers (collectively "Plaintiffs") of Defendants Ross Stores, Inc. and Ross Dress For Less, Inc. (collectively "Defendants") throughout the United States.  Plaintiff Lockette was an assistant store manager at a Ross Dress for Less retail store located in Alabaster, Shelby County, Alabama, for approximately four months until she was terminated in December of 2006.

Plaintiff contends that as an assistant store manager, she was misclassified as "exempt" by Defendants and was not paid overtime compensation.  Plaintiff also contends that Defendants employed a systematic policy and practice of categorically misclassifying all assistant managers as "exempt" under the FLSA, and similarly not paying them overtime compensation.  All such acts are in violation of Fair Labor Standards Act, 29 U.S.C. § 201 et seq.  Plaintiff seeks to recover, among other things: unpaid overtime wages and liquidated damages, interest, attorney's fees, costs and expenses.

**Defendants' statement:**  Defendants contend that Plaintiff was properly classified as exempt under the FLSA.  Defendants did not have a policy or practice of categorically classifying all assistant managers as exempt during the statutory period identified in the First Amended

Complaint. This case is not suitable for collective treatment, in no way did Defendants violate the FLSA, and Plaintiff is entitled to no remedy.

The exempt status of Ross assistant store managers under California's Labor Code was reviewed and resolved in the case of *Taylor v. Ross Stores, Inc.,* San Bernardino Superior Court Case No. RCV 065453 ("*Taylor*"). Settlement was approved in the *Taylor* case on February 21, 2007. Defendants are confident that the assistant store managers outside of California are exempt under the qualitative "primary duties" standard set forth in the FLSA.

**3. Legal Issues**:

The main issue in this case will be a legal and factual dispute between the parties as to whether Plaintiff Lockette and other assistant managers were misclassified as "exempt" by Defendants and, as such, whether they were entitled to be paid overtime compensation. Defendants contend that Plaintiff is not similarly situated to assistant managers and, therefore, this matter cannot proceed as a collective action under 29 U.S.C. §216(b).

**4. Motions**:

On July 31, 2007, Defendants filed two motions: 1) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and for More Definite Statement; and 2) Motion to Change Venue Pursuant to 28 U.S.C. Section 1404(a). Defendants' Motion to Dismiss was denied as moot after Plaintiff filed her Amended Complaint to remove the defects identified in Defendants Motion to Dismiss. Defendants' Motion to Change Venue was opposed by Plaintiff, and as of September 14, 2007, the Court took the Motion under submission. No other motions have been filed to date.

**Plaintiff's statement:** Plaintiff anticipates the filing of a Motion for Conditional Certification on or before February 1, 2008. (See Item 9: "Class Actions.") Plaintiff reserves the right to file other motions as the case develops.

**Defendants' statement:** Defendants will oppose any motion by Plaintiff for conditional certification. Defendants anticipate filing a motion to enforce the terms of settlement and release,

including but not limited to the settlement entered in *Taylor* and a motion to compel arbitration. Defendants reserve the right to file other motions as the case develops.

**5. Amendment of Pleadings**:

On September 5, 2007, Plaintiff Amended her Complaint. On October 5, 2007, Defendants filed an answer to Plaintiff's Amended Complaint. Plaintiff anticipates that after this action is conditionally certified, additional plaintiffs will opt into this action. Defendants contend that Plaintiff is not similarly situated to those whom she seeks to represent and, therefore, conditional certification is improper.

**6. Evidence Preservation**:

Plaintiff has disclosed the documents in her possession to Defendants. No other physical or electronic evidence exists at this time. But if Plaintiff discovers such evidence, all necessary steps to preserve and disclose such evidence will be undertaken. Defendants will issue a litigation hold to preserve all electronic evidence relevant to the issues in this action.

**7. Disclosures**:

Plaintiff served her initial disclosures pursuant to FRCP 26(a)(1) on October 12, 2007. Defendants, per stipulation, will serve their initial disclosures on October 22, 2007.

