1  **BRIAN S. KABATECK, SBN 152054**
   bsk@kbklawyers.com
2  **RICHARD L. KELLNER, SBN 171416**
   rlk@kbklawyers.com
3  **KABATECK BROWN KELLNER LLP**
   **644 South Figueroa Street**
4  **Los Angeles, CA 90017**
   **Telephone:    (213) 217-5000**
5  **Facsimile:     (213) 217-5010**

6  **SHAWN KHORRAMI, SBN 180411**
   skhorrami@kpalawyers.com
7  **DYLAN POLLARD, SBN 180411**
   dpollard@kpalawyers.com
8  **MATT C. BAILEY, SBN 218685**
   **KHORRAMI POLLARD & ABIR LLP**
9  **444 S. Flower St., Thirty-Third Floor**
   **Los Angeles, California 90071**
10 **Telephone:    (213) 596-6000**
   **Facsimile:     (213) 569-6010**
11

   *Attorneys for Plaintiff*
12 *and the Proposed Class*

13

14                    **UNITED STATES DISTRICT COURT**

15          **NORTHERN DISTRICT OF CALIFORNIA –OAKLAND DIVISION**

16 | TORESSA LOCKETTE; an individual; | ) | **CASE NO. CV 03430 MMC** |
   individually and on behalf of all other
17 similarly situated current and former | ) | **PLAINTIFF'S NOTICE OF MOTION**
   employees, | ) | **AND MOTION FOR ORDER (1)**
18 | ) | **GRANTING PRELIMINARY**
              Plaintiffs, | ) | **APPROVAL TO PROPOSED**
19 | ) | **COLLECTIVE ACTION**
       vs. | ) | **SETTLEMENT; (2) CONDITIONALLY**
20 | ) | **CERTIFYING A COLLECTIVE**
   | ) | **ACTION SETTLEMENT CLASS; (3)**
21 ROSS STORES, INC., a Delaware | ) | **DIRECTING DISSEMINATION OF**
   Corporation, ROSS DRESS FOR LESS, INC., | ) | **NOTICE AND CONSENT FORMS TO**
22 a Virginia Corporation, and DOES 1through | ) | **THE SETTLEMENT CLASS; AND (4)**
   100, | ) | **SETTING SCHEDULE FOR FINAL**
23 | ) | **APPROVAL PROCESS;**
   | ) | **MEMORANDUM OF POINTS AND**
24           Defendants. | ) | **AUTHORITIES IN SUPPORT**
   | ) | **THEREOF**
25 | ) |
   | ) | **Date:      August 15, 2008**
26 | ) | **Time:      9:00 a.m.**
   | ) | **Judge:     Hon. Maxine M. Chesney**
27 | ) |

28

---

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORDS:

2        NOTICE IS HEREBY BY GIVEN THAT on **August 15, 2008** , at **9:00 a.m.**, or as soon

3    thereafter as the matter may be heard, in Courtroom 7 of the Northern District of California,

4    Oakland Division, located on the 19th Floor of 1301 Clay Street, Oakland, California, Plaintiff

5    will and hereby does move this Court for an Order (1) Granting Preliminary Approval of the

6    Proposed Collective Action Settlement; (2) Conditionally Certifying the Settlement Class; (3)

7    Direction Dissemination of Notice and Consent Forms to the Collective; and (4) Setting a

8    Schedule for the Final Approval Process.

9        This Motion is based on the Joint Stipulation of Settlement, the accompanying

10   Memorandum of Points and Authorities, the Declaration of Richard Kellner, Esq. in Support of

11   Plaintiff's Motion; all other records, pleadings, and papers on file in this action and on such other

12   evidence or argument as may be presented to the Court at the hearing of this motion.

