BRIAN S. KABATECK, ESQ. SBN 152054
(bsk@kbklawyers.com)
RICHARD L. KELLNER, ESQ. SBN 171416
(rlk@kbklawyers.com)
KABATECK BROWN KELLNER, LLP
644 South Figueroa Street
Los Angeles, CA 90017
T: (213) 217-5000; F: (213) 217-5010

SHAWN KHORRAMI, ESQ. SBN 180411
(skhorrami@kpalawyers.com)
DYAN POLLARD, ESQ. SBN 180411
(dpollard@kpalawyers.com)
KHORRAMI POLLARD & ABIR, LLP
444 S. Flower St., Thirty-Third Floor
Los Angeles, CA 90071
T: (213) 596-6000; F: (213) 596-6010

Attorneys for Plaintiff and the Proposed Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA –OAKLAND DIVISION

| | |
|---|---|
| TORESSA LOCKETTE; an individual; individually and on behalf of all other similarly situated current and former employees,<br><br>Plaintiff,<br>vs.<br><br>ROSS STORES, INC., a Delaware Corporation, ROSS DRESS FOR LESS, INC., a Virginia Corporation, and DOES 1through 100,<br><br>Defendants. | CASE NO. CV 03430 MMC<br><br>DECLARATION OF RICHARD L. KELLNER, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER (1) GRANTING PRELIMINARY APPROVAL TO PROPOSED COLLECTIVE ACTION SETTLEMENT; (2) CONDITIONALLY CERTIFYING A COLLECTIVE ACTION SETTLEMENT CLASS; (3) DIRECTING DISSEMINATION OF NOTICE AND CONSENT FORMS TO THE SETTLEMENT CLASS; AND (4) SETTING SCHEDULE FOR FINAL APPROVAL PROCESS<br><br>Date:   August 15, 2008<br>Time:  9:00 a.m.<br>Dept:   7 (19th Floor)<br>Judge:  Hon. Maxine M. Chesney |

/ / /

/ / /

/ / /

/ / /

## DECLARATION OF RICHARD L. KELLNER, ESQ.

I, RICHARD L. KELLNER, declare:

1. I am a partner with Kabateck Brown Kellner LLP ("KBK"), co-lead Class Counsel appointed to represent the Class certified by this Court. I am licensed to practice before all of the Courts of the State of California and am admitted to practice before the United States District Court for the Northern District of California. I have personal knowledge of the matters stated herein and, if so called upon as a witness, could and would testify to such matters.

2. This Declaration is submitted in support of Class Counsel's Motion for Order (1) Granting Preliminary Approval to Proposed Collective Action Settlement; (2) Conditionally Certifying a Collective Action Settlement Class; (3) Directing Dissemination of Notice and Consent Forms to the Settlement Class; and (4) Setting Schedule for Final Approval Process.

### Proposed Settlement is a Product of Arms-Length Negotiations

3. The proposed "Settlement Agreement," as set forth in the Joint Stipulation Regarding Proposed Settlement,[1] was the result of extensive, arms'-length settlement. In addition to separate negotiations between counsel, the parties participated in a full-day mediation under the supervision of experienced mediator, Jeffrey Krivis, Esq.

4. Following mediation, the proposed Settlement was further negotiated by the parties over the course of several months.

5. During the mediation process, counsel for both sides candidly discussed the strengths and weakness of the claims alleged on behalf of the proposed collective class. The proposed Settlement reflects a "middle ground" based on the strengths and weaknesses of Plaintiff's case, including (a) the ability to maintain class certification through trial (which is being currently sought herein); (b) Defendant's strongly alleged affirmative defenses, including a defense based on surveys taken by members of the proposed class

---

[1] A copy of the fully executed Joint Stipulation Regarding Proposed Settlement (refered to herein as "Settlement" or "Settlement Agreement"), is attached as **Exhibit 1** to [Proposed] Preliminary Approval Order filed concurrently herewith.

which Defendant maintains establish that the Assistant Store Managers' primary duties were management-related; (c) the inherent uncertainties of prevailing on all of the claims at trial; and (d) the effect of delay or reversal of judgment if appealed. In light of the foregoing, the proposed Settlement is fair and reasonable.

6. The proposed Settlement is comprised of two substantial parts. The first involves the creation of a $1,200.000.00 common fund to be equitably allocated (after deduction of reasonable fees, costs and class representative service/incentive payments) to qualified settlement class members who timely submit opt-in consent forms. [*See Settlement Agreement*, at P. 3, Paragraph 8B] The allocation of the net proceeds will be equitably based upon years of service. Approximately 3,500 present and past Ross Assistant Store Managers will be eligible to opt-in and participate in this portion of the Settlement.

7. The second part of the Settlement involves an even more substantial benefit to the Class. Ross has agreed to no longer apply the "executive exemption" with respect to all Assistant Store Managers employed by Ross in the United States, no later than ninety (90) days after final approval of the Settlement. [*See Settlement Agreement*, at P. 3, Paragraph 9A] As a result, all of the non-California Ross Assistant Store Managers will be able to receive overtime compensation in the future. Furthermore, all Opt-In Class Members who are current Ross employees will be required to accurately report all hours worked and agree not to perform any work for Ross on an "off the clock" basis, and will be paid overtime compensation available to non-exempt employees under applicable law. [*See Settlement Agreement*, at Page 3, paragraph 8 A.] The monetary value of this aspect of the Settlement is difficult to state with any precision, but will undoubtedly provide the Class with greater monetary benefit that even the sums payable from the Common Fund.

