1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

TORESSA LOCKETTE; an individual;
individually and on behalf of all other
similarly situated current and former
employees,

          Plaintiff,

    vs.

ROSS STORES, INC., a Delaware
Corporation, ROSS DRESS FOR LESS,
INC., a Virginia Corporation, and DOES
1 through 100,

          Defendants.

**CASE NO.** Case No. CV 07-03430 MMC

**[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF FLSA
SETTLEMENT, PROVISIONALLY
CERTIFYING COLLECTIVE ACTION
FOR SETTLEMENT PURPOSES, AND
PROVIDING FOR NOTICE OF
PROPOSED SETTLEMENT AND
FINAL SETTLEMENT HEARING**

**Dept:** 7
**Judge:** Hon. Maxine M. Chesney

This matter comes to be heard for entry of a Preliminary Approval Order pursuant to the *Joint Stipulation of Settlement*, attached hereto and incorporated herein as **Exhibit "1."** The above captioned Lawsuit is a class action brought by the Named Plaintiff, Toressa Lockette (hereinafter "Plaintiff"), represented by Plaintiff's Counsel, against Defendant Defendants Ross Stores, Inc. and Ross Dress For Less, Inc. (hereinafter "Defendants") (collectively "the Parties").

The sole claim contained in this collective action alleges that Defendants violated the FLSA (29 U.S.C. § 201, et. seq.) by failing to provide persons employed in the position of Assistant Store Manager overtime compensation by classifying such individuals as exempt managerial employees. Through her action, Plaintiff seeks damages in the form of unpaid wages and liquidated damages, prejudgment interest and attorney's fees and costs, on behalf of herself and persons who elect to opt-in to the proposed collective action pursuant to 29 U.S.C. § 216(b). Defendants deny that they have any liability toward Plaintiff or any members of proposed opt-in class, and continues to assert that it has not violated the FLSA.

Plaintiff, on behalf of herself and on behalf of the proposed opt-in class, has agreed with Defendants to a settlement of this collective action upon the terms set forth in the *Joint Stipulation of Settlement*, and has applied to this Court for preliminary approval of the Settlement pursuant to 29 U.S.C. § 201, et. seq.

Upon review and consideration of the *Joint Stipulation of Settlement*, upon consideration of the agreement of the Named Plaintiff ( as representative of the proposed opt-in Class) and of Defendants, to the terms and conditions of the Settlement to settle and dismiss this collective action upon the terms set forth in the *Joint Stipulation of Settlement*; and a hearing being required on such dismissal as to the good faith, fairness, reasonableness and adequacy of the proposed Settlement.

NOW, therefore, upon the application of the Named Plaintiffs and Class Counsel, and having heard arguments of counsel and being fully advised in the premises;

**IT IS, HEREBY ORDERED, ADJUDGED AND DECREED**:

1.     The terms of the Settlement Agreement are preliminarily approved, subject to final approval thereof at the Final Settlement Hearing described in Paragraph 4 of this Order.

2.     By agreement of the Named Plaintiff, on behalf of the proposed opt-in Class, Plaintiff's Counsel, and of Defendants, the following class of individuals is provisionally certified as a collective action pursuant to 29 U.S.C. § 216(b), for purposes of this Settlement only, as follows:

All persons who worked for Ross as an Assistant Store Manager anywhere in the United States or United States territories (with the exception of California) in the position of Assistant Store Manager at any time within three years of the date of this Order, as well as all persons in California employed as an Assistant Store Manager prior to April 1, 2007 but within three (3) years of the date of this Order whose claims were not released by the *Taylor* litigation.

3.    In accordance with the terms of the *Stipulation of Settlement*, the Claims Administrator will affect the *Notice of Settlement* substantially in the form annexed hereto as "**Exhibit 2**," by sending such Notice via First Class U.S. Mail no later than 30 days after entry of this Order. Moreover, in accordance with the *Stipulation of Settlement*, the Notice shall be accompanied by the proposed "Consent and Claim Form" in the form annexed hereto as "**Exhibit 3**." Such notice is hereby found to be appropriate under the circumstances, and constitutes due and sufficient notice of the Settlement and the Final Settlement Hearing to all persons entitled to receive such notice as Class Members. Moreover, this Court has reviewed and approves of the "Consent and Claim Form."

4.    Counsel shall file a Motion for Final Approval of the Settlement, which motion shall include all objections thereto, an opposition to all objections and an application for attorneys' fees and disbursements, on or before January 23, 2009.

5.    The Final Settlement Hearing shall be held before the Honorable Maxine M. Chesney, Judge of the United States District Court for the Northern District of California, on February 6, 2009, at 9:00 a.m., at 450 Golden Gate Avenue, San Francisco, California 94102 in Department 7 (19th Floor), to consider: **(a)** whether the settlement is a fair and reasonable resolution of a bona fide dispute; **(b)** whether to enter an order approving the Settlement and dismissing of this collective action with prejudice; **(c)** whether this Court approves of the Plaintiff's enhanced award, and Plaintiff Counsel's request for an award of attorneys' fees and reimbursement of litigation expenses.

6.    Counsel for the respective parties are authorized to retain RG2 Claims Administration, LLC, One Market, Spear Tower, San Francisco, CA 94105 (www.rg2claims.com), (415) 957-3010, as the Claims Administrator, in accordance with the terms of the Settlement Agreement.

7.    For purposes of Settlement, the Court hereby appoints Khorrami Pollard & Abir LLP and Kabateck Brown Kellner LLP as "Class Counsel" for the opt-in Class.

8.    Any opt-in Class member who has timely elected to be included in the Class may appear at the Final Settlement Hearing, in person or by counsel, and show cause as to why the proposed Settlement should not be approved as fair, reasonable and adequate, and why Final Approval should not be granted and a Judgment entered in this case, only if an appearance is filed and served as hereinafter provided. No person shall be heard or entitled to object to the approval of the Settlement unless (a) the individual timely files a consent to become an opt-in member of the Settlement Class, and (b) a notice of whether such person intends to appear in person at the Final Settlement Hearing, together with a statement of the basis for such opposition and any supporting documentation is mailed to the Clerk of this Court with a postmark date on or before January 9, 2009. The Court will consider all timely objections, whether or not the objector has appeared at the Final Fairness hearing.

9.    All proceedings in the Lawsuit, other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended without prejudice to any party until further order of this Court.

10.    If the Settlement is not approved by the Court or consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Named Plaintiff, the members of the Class, and Defendants.