**8. Discovery**:

No discovery has yet taken place. See section 17 below ("Scheduling") for proposed discovery plan. The parties agree that discovery will be needed on the issues raised by the pleadings. The parties further agree that discovery should be conducted in two phases: The first phase shall be limited exclusively to discovery that is relevant to class certification. The second phase, which shall not commence until after the Court renders its decision with respect to whether class certification is appropriate, will focus on the merits of plaintiff's class claims.

**Plaintiff's statement**: Plaintiff anticipates propounding written interrogatories, requests for admission, and requests for production of documents. Plaintiff also anticipates taking the depositions of, but not limited to, Plaintiff Lockette's manager(s) and/or supervisor(s), and 30(b)(6) corporate representatives.

**Defendants' statement:** Defendants anticipate conducting the following discovery: written discovery including but not limited to written interrogatories, requests for admission, and requests for production of documents, and subpoenas. Defendants anticipate taking the deposition of Plaintiff, putative "opt-in" plaintiffs, witnesses, and experts.

Due to the numerous potential "opt-in" plaintiffs and large number of job locations in this case, Defendants anticipate taking more than 10 depositions. Defendants hereby request that the Court relieve Defendants from the limitation on the number of depositions set forth in Federal Rule of Civil Procedure 30(a)(2)(A).

9. **Class Actions:**

**Plaintiff's statement:** This action is a collective action, which has some of the vestiges of a class action. Pursuant to Local Rule 16-9(b), Plaintiff independently responds as follows:

(1) 29 U.S.C. § 216(b), which provides in relevant part that "[a]n action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated....";

(2) the collectively action is brought on behalf of Defendants' employees who were misclassified as "exempt" assistant managers under the FLSA, and who were not paid overtime compensation;

(3) certification is appropriate insofar as Defendant Ross maintained a categorical nationwide "classification" policy, wherein all assistant manager employees in Ross Stores in the United States are classified as "exempt" – with the sole exception of assistant managers in California, who were reclassified as non-exempt on April 1, 2007 pursuant to a class action settlement alleging assistant managers were misclassified as exempt in violation of California law;

(4) see "Joint statement" below for proposed timelines for conditional certification.

**Defendants' statement:** Defendants contend that Plaintiff is not similarly situated to those whom she seeks to represent and, therefore, conditional certification is improper.

**Joint statement:** The parties agree as to a timeline for a motion and opposition to conditional certification as follows:

| Event | Proposal |
|---|---|
| Last day for plaintiff to file the motion for conditional certification | **Plaintiff's statement:** February 1, 2008<br>**Defendants' statement:** April 1, 2008 |
| Last day for defendant to file its opposition to plaintiff's motion for conditional certification | 30 days after filing of motion for conditional certification. |
| Last day for plaintiff to file a reply in support of her motion for conditional certification | 15 days after filing of opposition to motion for conditional certification. |
| Hearing on plaintiff's motion for conditional certification (the date to be set by the Court) | To be determined by the Court, but no less than 10 calendar days after filing of reply. |

10. **Related Cases:**

There are no related cases or proceedings.

11. **Relief:**

**Plaintiff's statement:** Plaintiff seeks to recover, among other things: unpaid overtime wages and liquidated damages, interest, attorney's fees, costs and expenses. At the present time, Plaintiff has not obtained discovery required to calculate the amount of damage sought in these categories.

**Defendants' statement:** Defendants contend that Plaintiff was properly classified as exempt and therefore Plaintiff is entitled to no remedy.

**12.     Settlement and ADR**:

The parties have filed a Stipulation And [Proposed] Order Selecting ADR. Specifically, the parties have agreed to mediation, to be conducted by a private mediator to be determined, no later than February 1, 2008. Defendants believe that the facts, once understood, will educate Plaintiff's counsel why Plaintiff and the assistant store managers whom she seeks to represent are exempt under the FLSA.