13       Defendants Ross Stores Inc. and Ross Dress for Less, Inc. do not oppose this Motion.

14

15   DATED: July ~~22~~ 25, 2008        Respectfully Submitted

16                KABATECK BROWN KELLNER LLP

17

18                By:

19                   RICHARD KELLNER, Esq

20

21                KHORRAMI, POLLARD & ABIR, LLP

22                Attorneys for Plaintiff

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

TABLE OF CONTENTS

I. INTRODUCTION...........................................................................1

II. STATEMENT OF FACTS............................................................2

    A. HISTORY AND STATUS OF THE CASE....................................3

    B. THE SETTLEMENT NEGOTIATIONS AND THE PROPOSED

       SETTLEMENT.................................................................3

          1. Proposed Settlement Terms.........................................4

          2. Method of Distribution of Funds...................................5

          3. The Proposed Notice.................................................5

          4. Settlement Administration...........................................7

          5. Right To Object......................................................8

          6. Stipend Payment To Named Plaintiff.............................9

          7. Attorneys Fees.......................................................9

III. LEGAL ANALYSIS.....................................................................9

    A. PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT

       SHOULD BE GRANTED.....................................................9

       1. General Standards For Preliminary Approval Of An

          FLSA Settlement......................................................9

       2. The Proposed Settlement Is Fair And Reasonable Resolution

          Of A Bona Fide Dispute, And Therefore, Warrants Approval..........10

    B. CONDITIONAL CERTIFICATION OF THE NATIONWIDE FLSA

       CLASS IS PROPER.......................................................12

    C. THE PROPOSED NOTICE AND CONSENT FORM PROVIDE

       POTENTIAL PLAINTIFFS WITH ACCURATE AND TIMELY

       NOTICE REGARDING THEIR RIGHTS..................................14

       1. The Means of Affecting Notice Under the Settlement Is

          Appropriate ..........................................................14

2.  The Proposed Notice of Settlement Meets Due Process

Requirements as to Form and Content……………………………15

D.  PROPOSED SCHEDULE……………………………………………16

IV. CONCLUSION………………………………………………………..…17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## TABLE OF AUTHORITIES

2

3

## CASES

4 *Hoffman-LaRoche, Inc. v. Sperling,*

5    493 U.S. 165 (1989) ………………………………………………..11

6 *Horton v. Merrill Lynch, Pierce, Fenner & Smith,*

7    855 F. Supp. 825, 827 (E.D.N.C. 1994)…………………………………..16

8 *Vizcaino v. Microsoft Corp.,*

9    290 F.3d 1043, 1050 n. 4 (9th Cir. , 2002)…………………………………18

10 *Leuthold v. Destination Am.,*

11    224 F.R.D. 462, 467 (N.D. Cal. 2004)………………………………….....18

12 *Eisen v. Carlisle and Jacquelin,*

13    417 U.S. 156, 173, 177 (1974)]……………………………….……..20

14

15

16

## STATUTES

17 29 U.S.C. §216(b) and (3) …………………………………..…1, 11, 12, 13

18 Fed. Rules Civ. Proc. R. 23(e)(1) …………………………………..……….13

19

20

21

22

23

24

25

26

27

28

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.      INTRODUCTION**

3          Plaintiff Toressa Lockett ("Plaintiff"), on behalf of all current and former assistant store

4  managers employed throughout the country by Ross Stores Inc. and Ross Dress for Less, Inc.

5  (collectively "Ross"), seeks: (1) Preliminary approval of a proposed joint settlement of this

6  Action, which asserts claims for violations of the Fair Labor Standards Act ("FLSA"); (2)

7  Conditional certification of a settlement collective action pursuant to 29 U.S.C. §216(b) and (3)

8  Approval of Notice materials to be sent to the class apprising them of the Settlement and their

9  right to opt in to the settlement.

10          As set forth herein, the Joint Stipulation Regarding Proposed Settlement [1] ("Settlement"

11  or "Settlement Agreement")) resolves claims brought by Plaintiff (and the proposed class

12  members that elect to opt-in) alleging that assistant store managers were improperly classified as

13  exempt employees by Defendant.  There are two material facets of the Settlement.  The monetary

14  component of the Settlement provides for a common fund of $1.2 Million, out of which both

15  Class monetary compensation and attorneys' fees will be paid.  In addition, the injunctive

16  component of the Settlement provides that Ross will re-designate all of its Assistant Store

17  Managers at all of its stores across the United States as non-exempt employees.  While it is

18  impossible to determine the precise monetary value of the injunctive component of the

19  Settlement, the availability of overtime for the approximately 3500 Assistant Store Managers

20  covered by the Settlement is a remarkable aspect of this Settlement and constitutes a tremendous

21  benefit to the settlement class.

22          The proposed Settlement should be approved as fair, reasonable and adequate.  The

23  proposed Settlement is a product of extensive arms'-length negotiations by experienced and

24  informed counsel.  Plaintiff is represented by experienced class counsel who were able to reach

25  a settlement after extensive negotiations and a thorough evaluation of the case, that provides the

26

27  [1]  A copy of the fully executed Joint Stipulation Regarding Proposed Settlement, is attached as **Exhibit 1** to [Proposed] Preliminary Approval Order filed concurrently herewith.

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

1  Class with meaningful relief, both now and in the future. The Settlement, while substantial and

2  meaningful for the Class, is even more favorable when considered in the context of the potential

3  risks that the Class faced if this matter proceeded to trial. At trial, it is anticipated that Ross

4  would argue that the Assistant Store Managers' primary duties were management-related, and it

5  conducted surveys to verify that less than fifty percent of the work done by Assistant Store

6  Managers were for non-supervisory duties. These critical arguments, as well as others that

7  usually attend comparable FLSA wage and hour actions, created a substantial risk that the Class

8  would not fully prevail at trial. Nonetheless, the settlement reached provides substantial relief

9  for past alleged miscategorization of the Assistant Store Managers, and *full and complete relief*

10 *for all future damages because the Settlement provides that Ross will prospectively treat all*

11 *Assistant Store Managers as non-exempt.*

12        Moreover, conditional certification of a collective action for purposes of settlement is

13 warranted as these potential plaintiffs are similarly situated based on the fact that Ross classified

14 Assistant Store Managers as exempt [2] from overtime compensation under Federal Law.

15 For these reasons, as set forth in greater detail below, Plaintiff Lockett respectfully requests that

16 this Court enter an Order: (1) Preliminarily approving the proposed Settlement, (2) Conditionally

17 certifying a settlement class, and (3) Authorizing the Notice to the proposed settlement class and

18 determining its appropriateness.

19

20 **II.    STATEMENT OF FACTS**

21        Defendant Ross is a national chain of department stores that is headquartered in

22 Pleasanton, California. Ross maintains 838 stores in 27 States, and each one of the Ross stores

23 has at least one Store Manager and one Assistant Store Manager. *See Kellner decl.*¶10.

24        As a result of a class action lawsuit that was settled more than two (2) years ago[3], Ross

25 _____

26 [2] *See* Settlement, page 8.
   [3] The case began as Taylor v. Ross Stores, Inc., Case No. O4CC09348, filed in Orange county. Colton v. Ross

27 Stores, Inc., Case No. RCV 065453 (the "Colton Action"), and Franco v. Ross Stores, Inc., Case No. BC298950 (the
   "Franco Action") had been coordinated in San Bernardino, and by an order dated August 8, 2006, the Taylor,

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

1  previously agreed to re-categorize its California Assistant Store Managers as non-exempt,

2  pursuant to the substantially more lenient California wage and hour rules.  However, because the

3  remainder of the Assistant Store Managers employed by Ross at its stores located **outside of the**

4  **State of California** are covered by the Fair Labor Standards Act ("FLSA"), Ross continued to

5  designate these employees as exempt managerial workers.  As a result, Ross does not pay its

6  non-California Assistant Store Managers overtime compensation.[4]  At the present time, there are

7  approximately 770 Assistant Store Managers employed by Ross in non-California stores.