8. Based on these factors, it is my belief that the terms of the proposed Settlement are fair and reasonable as to each individual Class Member.

### Fact Finding Sufficient for Parties to Make Informed Evaluation

9. It is my belief that Class Counsel and the representative Plaintiff have undertaken sufficient fact finding to make an informal assessment of Plaintiff's claims.

10. Defendant Ross is a national chain of department stores that is headquartered in Pleasanton, California. Ross maintains 838 stores in 27 States, and each one of the Ross stores has at least one Store Manager and one Assistant Store Manager.

11. Starting in November 2007, Plaintiff propounded comprehensive formal discovery, including Requests for Admissions, Request for Production, and Special Interrogatories.

12. Soon thereafter, Ross provided substantial written answers and thousands of pages of documents in response to Plaintiff's Requests, including employee handbooks, manuals, policies, as well as results of an online survey taken by thousands of Ross Assistant Store Managers quantifying the amount of time spent on certain tasks.

13. Class Counsel spent weeks thoroughly analyzing all discovery, and have conducted a thorough investigation into the facts of this Action.

14. At all times, Defendant has maintained that it has strong defenses to Plaintiff's action, including a defense based on surveys taken by members of the proposed class which Defendant maintains establish that the Assistant Store Managers' primary duties were management.

15. During the course of settlement negotiations, the parties also engaged in substantial informal discovery relating to Ross' claim that it closely monitored the actual work conducted by its Assistant Store Managers.

16. Based on my review of the facts and documents in this case, and understanding of the legal issues presented, it is my position that the resulting proposed Settlement is fair, adequate, and reasonable as to each individual Class Member.

### Class Counsel are Experienced in Similar Litigation

17. I have been practicing complex litigation for over 21 years. I have tried over 25 cases, and handled over 100 appeals. My firm, Kabateck Brown Kellner LLP, has been lead counsel in scores of class action, and I have experience with class action litigation and the relevant issues and settling class action claims.

18. Below is a list of class action cases which were successfully settled by my Firm in its role and lead and/or co-lead counsel on behalf of the respective putative classes:

- *Hurtado v. TEG/LVI, Environmental Services Inc.*, LASC Case No. BC276468 (trial verdict on behalf of class for failure to pay prevailing wages; settlement on claims that defendant failed to pay employees prevailing wages, overtime, and rest break).

4
DECLARATION OF RICHARD L. KELLNER, ESQ. IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

- *Borrayo, et al. v. Carlton Forge Works*, LASC Case No. BC298858 (settlement of class composed of 244 employees who were not paid overtime wages which were owed for time worked on alternative work week schedule).
- *Cossey v. BCI Coca-Cola Bottling Co. of Los Angeles*, LASC Case No BC367978 (Class Settlement pending on claims alleging employer failed to pay overtime and meal and rest periods).
- *Checkmate v. Yahoo*, Central District of California Case No. CV 05-4588 CAS (nationwide class settlement in case alleging that defendant charged advertising clients for fraudulent pay-per-click internet advertising).
- *Marootian, et al. v. New York Life Insurance Company*, Central District of California Case No. C99-12073 CAS (MCx) (settlement of action involving plaintiffs who alleged that New York Life Insurance Company failed to pay benefits under life insurance policies it issued in and following 1875 in the Turkish Ottoman Empire on the lives of persons of Armenian descent).
- *Kyurkjian v. AXA, S.A*, Central District of California, Case No. CV 02-01750 CAS (MCx) (settlement of action involving plaintiffs who alleged that AXA insurance company failed to pay life insurance benefits issued in and following 1875 in the Turkish Ottoman Empire on the lives of persons of Armenian descent).
- *Epson Ink Cartridge Cases*, L.A.S.C. Case No. BC293641 & S.F.S.C. Case No. CGC-03-425588 (settlement on behalf of a nationwide class of consumers whose Epson printer cartridges were defined by printer software as being empty when, in fact, they contain a substantial amount of ink and may continue to print).
- *Harrison, et al. v. Pacific Bay Properties, et al.*, L.A.S.C. Case No. BC285320 (construction defect class action settlement involving installation of Greenboard in showers).
- *Alba v. Papa John's, et al.*, Central District of California, Case No. CV-05-7587 (GW) (wage and hour class action settlement, where class was certified upon a contested motion).

19. Based on my experience, I believe that I am qualified to properly assess the merits of Plaintiff's case and evaluate the fairness of the proposed Settlement.

### The Size and Number of the Class

20.     Opt-In Class Members will receive a *pro rata* share of the net settlement amount that is based on the number of workweeks each Opt-In Class Member worked as Ross Assistant Store Manager. Based on review of information provided by Defendant, there are approximately 3,516 Assistant Store Managers who had worked for Ross at any time on or since July 16, 2004 (the statutory bar date for claims in this Action. This is the approximate universe of potential persons that comprise the proposed class. Defense counsel has informed me that by the time of the hearing for preliminary approval, they will have a precise accounting of the total number of workweeks at issue for the entirety of the universe of potential claimants so that this Court can be apprised of the minimum amount of money class members will receive if there is full participation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: July 25, 2008

_____
RICHARD L. KELLNER, ESQ.