Dated: August ___, 2008

_____
United States District Court Judge

ORDER PRELIMINARILY APPROVING FLSA COLLECTIVE ACTION SETTLEMENT

**Exhibit 1**

1  J. KEVIN LILLY, Bar No. 119981
2  KEITH A. JACOBY, Bar No. 150233
   LITTLER MENDELSON
3  A Professional Corporation
   2049 Century Park East, 5th Floor
4  Los Angeles, CA 90067.3107
   Telephone:   310.553.0308
5  Fax No.:     310.553.5583
   E-mail:      klilly@littler.com
6               kjacoby@littler.com

7  LISA C. CHAGALA, Bar No. 217883
   LITTLER MENDELSON
8  A Professional Corporation
   1255 Treat Boulevard, Suite 600
9  Walnut Creek, CA 94597
   Telephone:   925.932.2468
10 Facsimile:   925.946.9809
   E-mail: lchagala@littler.com

11
   Attorneys for Defendants
12 ROSS STORES, INC.; ROSS DRESS FOR
   LESS, INC.

13
                  UNITED STATES DISTRICT COURT
14
                NORTHERN DISTRICT OF CALIFORNIA
15

16
   TORESSA LOCKETTE; an individual;        Case No. CV 03430 MMC
17 individually and on behalf of all other
   similarly situated current and former    **JOINT STIPULATION REGARDING
18 employees,                               PROPOSED SETTLEMENT IN
                                            SUPPORT OF MOTION FOR
19              Plaintiff,                   PRELIMINARY APPROVAL OF
                                            COLLECTIVE ACTION**
20        v.

21 ROSS STORES, INC., a Delaware           Date:    June ___, 2008
   Corporation, ROSS DRESS FOR             Time:    ___:00 a.m.
22 LESS, INC., a Virginia Corporation,     Place:
   and DOES 1-100,
23                                         Judge: Hon. Maxine M. Chesney
               Defendants.                 Complaint filed: June 29, 2007
24                                         Trial Date: None set

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468
JOINT STIPULATION RE: PROPOSED SETTLEMENT
ISO MOTION FOR PRELIMINARY APPROVAL OF
COLLECTIVE ACTION (NO. CV 03430 MMC)

Plaintiff and Class Representative Toressa Lockette (the "Class Representative") and the Class she represents as defined herein (the "Class"), by and through counsel of record (Richard L. Kellner, Esq. of Kabateck Brown Kellner, LLP, and Shawn F. Khorrami, Esq. of Khorrami Pollard & Abir, LLP; collectively, "Class Counsel"), on the one hand, and Defendants Ross Stores, Inc. and Ross Dress For Less, Inc. (collectively, "Defendants" or "Ross"), by and through their counsel of record (Keith Jacoby, Esq. of Littler Mendelson, P.C.), on the other hand, hereby stipulate and agree, subject to Court approval, as follows:

1.    On June 29, 2007, the Class Representative filed a Complaint in the above-captioned action, alleging claims for unpaid wages and unlawful business practices (the "Action"). A First Amended Complaint ("FAC") was filed on September 5, 2007. The Action alleged that all persons employed by Ross in any retail store in the United States or United States territories in the position of Assistant Store Manager ("ASM") at any time within three years of the preliminary approval of this settlement, as well as all persons in California employed as ASMs prior to April 1, 2007 who were not affected by the *Taylor*[1] litigation (collectively, the "Class Members"), were improperly classified as exempt from overtime under federal law (the "Class Claims"). The Class Representative sought, on behalf of herself and the putative class wages, liquidated damages, interest, attorneys' fees and costs arising from the stated putative Class Claims.

2.    On October 5, 2007, Ross filed an Answer to the FAC, denying the material allegations in the FAC, and denying that it has, in whole or in part, any liability for the claims sought in the Action, including the Class Claims. Ross continues to deny any liability for any act or omission alleged in the Complaint. Pursuant to Rule 408 of the Federal Rules of Evidence, this Stipulation shall be inadmissible in evidence in any proceeding, except as necessary to approve, interpret or enforce this Stipulation.

---

[1] For purposes of this Stipulation, the "*Taylor* litigation" shall refer to *Taylor v. Ross Stores Coordinated Actions*, San Bernardino County Superior Court Case No. RCV 065453. Those ASMs who released claims for overtime and related claims arising from their exempt status in the *Taylor* litigation are also precluded from asserting any claims arising out of or are reasonably related to the facts alleged in this Action, including, without limitation, all claims under the California Labor Code, Industrial Welfare Commission Wage Orders and the California Business and Professions Code, or in connection with any other action, including administrative proceedings.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

JOINT STIPULATION RE: PROPOSED SETTLEMENT
ISO MOTION FOR PRELIMINARY APPROVAL OF
COLLECTIVE ACTION (NO. CV 03430 MMC)          1.

3.    Class Counsel and counsel for Ross have conducted their own respective investigations into the allegations of the Action and evaluated the information produced in the Action.    The parties recognize that further litigation will cause inconvenience, distraction, disruption, delay and expense disproportionate to the potential benefits of litigation and has taken into account the risk and uncertainty of the outcome inherent in any litigation.  Based on their own independent investigations and evaluations, the Parties and their respective counsel are of the opinion that the settlement for the consideration and on the terms set forth in this Stipulation is fair, reasonable, and adequate and is in the best interest of the Class Members and Ross, in light of all known facts and circumstances and the risks inherent in litigation; including the potential appellate issues.  The proposed settlement for each participating Class Member is fair, reasonable and adequate, given the inherent risks of litigation.

4.    On January 30, 2008, all counsel of record and corporate representatives of Ross attended a full day mediation session before Jeffrey Krivis, a mediator with extensive experience mediating complex class action litigation.  The settlement set forth in this Stipulation reflects the agreement in principle reached at the end of the January 30, 2008 mediation.

5.    The proposed settlement described in this Stipulation contemplates, as detailed below, that Ross will pay certain compensation to Class Members who opt into the settlement, to settle all claims brought by Class Members in the Action for all allegedly unpaid wages owed, and any statutory damages/penalties arising from any conduct alleged as part of the Class clams or in the Complaint, including any allegedly unfair, unlawful or fraudulent business practices.  The Parties desire to terminate said controversy and settle their respective differences, controversies and misunderstandings, and seek Court approval of this Settlement.