**13.     Consent to Magistrate Judge for all Purposes**:

**Plaintiff's statement:** Plaintiff consents to have a magistrate judge conduct proceedings relating to discovery, only.

**Defendants' statement:** Defendants do not consent to assignment of the case to a magistrate judge.

**14.     Other References**:

**Plaintiff's statement:** Plaintiff contends that this case is not suitable for other references.

**Defendants' statement:** This case is not suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation. This case may be suitable for reference to binding arbitration, and Defendants reserve the right to file a motion to compel arbitration.

**15.     Narrowing of Issues**:

The parties agree that, at this time, it is premature to determine issues that can be narrowed down by agreement or by motion, and cannot make suggestions to expedite the presentation of evidence at trial. However, the parties agree that bifurcation is appropriate for certification and merit-based discovery.

**16.     Expedited Schedule**:

The parties agree that this is not a type of case that can be handled on an expedited basis with streamlined procedures.

17. **Scheduling**:

The parties propose the following schedule:

**Plaintiff's statement:**

| Event | Plaintiff's Proposal |
|---|---|
| Designation of Experts | June 2, 2008 |
| Discovery Cut-off | July 31, 2008 |
| Hearing of Dispositive Motions | July 31, 2008 |
| Pre-Trial Conference | October 6, 2008 |
| Trial | October 13, 2008 |

**Defendants' Statement:**

Non-expert discovery cut off: 60 days before trial

Rule 26(a)(2)(C) expert disclosure: 90 days before trial

Rule 26(a)(2)(C) rebuttal expert disclosure: 60 days before trial

Rule 26(a)(3) pretrial disclosure: 30 days before trial

Trial date: September 2008

18. **Trial**:

At this time, the parties are unable to estimate the length of trial. Plaintiff requests a trial by jury.

19. **Disclosure of Non-party Interested Entities or Persons**:

**Plaintiff's statement:** Plaintiff has filed a "Certification of Interested Entities or Persons" pursuant to Civil Local Rule 3-16, and hereby restate that (i) no persons, firms, partnerships corporations or other entities have a financial interest in the subject matter in controversy or in a party to the proceeding; and (ii) no persons, firms, partnerships corporations or other entities have any other kind of interest that could be substantially affected by the outcome of the proceeding.

**Defendants' statement:** Pursuant to Civil L.R. 3-16, persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties themselves known to have either: (i) a financial interest (of any kind) in the subject matter

in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding, as terms are defined in 28 U.S.C. 455 (d)(1), (3) and (4), include: Defendants.

Ross Stores, Inc. is a public company with numerous shareholders. Ross Dress For Less, Inc. is a wholly owned subsidiary of Ross Stores, Inc. Ross Stores, Inc. and Ross Dress For Less, Inc. have numerous advisers and active participants in their affairs. Directors of Ross Stores, Inc. include Norman A. Ferber, Michael Balmuth, K. Gunnar Bjorklund, Michael J. Bush, Sharon D. Garrett, Stuart G. Moldaw, George P. Orban, and Donald H. Seiler.

**20.    Other Matters:**

None.

Dated: October 19, 2007

RICHARD L. KELLNER
M. MARK YENIKOMSHIAN
KABATECK BROWN KELLNER LLP

By: _____
Richard L. Kellner
Attorneys for Plaintiff Toressa Lockette

KHORRAMI POLLARD & ABIR LLP

Attorneys for Plaintiff Toressa Lockette

Dated: October 19, 2007

J. KEVIN LILLY
KEITH A. JACOBY
LISA CHAGALA
LITTLER MENDELSON, P.C.

By: _____Lisa Chagala / JKL_____
J. Kevin Lilly
Attorneys for Defendants Ross Stores, Inc. and Ross Dress For Less, Inc.

Firmwide:83324730.1 022233.2150