8  ### A.    HISTORY AND STATUS OF THE CASE

9  On June 29, 2007, Plaintiff Toressa Lockette filed her initial complaint on behalf of

10  herself and all  similarly situated Ross employees against Ross alleging FLSA collective action

11  claims for (1) Failure to pay overtime compensation, and (2) Failure to provide rest periods (or

12  compensation thereof).  *See* Docket Entry No. 1.  On July 31, 2007, Ross filed a Motion to

13  Dismiss as to Plaintiff's second cause of action on the grounds that there is no requirement to

14  provide breaks under the FLSA, and thus, contending a lack of remedy under FLSA.  *See* Docket

15  No. 5.  On August 23, 2007, Plaintiff filed the First Amended Complaint to remove the second

16  claim for failure to provide rest periods.  *See* Docket Entry No. 15.  Starting in November 2007,

17  Plaintiff propounded comprehensive formal discovery, including Requests for Admissions,

18  Request for Production, and Special Interrogatories.  *See* <u>*Kellner decl.* ¶11.</u>  Soon thereafter, Ross

19  provided substantial written answers and thousands of pages of documents in response to

20  Plaintiff's Requests, including employee handbooks, manuals, policies, as well as results of an

21  online survey taken by thousands of Ross Assistant Store Managers quantifying the amount of

22  time spent on certain tasks.  *See* <u>*Kellner decl.* ¶12.</u>  Class Counsel spent weeks thoroughly

23  analyzing all discovery, and have conducted a thorough investigation into the facts of this Action

24  *See* <u>*Kellner decl.* ¶13.</u>

25  Colton, and Franco Actions were consolidated as Case No. RCV 065453 in San Bernardino Superior Court.

26  [4] In 2006, Ross entered into a class action settlement, referred to as the *Taylor* litigation, in which it paid a certain amount of money to Assistant Store Managers, and re-designated California Assistant Store Managers as non-

27  exempt workers.  This FLSA class action does not pertain to California Assistant Store Managers whose rights were fully adjudicated in that class action.

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

1  **B.    THE SETTLEMENT NEGOTIATIONS AND THE PROPOSED**

2  **SETTLEMENT**

3  Following the aforementioned investigation of the facts, which included substantial

4  informal discovery relating to Ross' claim that it closely monitored the actual work conducted by

5  its Assistant Store Managers [*See Kellner decl.* ¶14], the parties spent a full day negotiating the

6  potential terms of a settlement in mediation. *See Kellner decl.* ¶3. The proposed Settlement was

7  the result of extensive, arms'-length settlement negotiations, under the supervision of

8  experienced mediator, Jeffrey Krivis, Esq.. *See Kellner decl.* ¶3-7.

9      1.    Proposed Settlement Terms

10  The proposed Settlement is comprised of two substantial parts. The first involves the

11  creation of a $1,200.000.00 common fund to be equitably allocated (after deduction of

12  reasonable fees, costs and class representative service/incentive payments) to qualified

13  settlement class members who timely submit opt-in consent forms. *See Settlement Agreement*, at

14  3. The allocation of the net proceeds will be equitably based upon years of service. A little over

15  3,000 present and past Ross Assistant Store Managers will be eligible to opt-in and participate in

16  this portion of the Settlement. *See Kellner decl.* ¶6.

17  The second part of the Settlement involves an even more substantial benefit to the Class.

18  Ross has agreed to no longer apply the "executive exemption" with respect to all Assistant Store

19  Managers employed by Ross in the United States, no later than ninety (90) days after final

20  approval of the Settlement. *See Settlement Agreement*, at 3. As a result, all of the non-California

21  Ross Assistant Store Managers will be able to receive overtime compensation in the future.

22  Furthermore, all Opt-In Class Members who are current Ross employees will be required to

23  accurately report all hours worked and agree not to perform any work for Ross on an "off the

24  clock" basis, and will be paid overtime compensation available to non-exempt employees under

25  applicable law. *See Settlement Agreement*, at Page 3, paragraph 8 A. The monetary value of this

26  aspect of the Settlement is difficult to state with any precision, but will undoubtedly provide the

27  Class with greater monetary benefit that even the sums payable from the Common Fund. *See*

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

1  *Kellner decl.* ¶7.

2      The proposed Settlement also requires Class Counsel to distribute a written Notice to all

3  former and current Ross employees, generated from information provided by Ross of all eligible

4  class members. *See Settlement Agreement,* at 5-6. Ross will further instruct its managers and

5  supervisors to inform potential class members, when questioned about the Settlement, that they

6  should contact Class Counsel as directed on the Notice they received. *Id.* at 6. Ross will pay for

7  all of the costs of administration of the proposed Settlement, separate and apart from the $1.2

8  Million Common Fund.

9      In exchange for the aforementioned benefits, the members of the collective action who

10  become part of this litigation by having timely submitted a "Consent and Claim Form" *[attached*

11  *as* **Exhibit 3** to the [proposed] Order filed herewith]*, and thus become Opt-In Class Members,

12  will be deemed to have understood and agreed that the Settlement will act as a release as well as

13  a full and final accord and satisfaction as to all claims alleged in this matter.[5]

14          2.    Method of Distribution of Funds

15      Pursuant to the proposed Settlement, settlement funds will be disbursed as follows:

16  Initially, after deduction of $5,000.00 for a service payment to the class representative, and

17  attorneys' fees of thirty-three and one-third percent (33%) and costs (discussed further in Section

18  F and G, *infra*), the remainder of the settlement fund will distributed to the collective action

19  members who have filed a timely Consent and Claim Form. *See Settlement Agreement,* at Page

20  4, Paragraphs C through E. This is calculated on a *pro rata* basis, according to the number of

21  workweeks each Class Member was employed by Ross as an Assistant Store Manager. *Id.* All

22  of the proceeds paid to Opt-In Class Members shall be treated as wages and subject to all

23  applicable withholding and deductions. *Id.* at 4-5.