6.    This Stipulation is contingent upon the approval of the Court and is for settlement purposes only.  Ross does not waive, and instead expressly reserves any and all rights to challenge the merits of the Class's claims and the continuing propriety of class

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

JOINT STIPULATION RE: PROPOSED SETTLEMENT
ISO MOTION FOR PRELIMINARY APPROVAL OF
COLLECTIVE ACTION (NO. CV 03430 MMC)

2.

1   certification for any purpose, and this agreement shall be void, *ab initio*, should the Court not

2   approve this or any other subsequently filed Stipulation.

3       7.      In order to effectuate the purposes of this Settlement, the Parties hereby agree

4   as follows, and propose for approval, the following specific terms and conditions.

5       8.      The Settlement contains the following essential terms:

6       A.      The parties acknowledge that no later than ninety (90) days after final

7   approval of the settlement of the Action, Ross will begin paying ASMs on an hourly basis

8   and will not, absent a material change in the law or factual circumstances that would justify a

9   further operational change, apply the executive exemption with respect to ASMs employed

10  by Ross in the United States. All Class Members who are current employees of Ross must

11  also agree to accurately report all hours worked and not to perform any work for Ross on an

12  "off the clock" basis. Ross shall retain the right to evaluate and classify its employees as

13  exempt or non-exempt.

14      B.      Ross will pay a fixed sum total of One Million Two Hundred Thousand

15  Dollars ($1,200,000.00) to fund the Settlement for the benefit of the Class Members ("Gross

16  Settlement Amount" or "GSA"), payable upon the presentation of valid claims, in

17  accordance with the process set forth herein. Payment of the GSA shall be made by Ross by

18  wire transfer to a settlement fund account (the "Fund") designated and maintained by a third-

19  party claims administrator appointed by the Court to administer the claims process and

20  settlement of the Action within thirty (30) days of the final approval of the settlement by this

21  Court. The Parties intend that the Fund to be created shall qualify as a "qualified settlement

22  fund" under Treas. Reg. §1.468B-1. Accordingly, the obligation of Ross to make payment

23  of the GSA to the Fund is contingent upon the Court's entry of an order establishing the Fund

24  and appointing a claims administrator (the "CA") as contemplated above. It shall be a

25  further condition that the order shall confirm the parties' agreement that the Fund is

26  established to resolve the contested compensation claims described in paragraph 10 and shall

27  direct the CA to maintain the Settlement Proceeds until distribution in an account or accounts

28  segregated from the assets of Ross and any person related to Ross.

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

JOINT STIPULATION RE: PROPOSED SETTLEMENT
ISO MOTION FOR PRELIMINARY APPROVAL OF                    3.
COLLECTIVE ACTION (NO. CV 03430 MMC)

C.    Class Counsel shall be entitled to recover attorneys fees and costs out of the GSA. Ross shall not object to any claim for attorneys fees that does not exceed thirty-three percent (33%) of the GSA. In the event that final approval of the settlement is granted, but less than 33% of the GSA is awarded as fees and costs to Class Counsel, those monies will be distributed *pro rata* to participating Class Members.

D.    The Class Representative shall be entitled to a fee enhancement out of the GSA, in an amount up to Five Thousand Dollars ($5,000.00), in addition to the claim share she receives as a Class Member, for her representation of Class Members in the Action. The amount remaining after subtracting attorneys fees and costs and enhancement described above shall constitute the "Net Settlement Amount".

E.    After said deductions, the parties shall calculate the *pro rata* share of the Net Settlement Amount that will be available for each Class Member to claim, based on the number of workweeks said Class Member worked as an ASM during the class period, as set forth in Paragraph 9(A) of this Joint Stipulation.

F.    Ross will also reimburse Class Counsel for the cost of the mediation. All Parties will otherwise bear their own fees and expenses in connection with this litigation, and Ross bears no responsibility for any decision by the Court to decline to award the full amount of fees and costs sought by Class Counsel.

9.    Class Representative and Class Counsel will recommend to the Court, and request Court approval, of the following procedure for allocation of the GSA to Class Members:

A.    Class Members shall have a period of no less than sixty (60) days and no more than ninety (90) days in which to opt in and participate in the proposed settlement set forth herein. If the Class Members that elect to participate do not represent over 50% of the total workweeks in the Class, Ross will have the option of voiding the settlement within fourteen days of the close of the class opt in period.

B.    Funds from the Net Settlement Amount will be distributed on a *pro rata* basis, based upon the number of workweeks each Class Member was employed by Ross as

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek CA 94597
925 932 2468

JOINT STIPULATION RE: PROPOSED SETTLEMENT
ISO MOTION FOR PRELIMINARY APPROVAL OF
COLLECTIVE ACTION (NO. CV 03430 MMC)          4.

1    an ASM. Said monies will be paid in consideration for the release set forth on each Class

2    Member's claims form. All of the proceeds paid to Class Members shall be treated as wages

3    and subject to all applicable withholdings and deductions.

4           C.    Notwithstanding any of the provisions set forth hereinabove, in the

5    event that any Class Member does not make a claim for their allotted portion of the Net

6    Settlement Amount, all remaining monies after the payment of all attorneys fees, costs, and

7    enhancements shall be distributed on a *pro-rata* basis to Class Members who did make

8    claims, using the same workweek methodology used to determine the initial division of the

9    proceeds.

10          10.   As part of the motion for preliminary and final approval of this proposed

11   settlement, Ross shall not contest any portion of the above Class Representatives' and Class

12   Counsels' proposal to the Court for allocation of the GSA, so long as such allocation is

13   consistent with the provisions of Paragraphs 8-9 herein.

14          11.   It is specifically understood that this is a "no reversion" settlement; that is,

15   Ross will pay the amount as stated in Paragraph 8B, above, without condition and without

16   reimbursement of any amounts to Ross, unless the Settlement is voided by the Court or upon

17   the occurrence of any event that this Stipulation that provides for the voiding of the

18   settlement.

19          12.   Except as specifically set forth herein, Class Counsel and the CA will be solely

20   responsible for locating Class Members, and will be responsible for verifying and obtaining

21   updated addresses information. Class Counsel and the CA will be solely responsible, under

22   Court supervision, for administration of the Settlement, including, but not limited to: seeking

23   preliminary and final approval; providing notice to Class Members; collecting claims;

24   determining claim shares; and distributing settlement proceeds (including withholding for

25   payroll taxes and income taxes on W-2 wage payments made to Class Members for the

26   amounts to be paid as W-2 wages; complying with the reporting and payment obligations

27   imposed by Treas. Reg. §1.468B-2(I)(2) on the Fund (as well as reporting and payment

28   obligations to state and local tax authorities with respect to the Fund); and paying any tax

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Tenth Tower
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

JOINT STIPULATION RE: PROPOSED SETTLEMENT
ISO MOTION FOR PRELIMINARY APPROVAL OF
COLLECTIVE ACTION (NO. CV 03430 MMC)                    5.