24          3.    The Proposed Notice

25

---

26  [5] Ross has reserved the right to withdraw from the Settlement if the Opt-In Class Members do not represent 50% of
    the total workweeks in the collective. *Settlement Agreement* at Page 4, Paragraph 9(A). Ross will have fourteen

27  (14) days from the close of the opt-in period to void the Settlement. *Settlement Agreement* at Page 4, Paragraph
    9(A).

28

1     There is no clear-cut requirement governing the form of FLSA notices.  In fact, the

2  Supreme Court in *Hoffman-LaRoche* expressly held that such "details" are best left to a trial

3  court's broad discretion.  *Hoffman-LaRoche, Inc. v. Sperling,* 493 U.S. 165 (1989).  The Notice

4  proposed by the Parties is attached as **Exhibit 2** to the proposed Order, filed concurrently

5  herewith.  As set forth therein, the proposed Notice provides for the following:

6

7     • A clear definition of the proposed class to allow class members to ascertain

8        whether they fall within the Settlement Class.  *See id.,* at 1.

9

10    • An explanation informing proposed class members that they are entitled to

11       recover money under the Settlement, and including an explanation of the formula

12       for allocation [*Id.,* at 4],[6] and the procedures and time limitations for obtaining

13       monies.  *Id.,* at 6-7.

14

15    • An explanation that under the terms of the proposed Settlement, Ross has agreed

16       to reclassify all Assistant Store Managers as non-exempt employees.  *See id.* at, 5-

17       6.

18

19    • An explanation of "other terms of the settlement[,]" such as **(a)** the amount and

20       purpose of the incentive payment to the class representative, **(b)** the terms and

21       procedures for class counsel's recovery of attorneys fees, including an express

22  _____

23  [6] As the court in *In re Sprint Corp. ERISA Litigation,* 443 F.Supp.2d 1249, 1262 (D. Kan., 2006)
    explained, "[n]otice provided to the class is adequate where it sets forth the formula for

24  distributing the settlement fund among the class members."  *See also, Nat'l Treasury Employees
    Union v. United States,* 54 Fed.Cl. 791, 806 (2002); *In re Lease Oil Antitrust Litig.,* 186 F.R.D.

25  403, 429-30 (S.D.Tex.1999) ("Notice is adequate where the class member is notified of the
    formula of allocation."); 3 Newberg on Class Actions § 8.32, at 265 (4th ed. 2002) ("It is

26  unnecessary for the settlement distribution formula to specify precisely the amount that each
    individual class member may expect to recover.").

27

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

1    statement that the amount sought will not exceed 33%, **(c)** that the payment to

2    class members is subject to taxation as wages, and **(d)** that Ross has the right to

3    withdraw from the Settlement if the minimum participate rate is not met. *See id.,*

4    at 4-6.

5

6    • The right of people who fall within the class definition to object to the Settlement,

7    specifying the deadline and procedures for doing so. *See id.* at 8.

8

9    Pursuant to the Settlement Agreement, the Notice will be mailed to the last known

10   address of settlement class members by first class mail within thirty (30) business days of the

11   entering of the order granting preliminary approval of the Settlement and Notice. *See Settlement*

12   *Agreement,* at 7. Additionally, a "Consent and Claim Form" will be distributed to the settlement

13   class with the Notice. *Id.* A true and correct copy of the "Consent and Claim Form" is attached

14   to the proposed Order, as **Exhibit 3**. Pursuant to the Agreement, the Consent and Claim form

15   lists the number of workweeks the potential Class Member spent as a Ross Assistant Store

16   Manager based on information from Ross' business records. *Settlement Agreement,* at Page 7,

17   Paragraph 19. The Settlement allows for potential Class Members to contest this information,

18   with Ross agreeing to cooperate with the Claims Administrator to resolve any such disputes. *Id.*

19   at Paragraphs 17-18. The Claim and Consent Form also includes a statement that the potential

20   class member, by signing the Consent Form, affirmatively opts into FLSA collective action and

21   agrees to release FLSA claims that were brought, or could have been brought against Ross, in

22   this litigation. *See Proposed Order*, **Exh. 3.**

23       4.    Settlement Administration

24   With regard to administration of the Settlement, Ross will provide the names, last known address

25   and social security number of all eligible members of the collective, and the number of

26   workweeks each potential plaintiff worked as an Assistant Store Manager during the relevant

27   period. *Settlement Agreement Id.* at 6. The Notice and Consent Forms will be mailed with

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

1    directions to the Postmaster to forward all undeliverable documents to the Claims Administrator.