1    imposed on the Fund pursuant to Treas. Reg. §1.468B-2(a) and other applicable provisions

2    of Federal, state or local law imposing tax on the Fund).

3        13.    Ross' responsibility with regard to administration is to provide in electronic

4    form the names, last known address and social security number of all eligible Class

5    Members, and the number of workweeks each Class Member worked as an ASM during the

6    relevant time period.  The CA shall furnish to Ross copies of all Forms W-2, 1099, or other

7    tax reporting forms provided by the Fund to any payee of GSA proceeds within thirty days

8    after each such form has been furnished to the payee shown thereon.  All costs of claims

9    administration will be borne by Ross, and are not part of the GSA

10       14.    The Parties and their attorneys will not, in any way, make any efforts to

11   dissuade Class Members from making claims or otherwise participating in the Settlement.

12   As to any inquiries by current or former employee Class Members, Ross will instruct its

13   management and supervisory employees to generally state as follows:

14           "Ross has agreed to settle claims relating to issues of how certain

15           Assistant Store Managers were compensated.    These claims are

16           disputed, and the settlement does not mean that the Company has

17           admitted it has done anything improper.  The Company has absolutely

18           no objection to your participation in the Settlement, including your right

19           to receive monies from the fund created by the Company.  If you have

20           any questions about the nature of the case or the settlement process, you

21           should contact Class Counsel indicated on the notice you received."

22       15.    The Parties also agree not to make or issue any statements that would tend to

23   disparage the other, related to the Class Action or the settlement thereof.  Class Counsel will

24   issue no press releases regarding the settlement, will make no postings on websites and will

25   give no interviews to the media regarding the settlement.

26       16.    The parties consent to this United States District Court to retain jurisdiction

27   over the Action and this Settlement, in order to enforce its terms, and to resolve any dispute

28   regarding this Settlement.    Following the time when the Court enters an order of final

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

JOINT STIPULATION RE: PROPOSED SETTLEMENT
ISO MOTION FOR PRELIMINARY APPROVAL OF
COLLECTIVE ACTION (NO. CV 03430 MMC)                6.

1  approval of the Settlement, Class Counsel will ask the Court to enter, and Ross will be

2  granted, a Dismissal With Prejudice of the Collective Action, and of the Class Claims by the

3  Class Members.

4       17.    The Parties have agreed that [Claims Administrator] will perform the duties of

5  the CA for the purpose of administering claims made by Class Members in accordance with

6  this Stipulation.  The document entitled, "NOTICE OF PROPOSED CLASS ACTION

7  SETTLEMENT AND FINAL FAIRNESS AND APPROVAL HEARING" ("Notice") in the

8  form agreed to by Class Counsel and counsel for Defendants and approved by the Court shall

9  be sent by the CA to each Class Member by first class mail to his or her last known address

10  with directions to the Postmaster to forward the Notice and return all undeliverable Notices

11  to the CA.  The CA shall mail the foregoing Notice to each Class Member within thirty (30)

12  business days of the entering of the order granting preliminary approval of the settlement and

13  Notice.  Attached to the Notice will be a "Class Action Settlement Claim Form" ("Claim

14  Form") in the form agreed to by Class Counsel and Ross and the Court.  Each Claim Form

15  will contain pre-printed information from Ross' business records as to the number of

16  workweeks the Class Member spent as an ASM.  Ross will cooperate with the claims

17  administrator to timely investigate all disputes as to total number of workweeks credited to

18  any class member.  Ross's records will control in the event of a dispute, unless the class

19  member submits formal payroll documentation placing the accuracy of Ross' records in

20  dispute.

21       18.    In the event a dispute arises as to the proper number of workweeks a particular

22  class member should be credited with, and in the event Class Counsel and Ross cannot

23  resolve this dispute, the Court shall resolve the dispute. The Notice and the Claim Form will

24  direct the Class Members to return the Claim Forms directly to the CA.

25       19.    There will be one search by the CA, via an approved method, using a Social

26  Security Number which shall be provided by Ross for each Class Member whose Notice is

27  returned as undeliverable.  One supplemental Notice may be mailed to each Class Member

28  whose Notice is returned as undeliverable to the CA within thirty (30) days of the initial

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1155 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

JOINT STIPULATION RE: PROPOSED SETTLEMENT
ISO MOTION FOR PRELIMINARY APPROVAL OF
COLLECTIVE ACTION (NO. CV 03430 MMC)

7.

1    mailing of the Notice by the CA.  Any requests by the CA for documents or information

2    from Ross must be responded to within a reasonable amount of time to be agreed upon by

3    Class Counsel and counsel for Defendants.

4          20.    Subject to Court approval, Class Members shall have ninety days (referred to

5    hereafter as the "Claims Period") from the date that the CA mails the Notice to them to

6    properly complete the Claim Form, sign it under penalty of perjury, and to return it by mail

7    to the CA.  Claim Forms postmarked after the close of the Claims Period will not be

8    honored.  Additional time may be provided to a Class Member upon a showing of good

9    cause as determined by the Court.

10         21.    Class Members who properly complete the Claim Form, sign it under penalty

11    of perjury, and return it to the CA in a timely manner will be considered "Qualified

12    Claimants." The CA will certify what claims were timely filed.  The CA will then calculate

13    the amount of the payment to each Qualified Claimant in accordance with this Stipulation.

14    The CA is responsible for issuing the payments and withholding all required state and federal

15    taxes in accordance with this Stipulation.  The CA shall be responsible for all W-2s, notices,

16    mailings, secondary mailings if any, claims administration, and making any and all payments

17    to Class Members in accordance with this Stipulation.  The CA shall mail the settlement

18    payments to Qualified Claimants within 30 business days after the final approval of the

19    settlement or, if there is any objection to the settlement, within three (3) business days after

20    expiration of the time to file appeals or the resolution of any appeals filed.  If there is an

21    objection to the settlement that is later withdrawn, the CA shall mail the settlement payments

22    within ten (10) business days of receipt of notice that such objection has been withdrawn.