2    *Id.* at 7. One supplemental Notice and Consent Form may be mailed to each Class Member

3    whose Notice and Consent Form are returned as undeliverable to the Claims Administrator

4    within thirty (30) days of the initial mailing of the Notice and Consent Form. *Id.* Potential Class

5    Members will have up to ninety (90) days from the mailing of the Notice and Consent Forms to

6    submit a claim. *Id.*, at 4. In the event that any potential Class Member does not make a claim

7    for their allotted portion of the Settlement, all remaining monies after the payment of all

8    attorneys' fees, costs, and enhancements will be distributed on a *pro rata* basis to Opt-In Class

9    Members who did make claims. That calculation will be made using the same workweek

10   methodology used to determine the initial division of the common settlement fund. *Id.,* at 5.

11       The Claims Administrator will mail payments within thirty (30) days after the final

12   approval of the Settlement, or, if there is any objection to the settlement, within three (3)

13   business days after the expiration of the time to file an appeal or the resolution of any appeal is

14   filed. *Id.*, at 8. If there is an objection to the Settlement that is later withdrawn, the Claims

15   Administrator will mail the settlement payments within ten (10) business days of receipt of

16   notice that such objection has been withdrawn. *Id.* Proof of payment will be filed with the Court

17   and provided to counsel for the respective Parties. *Id.*

18       5.    Right To Object

19       Members of the proposed settlement class have the opportunity to object to the proposed

20   Settlement, as clearly laid out in the Notice. *See Proposed Order*, **Exh. 2** at 8. As described in

21   the Notice, if members of the settlement class believe the proposed Settlement should not be

22   approved by the Court, they have the opportunity to send in written objections to Plaintiffs'

23   Counsel. *Id.* Plaintiffs' Counsel shall then file and serve a single document summarizing and

24   attaching all objections by Opt-in Plaintiffs before the Final Settlement Hearing. *Id.* The

25   location of the Court and the time of the Final Settlement Hearing are also clearly indicated on

26   the Notice for all Opt-in Plaintiffs who wish to appear. The Notice also clearly indicates that

27   Opt-in Plaintiffs who not object in the manner described in the Notice shall have waived any and

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

1   all objections to the Proposed Settlement.

2            6.      Stipend Payment To Named Plaintiff

3   To recognize the time and effort the named Plaintiff expended for the benefit of the collective, as

4   well as the risks she accepted by leading the litigation, Plaintiff asks the Court to award a

5   service/incentive payment of $5,000.00 to Toressa Lockette. *Id.* at 4.

6            7.      Attorneys Fees

7            By a separate application to be filed prior to the final fairness hearing, Plaintiffs' Counsel

8   will seek, and Ross has agreed not to oppose, an award of attorneys' fees not to exceed  33 1/3%

9   of the settlement fund. *Id.*

10  **III.    LEGAL ANALYSIS**

11       **A.    PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT**

12              **SHOULD BE GRANTED**

13              1.      General Standards For Preliminary Approval Of An FLSA Settlement

14       Pursuant to the terms of the FLSA, FLSA claims are non-waivable, and therefore, "may

15  not be settled without supervision of either the Secretary of Labor or a District Court." *See Yue*

16  *Zhou v. Wang's Rest.*, 2007 U.S. Dist. LEXIS 60683, 2 (N.D. Cal. Aug. 8, 2007);  *See Stevens v.*

17  *Safeway, Inc.*, 2008 U.S. Dist. LEXIS 17119, 12 (C.D. Cal., 2008).  "The proper procedure for

18  obtaining court approval of the settlement of FLSA claims is for the parties to present to the

19  court a proposed settlement, upon which the district court may enter a stipulated judgment only

20  after scrutinizing the settlement for fairness." *See Yue Zhou*, 2007 U.S. Dist. LEXIS 60683 at 2;

21  *Stevens*, 2008 U.S. Dist. LEXIS 17119, at 12.  "In reviewing the fairness of such a settlement, a

22  court must determine whether the settlement is a fair and reasonable resolution of a bona fide

23  dispute." *See Yue Zhou*, 2007 U.S. Dist. LEXIS 60683 at 4; *Stevens*, 2008 U.S. Dist. LEXIS

24  17119, at 12.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise

25  over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,]

26  … the district court [may] approve the settlement in order to promote the policy of encouraging

27  settlement of litigation." *See Yue Zhou*, 2007 U.S. Dist. LEXIS 60683 at 4.

28

---

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

1         2.     The Proposed Settlement Is Fair And Reasonable Resolution Of A Bona

2                Fide Dispute, And Therefore, Warrants Approval

3        Based on the terms of the Agreement, which contains all material terms of the Settlement,

4 and the accompanying Declaration of Plaintiff's Counsel, the proposed Settlement offers a fair

5 and reasonable resolution to a bona fide dispute that exists among all persons within the defined

6 class. With regard to the initial element, the record confirms that the Settlement seeks to resolve

7 a "bona fide dispute" that exists among all persons that fall within the defined class. Specifically,

8 this collective action involves the alleged unlawful failure of Ross to pay overtime compensation

9 to Assistant Store Managers as required under Federal Law. *See FAC*, at 6:15-8:7. Moreover, it

10 is uncontested by Ross that all persons employed outside of California in the position of

11 Assistant Store Manager are presently classified as exempt managerial employees, and thereon,

12 did not receive overtime compensation under the FLSA. *See Dec. of Jeffery Cook (in Support of*

13 *Ross' Motion to Change Venue)*, at ¶5 (attesting that "Assistant managers outside California

14 before April 1, 2007, were, and since that time remain, classified as exempt from overtime under

15 the Fair Labor Standards Act."). However, the Parties disagree as to whether such persons were

16 misclassified, and thereon, entitled to overtime compensation. *See Settlement Agreement*, at 1:8-

17 24. Based on these facts, there can be no reasonable disagreement that there presently exists a

18 bona fide disputed FLSA claim as to each and every individual who falls within the proposed

19 class. With regard to the second element, numerous pertinent factors collectively establish that

20 the Settlement provides a fair and reasonable resolution to class members who elect to opt-in to

21 the action.