23    Proof of payment will be filed with the Court and provided to counsel for the respective

24    Parties.

25         22.    In the event that the Class Members that elect to participate in this Settlement

26    do not represent over 50% of the total workweeks in the potential class, Ross will have the

27    option of voiding the settlement within fourteen days of the close of the opt in period set

28    forth in Paragraph 9(A). If this agreement is voided, then this and all agreements concerning

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

JOINT STIPULATION RE: PROPOSED SETTLEMENT
ISO MOTION FOR PRELIMINARY APPROVAL OF    8.
COLLECTIVE ACTION (NO. CV 03430 MMC)

1   settlement of this Action, including, but not limited to, the Memorandum of Understanding

2   executed by the parties on March 20, 2008 shall be considered void and inadmissible in all

3   subsequent legal proceedings.  Ross expressly reserves all of its rights to contest class

4   certification as well as the merits of this matter, should this agreement be voided.

5         23.    In and for the valuable consideration as provided herein, and based on the

6   foregoing items, each Class Member who participates in this Settlement and complies with

7   the opt in provisions set forth in Paragraph 9 must execute a claim form that includes a

8   release of the following: any and all claims, causes of action, damages, wages, benefits,

9   expenses, penalties, debts, liabilities, demands, obligations, attorneys' fees, costs, and any

10   other form of relief or remedy in law, equity, or whatever kind or nature, whether known or

11   unknown, suspected or unsuspected, mat they or either of them presently has or have against

12   Ross (and its respective present and former officers; directors, shareholders, et al) related to

13   the Action and any claims arising out of the Action, as well as any claim for failure to pay

14   overtime compensation.

15         24.    The Parties also agree, for their respective selves, principals, agents,

16   representatives, employees, attorneys, successors and assigns that they will abide by this

17   Settlement, which terms are meant to be contractual, and further agree they will do such acts

18   and prepare, execute and deliver such documents as may be required in order to carry out the

19   purposes and intent of this Settlement.

20         25.    Except as provided elsewhere in this Settlement as to rights and remedies

21   caused by a breach of this Settlement, it is understood and agreed this Settlement shall act as

22   a full and final accord and satisfaction, and as a bar to all Class Claims, whether or not now

23   known.  The Parties acknowledge they are familiar with section 1542 of the California Civil

24   Code, which provides as follows:

25         **CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE.**

26         **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH**

27         **THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS**

28         **FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF**

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

JOINT STIPULATION RE: PROPOSED SETTLEMENT
ISO MOTION FOR PRELIMINARY APPROVAL OF
COLLECTIVE ACTION (NO. CV 03430 MMC)

9.

**KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH DEBTOR.**

26.    The Parties expressly waive and relinquish any and all rights and benefits which they may have under, or which may be conferred upon them by the provisions of section 1542 of the California Civil Code, as well as under any other similar state or federal statute, to the fullest extent they may lawfully waive such rights or benefits pertaining to the released Class Claims.

27.    The purpose of this Settlement is to accomplish the compromise and settlement of disputed and contested Class Claims (which are specifically denied by Ross), and to avoid the cost of continuing the Class Action to trial and appeal. Nothing in this Settlement shall be construed as a suggestion or admission of any violation of any federal or California statute or wage regulation, or of any other non-compliance with or violation of law, statute or regulation by any Party.

28.    This Stipulation constitutes the complete and entire written Settlement of compromise, settlement and release by and among the parties hereto, and constitutes the complete expression of the terms of the Settlement for which Court approval will be sought. All previous and/or contemporaneous agreements, representations and negotiations regarding the matters resolved herein are superseded.

29.    Each of the Parties acknowledges no other person, nor any attorney of any other person, has made any promise, representation or warranty whatsoever, express or implied, not contained herein, concerning the subject matter hereof, to induce any party to execute or authorize the execution of this Settlement, and each Party acknowledges he or she or it has not executed or authorized the execution this Settlement in reliance upon any such promise, representation or warranty not contained herein.

30.    Each individual signing this Settlement directly and expressly warrants he/she has been given, and has received and accepted, authority to so sign and execute the documents on behalf of the Party for whom it is indicated he/she has signed, and further, has been expressly given, and received and accepted, authority to enter into a binding agreement

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

JOINT STIPULATION RE: PROPOSED SETTLEMENT
ISO MOTION FOR PRELIMINARY APPROVAL OF          10.
COLLECTIVE ACTION (NO. CV 03430 MMC)

1   on behalf of such Party, with respect to the matters contained herein and stated herein.

2       31.    The terms of this Settlement can only be amended or modified by a writing,

3   signed by duly authorized representatives of all of the Parties, expressly stating such

4   modification or amendments is intended, and subject to Court approval.

5       32.    If any provision of this Settlement is found to be illegal or unenforceable, then

6   any such provision shall be deemed stricken and the remaining provisions thereof shall,

7   nevertheless, remain in full force and effect. In the event of a breach, this Settlement may be

8   specifically enforced.

9       33.    Waiver of any one breach of any provision of this Settlement shall not be

10   deemed a waiver of any other breach of any provision of this Settlement.

11       34.    Each of the Parties and their counsel have reviewed and revised this

12   Settlement, and the normal rule of construction to the effect any ambiguities in an agreement

13   are to be resolved against the drafting party shall not be employed in the interpretation of this

14   Settlement. Each of the Parties represents and warrants the attorney approving this

15   Settlement as to form on his or its behalf is the attorney employed by her or it to represent

16   her or it with respect to this Settlement, and all matters covered by and related to them, and

17   she or it has been fully advised by said attorneys with respect to his or its right and

18   obligations as to the execution of this Settlement. The Parties declare they know and

19   understand the contents of this Settlement, and they have executed the same voluntarily.

20       35.    All Parties executing this Settlement agree that any signatures by fax and/or

21   copies of signatures shall be deemed valid and binding. All original signatures are to be

22   provided to Class Counsel. This Settlement may also be executed in counterparts.

23       36.    Unless otherwise specifically provided herein, all notices, demands or other

24   communications given hereunder shall be in writing and shall be deemed to have been duly

25   given as of the third business day after mailing by United States registered or certified mail,

26   return receipt requested, addressed as follows:

27

28

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

To the Class:

    Richard L. Kellner, Esq.
    Kabateck Brown Kellner LLP
    644 South Figueroa Street
    Los Angeles, CA  90017

To Defendants:

    Keith A. Jacoby
    LITTLER MENDELSON
    A Professional Corporation
    2049 Century Park East, 5th Floor
    Los Angeles, CA 90067

37.    Time is of the essence in this Settlement.

38.    By their signatures below, Class Counsel are entering into this Settlement on behalf of the Class Representatives and on behalf of the individual Class Members, subject to the Court's approval of the Settlement.