22        **First**, there can be no doubt that this Settlement is a product of extensive arm's-length

23 negotiation between Counsel for the Parties, all of whom are experienced in class wage & hour

24 litigation. *See Kellner decl.* ¶18; *See Pollard decl.*, ¶3. For its part, Plaintiff's Counsel

25 undertook an extensive investigation of the claims asserted on behalf of the class, and at the time

26 of the Settlement, had engaged in significant discovery and review of Defendant's policies and

27 business practices. *See Kellner decl.* ¶13. Significantly, at all times Defendant has maintained it

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

1  has strong defenses to Plaintiff's action, including a defense based on surveys taken by members

2  of the proposed class which Defendant maintains establish that the Assistant Store Managers'

3  primary duties were management. *See Kellner decl.* ¶14. Within this backdrop, Counsel

4  engaged an experienced mediator, who was able to broker the framework of the Settlement,

5  which was further negotiated by the parties over the Court of several months. *See Kellner decl.*

6  ¶3-8.

7       **Second**, the benefits conferred by the proposed Settlement fall well within the range of a

8  reasonable Settlement. In making its determination that a proposed settlement is "within the

9  range of possible approval" the overarching goal of a court is simply to establish that there is

10  "probable cause to notify the class of the proposed settlement." *Horton v. Merrill Lynch, Pierce,*

11  *Fenner & Smith*, 855 F. Supp. 825, 827 (E.D.N.C. 1994). Here, the proposed Settlement

12  provides for *both* monetary and injunctive relief.

13       With respect to monetary compensation, approximately $799,000.00 of the Settlement

14  Fund will be distributed to present and past Assistant Store Managers who elect to opt-in, to be

15  distributed based the number of workweeks for an individual worked as an- Assistant Store

16  Manager. *See Settlement Agreement*, at Page 4, Paragraph 9 B. Based on this methodology, Opt-

17  In Class Members will receive a *pro rata* share of the net settlement amount that is based on the

18  number of workweeks each Opt-In Class Member worked as Ross Assistant Store Manager. *Id.*

19  at 4. As there are 3516 potential persons that comprise the proposed class (i.e. the total number

20  of Assistant Store Managers who have worked for Ross at any time after July 16, 2004 through

21  June 17, 2008), significantly, there will not be any reversion of their pool of money that has been

22  designated for payment to Opt-In Class Members. Further, Opt-In Class Members will have an

23  opportunity to submit payroll documentation to place the accuracy of Ross' documents in

24  dispute. *Settlement Agreement*, at 7. Ross will cooperate with the claims administrator to timely

25  investigate all disputes as to the total number of workweeks credited to any Opt-In Class

26  Member. *Id.*

27       With regard to the injunctive remedy, Ross will no longer apply the executive

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

1  exemption to its Assistant Store Managers, but instead will pay such employees an hourly rate.

2  While it is difficult to determine the monetary value of this aspect of the proposed Settlement, it

3  is fair to say that the value of this aspect of the settlement will exceed the substantial monetary

4  portion of the proposed Settlement. *See Kellner decl.* ¶7. **Finally**, the terms of the Settlement

5  does not provide undue preferential treatment to the interests of the named Plaintiff or Plaintiff's

6  counsel over the interests of the Class.   While the Settlement Agreement provides for a $5,000

7  incentive/service award for the name plaintiff, this award, which is contingent on approval by

8  this Court, is intended to compensate plaintiff for her time and effort litigating the claims on

9  behalf of the class, is well within the range deemed acceptable for similar representative cases.[7]

10  Moreover, the percentage of attorneys fees provided under the Settlement (i.e. 33 1/3%) are well

11  within the range of an acceptable fee under the common fund doctrine. *See Vizcaino v.*

12  *Microsoft Corp.*, 290 F.3d 1043, 1050 n. 4 (9th Cir. , 2002).

13      Accordingly, these terms are fair and reasonable as to each individual Class Member.

14  *See Kellner decl.* ¶8.

15  **B.    CONDITIONAL CERTIFICATION OF THE NATIONWIDE FLSA**

16  **CLASS IS PROPER**

17      As all members of the proposed class were classified as exempt, and therefore subject to

18  the same overarching policies and practices, certification of a Nationwide FLSA collective action

19  is proper. Unlike Rule 23, conditional certification of a collective action under 29 U.S.C. §

20  216(b) "requires only that 'plaintiffs make substantial allegations that the putative class members

21  were subject to a single illegal policy, plan or decision.'" *See Mowdy v. Beneto Bulk Transp.*,

22

23  _____

[7]  *See e.g. Williams v. Kaiser Sand & Gravel Co.*, 1995 U.S. Dist. LEXIS 14262, *6-7 (N.D. Cal. Sept. 19, 1995)

24  ("the court authorizes an additional payment of $10,000 to . . . the Class Representative, as compensation for its
    time and effort expended in the case."); *Van Vranken*, 901 F. Supp. at 299 (N.D. Cal. 1995) (approving incentive

25  award of $50,000 from a common fund); *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (incentive award of
    $25,000 for named plaintiff); *In Re Immunex Sec. Litig.*, 864 F.Supp. 142 (W.D. Wash., 1994) (11 named plaintiffs

26  shared $25,000); *In Re Dunn & Bradstreet Credit Services Customer Litig.*, 130 F.R.D. 366 (S.D. Ohio, 1990)
    (various incentive awards to names plaintiffs; highest individual award $55,000); *Carroll v. Blue Cross & Blue*

27  *Shield of Mass.*, 157 F.R.D. 142, 143 (D. Mass. 1994) ($7,500 payments to class representatives), *aff'd*, 34 F.3d
    1065(1st Cir. 1994); *Gaskill v. Gordon*, 1995 U.S. Dist. LEXIS 18576, * 13(N.D. Ill. Dec. 11, 1995) ("Awarding the

28  two class representatives an incentive award of $6,000 each").