39.    This Settlement will survive the dismissal of the Collective Action referenced herein.

RESPECTFULLY SUBMITTED.
Dated: May 17, 2008

_____
RICHARD L. KELLNER
KABATECK BROWN KELLNER LLP
Class Counsel

Dated: May 15, 2008

_____
SHAWN F. KHORRAMI
KHORRAMI POLLARD & ABIR, LLP
Class Counsel

Dated: May 15, 2008

_____
J. KEVIN LILLY
KEITH A. JACOBY
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
ROSS STORES, INC; ROSS DRESS FOR LESS, INC.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
Suite 500
Los Angeles, CA 90067
310.553.0308

JOINT STIPULATION RE: PROPOSED SETTLEMENT
ISO MOTION FOR PRELIMINARY APPROVAL OF
COLLECTIVE ACTION (NO. CV 03430 MMC)

12.

**Exhibit 2**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORESSA LOCKETTE; an individual; individually and on behalf of all other similarly situated current and former employees,<br><br>                    Plaintiff(s),<br>vs.<br><br>ROSS STORES, INC., a Delaware Corporation, ROSS DRESS FOR LESS, INC., a Virginia Corporation, and DOES 1 through 100,<br><br>                    Defendant(s). | Civil Action No. CV 07-03430 MMC<br><br>Honorable Maxine M. Chesney |

---

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FINAL FAIRNESS AND APPROVAL HEARING" ("Notice")

**To:     All current and former Assistant Store Managers employed by Ross Stores Inc., or Ross Dress for Less, Inc. anywhere in the United States (except in California) from August 29, 2005 through August 29, 2008, and all current and former Assistant Store Managers employed by Ross Stores, Inc. and Ross Dress for Less, Inc. in California between August 29, 2005 and April 1, 2007 whose claims were not released by the <u>Taylor</u>[1] litigation.**

**Re:     Fair Labor Standards Act Overtime Lawsuit filed against Ross Stores, Inc. and Ross Dress for Less, Inc.**

---

<div style="border:1px solid">

### PLEASE READ THIS NOTICE CAREFULLY.

**You may be entitled to A Monetary Payment from this proposed settlement.  Under the proposed settlement, if you worked for Ross Stores Inc., or Ross Dress for Less Inc., as an Assistant Store Manager at any time from August 29, 2005 to August 29, 2008, or if you were employed in California as an Assistant Store Manager between August 29, 2005  and April 1, 2007 and did not release claims for overtime and related claims in connection with the <u>Taylor</u> litigation, and you file a claim, you may receive a monetary payment for overtime that you worked without compensation.**

</div>

---

[1] The "<u>Taylor</u> litigation" shall refer to <u>Taylor v. Ross Stores Coordinated Actions</u>, San Bernardino County Superior Court Case No. RCV 065453.  Those Assistant Store Managers who released claims for overtime and related claims arising from their exempt status in the *Taylor* litigation are also precluded from asserting any claims arising out of or are reasonably related to the facts alleged in this Action.

1

## NOTICE

YOU ARE HEREBY NOTIFIED that a proposed settlement ("the Proposed Settlement") of the above-captioned collective action (the "Action") filed in the United States District Court for the Northern District of California, San Francisco Division (the "Court"), has been reached by the parties but remains subject to final approval by the Court supervising the Action.  The purpose of this Notice is to describe the Action, to inform you of the terms of the Proposed Settlement, and to inform you of your rights and options in connection with the Proposed Settlement.  If approved, the Proposed Settlement will resolve all claims in the Action.  A final settlement hearing will be held at 9:00 a.m., on February 6, 2009.  **Your rights may be affected, so please read this notice carefully.  In order to participate in the Proposed Settlement and obtain a monetary payment, you must fill out and return to the Claim Administrator at the address identified below, the enclosed "Consent and Claim Form", postmarked no later than January 9, 2009.  If your "Consent and Claim Form" is not postmarked on or before January 9, 2009, you will NOT receive any money under the Proposed Settlement.**

## WHY WAS THIS NOTICE SENT TO YOU

You received this Notice because it is believed that you are a present or former Assistant Store Manager that was employed Ross Stores Inc. or by Ross Dress for Less, Inc., (collectively "Ross") located outside of California at some point from **August 29, 2005** to **August 29, 2008**, or you were employed in California as an Assistant Store Manager between **August 29, 2005** and **April 1, 2007** and your claims were not released by the Taylor litigation.  If this is correct, the information contained in this Notice affects your legal rights.  YOU MAY BE ENTITLED TO MONEY UNDER THE PROPOSED SETTLEMENT.

2

## PURPOSE OF NOTICE

The Court has ordered that this Notice be sent to you because you may be entitled to money under the Proposed Settlement.  The purpose of this Notice is to inform you of the Proposed Settlement of this collective action and your potential rights under the Proposed Settlement.

Ross is a willing participant in this Settlement and encourages all eligible present and former Assistant Store Managers to consider opting-in to the Settlement and receiving the monetary payments set forth in the Settlement Agreement.

For purposes of the Proposed Settlement, the Court directed this Notice be sent to all current and former Assistant Store Managers who are or were employed by Ross at any time from **August 29, 2005** to **August 29, 2008**, or employed in California as an Assistant Store Manager between **August 29, 2005** and **April 1, 2007** and whose claims were not released by the *Taylor* litigation.   If you are such a person, you may participate in the Proposed Settlement, if it is approved, by signing and returning the *Consent and Claim Form* in the manner described below.

## DESCRIPTION OF THE ACTION

On June 29, 2007 an action was filed against Defendants Ross Stores Inc. and Ross Dress for Less, Inc. on behalf of the Named Plaintiff, Toressa Lockette and all other similarly situated individuals who worked as "Assistant Store Managers" for Ross.  The Action alleges that persons who worked for Ross as Assistant Store Managers are owed overtime pay under the federal Fair Labor Standards Act ("FLSA"), for hours worked in excess of forty (40) per week. The lawsuit seeks damages for unpaid overtime, interest and attorneys' fees and expenses.   It is

3

estimated that approximately 1090 Assistant Store Managers presently work for Ross (either in that capacity or in a different capacity at this time), and 1,558 Assistant Store Managers who no longer work with Ross are also potentially covered by this Settlement.