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

1   2008 U.S. Dist. LEXIS 26233, 7 (N.D. Cal., 2008).[8]  Based on this low threshold, the Court's

2   "determination is usually made under a fairly lenient standard and typically results in conditional

3   class certification." *See Leuthold v. Destination Am.*, 224 F.R.D. 462, 467 (N.D. Cal. 2004).

4        Here, pursuant to the proposed Settlement, Plaintiff seeks certification of a collective

5   action under the FLSA consisting of the following defined class:

6

7        All persons who worked for Ross as an Assistant Store Manager anywhere in the United
         States or United States territories in the position of Assistant Store Manager at any time
8        Within three (3) years of the Preliminary Approval, who filed a Consent Form pursuant
         to 29 U.S.C. §216(b) prior to the expiration of the period set forth by this Court in the
9        Preliminary Approval, as well as all persons in California employed as Assistant Store
         Managers prior to April 1, 2007 who were not affected by the Taylor litigation.
10

11

12  Significantly, based on the declaration submitted by Ross in support of its *Motion to Change*

13  *Venue*, it is uncontested that all persons such persons were uniformly classified as exempt

14  managerial employees by Ross, and thereon, did not receive overtime compensation under the

15  FLSA: "Effective as of April 1, 2007, Ross reclassified assistant managers in California as non-

16  exempt from overtime under California law, and since then California assistant managers have

17  been paid on an hourly basis. Since that date, Ross has classified no assistant managers in

18  California as exempt from overtime.  Assistant managers outside California before April 1, 2007,

19  were, and since that time remain, classified as exempt from overtime under the Fair Labor

20  Standards Act." *See Dec. of Jeffery Cook (in Support of Ross' Motion to Change Venue)*, at ¶5.

21        Thus, as Ross employed a uniform policy of classifying all Assistant Store Managers as

22  exempt employees, all such employees uniformly were not paid overtime compensation.  This is

23  a sufficient basis to support conditional certification.  *See e.g. Lockhart v. County of L.A.*, 2008

24  U.S. Dist. LEXIS 53825, 13-14 (C.D. Cal. July 14, 2008) ("The factual allegations and

25  supporting evidence that potential class members were not paid wages they earned or were not

26  _____

27  [8] Unlike Rule 23 class actions, "'collective actions' … are not subject to numerosity, commonality, and typicality
    requirements …." *See Dees v. RSight, Inc.*, 2006 U.S. Dist. LEXIS 79501, 3-4 (W.D. Fla., 2006) (*citing Cameron-*
28  *Grant v. Maxim HealthCare Services, Inc.*, 347 F.3d 1240, 1248-49 (11th Cir. 2003).

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

1   paid overtime, coupled with the allegation and evidence that not paying overtime is County's

2   policy, is sufficient to establish the common legal theory necessary to show that 'there is a

3   colorable claim that [there is] a similarly situated group of people.'").  Based on the

4   aforementioned standard, conditional certification of this collective class is appropriate under 29

5   U.S.C. §216(b), as the proposed collective action is comprised of employees who were all

6   subject to a materially identical policy, plan or decision.  As such, Notice and Consent Forms

7   should be mailed to all individuals who fall within the proposed class.

8

9   **C.    THE PROPOSED NOTICE AND CONSENT FORM PROVIDE**

10          **POTENTIAL PLAINTIFFS WITH ACCURATE AND TIMELY NOTICE**

11          **REGARDING THEIR RIGHTS**

12          While Section 216(b) does not proscribe any standards for providing notice, "the

13  Supreme Court recognized the discretion of district courts to facilitate the process by which

14  potential plaintiffs are notified of FLSA collective actions in which they may be members of the

15  class." *See Prentice v. Fund for Pub. Interest Research, Inc.*, 2007 U.S. Dist. LEXIS 71122

16  (N.D. Cal. Sept. 18, 2007).   Using Rule 23 as a guide, the proposed Notice complies with all

17  requirements pertaining to the means of affecting notice, as well as requirements as to content

18  and form.   Based thereon, Plaintiff's Counsel requests that this Court approve the content of the

19  proposed Notice (and the accompanying Claim and Consent form) and Order that Notice be

20  affected as provided under the Settlement.

21          1.    The Means of Affecting Notice Under the Settlement Is Appropriate

22          While Due Process concerns at play in the context of Rule 23 are not implicated in a

23  collective action (due to the opt-in nature of the class), the Settlement Agreement nonetheless

24  provides for individualized direct mailing of the proposed Notice that meets Due Process

25  requirements.  As a general rule, Due Process requires individualized notice where the names

26  and addresses of class members "may be ascertained through reasonable effort" [ *Eisen v.*

27  *Carlisle and Jacquelin*, 417 U.S. 156, 173, 177 (1974)], and "is appropriate, for example, if class

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

1    members are required to take action – such as filing claims – to participate in the judgment, or if

2    the court orders a settlement opt-out opportunity under Rule 23(e)(3)." *See e.g.* Fed. Rules Civ.