Ross denies any liability or wrongdoing of any kind in connection with the claims alleged.   The Court has made no ruling on the merits of any of the claims asserted by the Plaintiff Toressa Lockette in this case.

## SUMMARY OF SETTLEMENT TERMS

The Proposed Settlement provides that Ross will create a settlement fund of One Million Two Hundred Thousand Dollars ($1,200,000.00) ("the Settlement Fund") to fully resolve the claims in the Action.  After deductions for attorneys' fees, expenses and incentive payments set forth below, the remaining amount will be distributed to persons who timely file a *Consent and Claim Form.*

(i)  **Class Distribution**: After the payment of attorneys' fees and the incentive payment to the representative plaintiff, the remaining monies (estimated to be approximately $795,000.00) will be distributed to all individuals who opt-in and participate in this Settlement on a *pro rata* basis.  Each participating plaintiff who opts in will receive a share based upon the relative number of weeks that each participating plaintiff who opts in worked at Ross: (a) as an Assistant Store Manager from **August 29, 2005** to **August 29, 2008** outside of California; and (b) for those employed in California as an Assistant Store Manager from **August 29, 2005** to **April 1, 2007**, who did not release claims for overtime and related claims in connection with the Taylor litigation.

(ii)  **Attorneys' Fees and Expenses**: Kabateck Brown Kellner LLP and Khorrami, Pollard & Abir, LLP have acted as Plaintiffs' counsel in this case.  They have been prosecuting

4

the Action on a contingency fee basis (i.e. without getting paid to date) while advancing all litigation costs and expenses. The Proposed Settlement provides that they receive thirty-three percent (33%) of the Settlement Fund. These amounts will constitute full compensation for all legal fees and expenses of Plaintiffs' Counsel in the Action. The parties attest that these attorneys' fees are within the range of fees awarded to plaintiffs' counsel under similar circumstances in litigation of this type; the Court, however, will ultimately make a determination as to the reasonableness of the attorneys' fees. In the event that final approval of the Proposed Settlement is granted, but less than 33% of the Settlement Fund is awarded as fees and costs to Class Counsel, those monies will be distributed *pro rata* to participating Class Members. YOU WILL NOT BE PERSONALLY RESPONSIBLE FOR ANY FEES OR EXPENSES.

In the event there are Assistant Store Managers who do not make claims for their allotted portion of the Net Settlement Amount, all remaining monies after the payment of all attorneys' fees, costs, and the enhancement shall be distributed on a *pro rata* basis to the Assistant Store Managers who have timely Opted-In, using the same workweek methodology used to determine the initial division of the proceeds.

(iii) **Incentive Payment to Plaintiff Toressa Lockette:** The parties have negotiated an incentive award of five-thousand dollars ($5,000.00) to Plaintiff Toressa Lockette for acting as representative plaintiff on behalf of you and other Assistant Store Managers entitled to payment under the Proposed Settlement.

(iv) **Tax Matters:** All of the proceeds paid to Plaintiffs who timely Opt-In shall be treated as wages and subject to all applicable withholding and deductions.

(v) **Future Payments of Overtime:** Under the terms of the Proposed Settlement, Ross has agreed to reclassify all Assistant Store Managers as non-exempt employees, no later

5

than 90 days after final approval of the Settlement.  As a result, subsequent to the final approval

of the Settlement, all Ross Assistant Store Managers will be entitled to overtime pay.

Furthermore, the Proposed Settlement requires that all current Ross employees agree to

accurately report all hours worked and not perform any work for Ross on an "off the clock"

basis.

      (vi)    **Participation Rates**:  Ross has the right to withdraw from the Settlement

Agreement if the Assistant Store Managers that elect to participate in the Settlement do not

represent over fifty (50) percent of the total workweeks in the potential class.  What this means

to you is that if not enough people elect to participate by submitting a timely *Consent and Claim*

form, the Settlement could be nullified at Ross' election,  and class members who submitted a

claim form will not receive compensation under the Settlement or be bound by the Settlement.

      (vii)    **Binding Effect of Settlement:**  The Proposed Settlement is conditioned upon the

Court entering an order at or following the Final Settlement Hearing approving the Settlement as

fair, reasonable and adequate, and in the best interest of the persons who elect to participate in it.

If approved by the Court, the Proposed Settlement will be binding on all plaintiffs who have

timely Opted-In.  The Settlement reached by the parties would fully release and discharge Ross

from all claims, demands, rights, liabilities, and causes of action arising in this Action.

6

## YOUR OPTIONS

If you were employed as an Assistant Store Manager for Ross Stores, Inc. or Ross Dress for Less, Inc. anywhere in the United States [except California] at any time from **August 29, 2005** through **August 29, 2008**, or if employed in California as an Assistant Store Manager between **August 29, 2005** and **April 1, 2007** and you did not release your claims in the Taylor litigation, you have several options.

1. **If you want to participate in the Proposed Settlement and receive money under the Proposed Settlement, if it is approved, you must sign and date the enclosed *Consent and Claim Form* and mail the completed forms, postmarked no later than January 9, 2009 to the Claims Administrator at the following address:**

   RG2 Claims Administration, LLC, One Market, Spear Tower, San Francisco, CA 94105 (www.rg2claims.com), (415) 957-3010

2. A copy of your ***Consent and Claim Form*** is enclosed.

3. **ANY PERSON WHO DOES NOT TIMELY SUBMIT THE *CONSENT AND CLAIM FORM* WILL NOT RECEIVE A SHARE OF THE PROPOSED SETTLEMENT.** If you do not timely mail or deliver your *Consent and Claim Form*, you will not be entitled to a share of the Proposed Settlement, and you will not be bound by the terms of the Proposed Settlement.

4. Disputes Regarding Time Worked. In the event you have a dispute as to the proper number of workweeks identified in the *Consent and Claim Form*, you must submit the

7

completed *Consent and Claim Form* with the documentation requested under Section III, of the *Consent and Claim Form*.

5.    You may opt in, and participate in this suit, regardless of whether you participated in the on-line survey regarding your duties as an Assistant Store Manager.