3    Proc. R. 23(e)(1) (*Committee Note of 2003*).

4          Here, the Settlement Agreement provides for direct mailing of the Notice of Class

5    Settlement to the last known address of each Class Member to the last known address used to

6    mail the Notice of Class Certification. *See Settlement Agreement*, at Page 7, Paragraph 17.  To

7    the extent any Notice is returned as undeliverable, the Settlement Administrator shall conduct a

8    reasonable search of an appropriate address database to determine and re-mail the Notice. *See*

9    *id.*, at Paragraph 19.  The potential plaintiffs will have ninety (90) days from the date of the

10   preliminary approval of the Settlement to opt-in. *See id.*, at Page 4, Paragraph 9A.

11   Thus, as the Settlement meets due process standards, the means of effecting notice are clearly

12   appropriate under the Settlement.

13          2.   The Proposed Notice of Settlement Meets Due Process Requirements as to

14               Form and Content

15          In addition to the foregoing, the proposed Notices of Settlement directed at each Subclass

16   also complies with all requirements as to content and form. "The standard for the adequacy of a

17   settlement notice in a class action under either the Due Process Clause or the Federal Rules is

18   measured by reasonableness." *See Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 113-

19   14 (2d Cir., 2005).  While "[t]here are no rigid rules to determine whether a settlement notice to

20   the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must 'fairly

21   apprise the prospective members of the class of the terms of the proposed settlement and of the

22   options that are open to them in connection with the proceedings.'" *See Wal-Mart Stores*, 396

23   F.3d 96 at113-14.

24          Here, the proposed Notice (*attached as* **Exhibit 2** to the proposed Order filed herewith),

25   will reasonably inform members as to all material terms and options, including the following: (1)

26   the nature of the litigation; (2) the definition of the settlement class; (3) the identity and contact

27   information of Class Counsel; (4) essential terms of the Settlement, including the benefits of the

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

1   Settlement and the formula that will be employed to distribute settlement funds; (5) the amount

2   of attorneys' fees Class Counsel plans to seek and the service payment to the named Plaintiff; (6)

3   the process of how to opt-in to the Settlement; (7) the Court's procedures for final approval of

4   the Settlement; and (8) how to object to the Settlement.  As such, each potential plaintiff will

5   therefore by fully advised of all relevant terms of the settlement and will have an opportunity to

6   submit a claim.

7           This notwithstanding, the Consent and Claim form (*attached as* **Exhibit 3** to the

8   proposed Order filed herewith) will further list the number of workweeks that the potential Class

9   Member spent as a Ross Assistant Store Manager based on information from Ross' business

10  records, and permit the potential Settlement Class Member, by signing the Consent Form, to

11  affirmatively opt into the instant FLSA collective action Settlement.  *See Proposed Order*, **Exh.**

12  **3**.  Thus, the proposed Notice will "fairly apprise the prospective members of the class of the

13  terms of the proposed settlement and of the options that are open to them in connection with the

14  proceedings."  Based thereon, Plaintiff's Counsel request that this Court approve the proposed

15  Notice (and its accompanying Consent Form) and Order that Notice be affected as provided

16  under the Settlement.  In short, the form of the Notice and the manner of distribution agreed

17  upon by the Parties is the best notice practicable.  Given that the above mentioned detailed

18  process is the most efficient method of providing potential plaintiffs with notice of this litigation,

19  the Court should approve the Propose Notice and authorize dissemination of Notice to the

20  proposed class.

21  **D.      PROPOSED SCHEDULE**

22          For the reasons set forth above, Plaintiff respectfully requests that this Court take the

23  following actions, which are included within the proposed Preliminary Approval Order

24  submitted herewith:

25          1.      Preliminarily find that the proposed Settlement – reflected in the Agreement

26  attached the proposed Order as **Exhibit "1"** – is reasonable, fair, and in the best interests of the

27  proposed Class, and that it warrants notifying the Class Persons of the terms of the proposed

28

---

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

1    settlement and of their rights in connection with the proposed settlement, so that the parties may

2    proceed with notice to the class and to a fairness hearing for final settlement approval;

3         2.      Find the form, content and method of disseminating the Settlement Notice to class

4    members, as provided at page 7, Paragraphs 17-19 of the Settlement Agreement and in the

5    distinct forms attached to the proposed Order **Exhibits 2** and **3**) as constituting the best notice

6    practicable in the circumstances, and being reasonably likely to reach a substantial percentage of

7    Settlement Class Members;

8         3.      Direct that the Notice be disseminated in the manner described in page 7 of the

9    Settlement Agreement;

10        4.      Approve the procedures and deadlines described at page 4 of the Agreement for

11    filing objections and opting out of Settlement; and

12        5.      Appoint Plaintiff's Counsel as "Class Counsel" for purposes of the proposed

13    Settlement;

14        6.      Set the hearing on the final approval of the proposed settlement and its terms (the

15    "Final Approval Hearing").

16

## IV.    CONCLUSION

18       For the reasons set forth above, Plaintiff's counsel respectfully request that the Court

19    grant the instant motion in its entirety and enter an order: (1) Granting Preliminary Approval of

20    the Proposed Collective Action Settlement; (2) Conditionally Certifying the Settlement Class; (3)

21    Directing Dissemination of Notice and Consent Forms to the Collective; and (4) Setting a

22    Schedule for the Final Approval process consistent with the proposed schedule set forth above.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

1   For all the foregoing reasons, Plaintiffs respectfully request that this Court preliminarily approve

2   the Settlement, approve the requested class notice and request for the dissemination of the notice,

3   schedule the Final Fairness hearing and grant such other and further relief as the Court deems

4   just and proper.

5   DATED: July 25, 2008                         Respectfully Submitted

6                                                KABATECK BROWN KELLNER LLP

7

8                                        By:     _____

9                                                RICHARD KELLNER, Esq.

10

11                                               KHORRAMI, POLLARD & ABIR, LLP

12                                               Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY SETTLEMENT APPROVAL