6.    If you were employed as an Assistant Store Manager for Ross Stores Inc. or Ross Dress for Less, Inc. anywhere in the United States at any time from **August 29, 2005** through **August 29, 2008**, or if employed in California as an Assistant Store Manager between **August 29, 2005** and **April 1, 2007** and you did not release your claims in the Taylor litigation, and you timely submit your *Consent and Claim Form*, you will be bound to the terms of the Proposed Settlement, including a full release of claims that will prevent you from separately suing Ross Stores Inc., or Ross Dress for Less, Inc. for the matters being settled in this Action.

7.    You have a right to object to the Settlement if you were employed as an Assistant Store Manager for Ross Stores Inc. or Ross Dress for Less, Inc. anywhere in the United States at any time from **August 29, 2005** to **August 29, 2008**, or if employed in California as an Assistant Store Manager between **August 29, 2005** and **April 1, 2007** and your claims were not released in the Taylor litigation, and believe that the Proposed Settlement should not be approved by the Court. However, if you wish the Court to consider your objection(s), you must send a written objection in which you state the basis of your objection to be received by the Clerk of the Court on or before **January 9, 2009** at the address below.

8

**CLERK OF THE COURT**
United States District Court
Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, CA, 94102

You may also appear at the final approval hearing scheduled for 9:00 a.m. on February 6, 2009, in Courtroom 7 on the 19th Floor of the United States District Court, located at 450 Golden Gate Avenue, San Francisco, California, to have your objection heard by the Court. Objections not previously sent in writing in a timely manner to the Clerk of the Court as described above will not be considered by the Court. Any attorney who intends to represent an individual Plaintiff objecting the Proposed Settlement, and any Plaintiff who wishes to proceed pro se (i.e. wishes NOT to be represented by Plaintiffs' Counsel), must file a notice of appearance with the Court on or before January 9, 2009. All objections or other correspondence must state the name and number of the case, which is Toressa Lockette v. Ross Stores, Inc., Case No.CV-07-03430 MMC. If you have appeared in the Action, through counsel or otherwise, you will be bound by the terms of the Proposed Settlement even if you have objected, provided that the Court approves the Proposed Settlement. Any person who does not object in the manner provided above shall have waived any objection to the Proposed Settlement. Any person who is satisfied with the Proposed Settlement need not appear at the Settlement Hearing.

9

## NO RETALIATION

Federal law prohibits Ross from retaliating against employees who exercise their right under the Federal wage and hour laws.  Thus, if you are a current employee, Ross cannot retaliate against you for exercising your right to be a part of this Action.

In fact, Ross is a willing participant in this Settlement and encourages all eligible present and former Assistant Store Managers to consider opting-in to the Settlement and receiving the monetary payments set forth in the Settlement Agreement

## FURTHER INFORMATION

If you have any questions, DO NOT contact the Court.  Please contact Plaintiffs' Counsel at the below referenced address and telephone number.

### PLAINTIFFS' COUNSEL:

**Kabateck Brown Kellner LLP**
**c/o Richard L. Kellner, Esq.**
**644 South Figueroa Street**
**Los Angeles, CA  90017**
**Tel: (213) 217-5000**

**Khorrami, Pollard & Abir, LLP**
**c/o Matt C. Bailey, Esq.**
**444 South Flower Street, 33rd Floor**
**Los Angeles, CA  90071**
**Tel: (213) 596-6000**

August 29, 2008

/S/ Hon. Maxine Chesney

United States District Judge

10

**Exhibit 3**

# CONSENT & CLAIM FORM
## TORESSA LOCKETTE v. ROSS STORES, INC., et al.

### Settlement Administrator
RG2 Claims Administration, LLC
One Market, Spear Tower
San Francisco, CA 94105
(www.rg2claims.com)
(415) 957-3010

(NAME INSERTED), as an opt-in member of the Settlement Class in the action entitled *Toressa Lockette v. Ross Inc, et al.*, (United States District Court for the Northern District of California), you are entitled to receive a portion of a Settlement Fund, estimated to be not less than $795,000, based upon the proportionate amount of time that you worked at Ross, relative to the other participants in this Settlement Class. The following is the formula that will be used to determine your payment:

$$\frac{\textit{Total Weeks you worked as ASM} \times \ \$795,000.00 \ (est.)}{\textit{Total Weeks All Class Members worked as ASM}} = \textit{payment to you}$$

**TO RECEIVE A CHECK, THIS FORM MUST BE _COMPLETED FULLY_ AND RETURNED TO THE CLAIMS ADMINISTRATOR AT THE ABOVE ADDRESS WITH A POSTMARK ON OR BEFORE JANUARY 9, 2009. FAILURE TO DO SO MAY DELAY AND/OR POSSIBLY PREVENT YOU FROM RECEIVING ANY MONEY IN THIS ACTION WHATSOEVER.**

I.      ADDRESS VERIFICATION:  If your current mailing address is different than what is listed below, please make corrections to the address set forth below:

      (supply address/name)

II.      SOCIAL SECURITY NUMBER:      Please supply your social security number:

_____

III.      CLAIM INFORMATION:      Ross' records show that you worked for Ross during the period of _____ to _____.  If you believe this is incorrect, you may send a letter to the Claims Administrator along with this Claim Form indicating the time period you believe is correct.  You should include any documents or other information that support your belief.  The Claims Administrator will resolve any dispute based on Ross's records and any information you provide. I consent to the tax treatment of these settlement funds outlined in the Notice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information is true and correct. I further consent and agree to opt-in to the action entitled *Toressa Lockette v. Ross Inc, et al.*, Case No. CV 07-03430 MMC, as a party plaintiff pursuant to selection 216(b) of the Fair Labor Standards Act to become a plaintiff herein and agree to be bound by the proposed Settlement, if approved by the Court. I also understand that Ross has a limited option to terminate the Settlement, as explained in page 6 of the Notice, if certain participation benchmarks are not met.

| | | |
|---|---|---|
| Name | Signature | Date |

1

**CERTIFICATION OF SERVICE**

2

3

4

5

        I, Richard L. Kellner, hereby certify that on January 4, 2008, I caused the foregoing document titled **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF FLSA SETTLEMENT, PROVISIONALLY CERTIFYING COLLECTIVE ACTION FOR SETTLEMENT PURPOSES, AND PROVIDING FOR NOTICE OF PROPOSED SETTLEMENT AND FINAL SETTLEMENT HEARING** to be electronically filed and served upon the persons named below via the ECF system.

6

        This document is available for review and downloading from the EFC system.

7

8

9

10

11

Dated: August 29, 2008              By:_____/ s/_____
                                         RICHARD L. KELLNER
                                         KABATECK BROWN KELLNER LLP

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28