1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORESSA LOCKETTE; an individual; individually and on behalf of all other similarly situated current and former employees,<br><br>Plaintiff,<br><br>v.<br><br>ROSS STORES, INC., a Delaware Corporation, ROSS DRESS FOR LESS, INC., a Virginia Corporation, and DOES 1-100,<br><br>Defendants. | Case No. CV 07-03430 MMC<br><br>[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; AND GRANTING CLASS REPRESENTATIVE INCENTIVE AWARD<br><br>**Hearing Date:** March 6, 2009<br>**Time:** 9:00 am<br>**Courtroom:** 7, 19th Floor<br><br>Judge: Hon. Maxine M. Chesney<br>Complaint filed: June 29, 2007<br>Trial Date: None set |

This matter comes to be heard for entry of a Final Approval Order pursuant to the Joint Stipulation of Settlement, attached hereto as **Exhibit "1."** The above captioned lawsuit is a class action brought by the plaintiff, Toressa Lockette (hereinafter "Plaintiff"), represented by Plaintiff's Counsel, against Defendants Ross Stores, Inc. and Ross Dress For Less, Inc. (hereinafter "Defendants") (collectively "the Parties").

The sole claim contained in the Lawsuit alleges that Defendants violated the FLSA (29 U.S.C. § 201, et. seq.) by failing to provide persons employed in the position of Assistant Manager outside the State of California overtime compensation by classifying such individuals as exempt managerial employees.

Through her action, Plaintiff seeks damages in the form of unpaid wages and liquidated damages, prejudgment interest and attorney's fees and costs, on behalf of herself and persons who elect to opt-in to the proposed collective action pursuant to 29 U.S.C. § 216(b). Defendant denies that it has any liability toward Plaintiff or any members of proposed opt-in class, and continues to assert that it has not violated the FLSA.

On August 29, 2008, upon the request of the parties, this Court certified a provisional collective action pursuant to 29 U.S.C. § 216(b), for purposes of this Settlement only, as follows:

> All persons who worked for Ross as an Assistant Store Manager anywhere in the United States or United States territories (with the exception of California) in the position of Assistant Store Manager at any time within three years of the date of this Order, as well as all persons in California employed as Assistant Store Managers prior to April 1, 2007 whose claims were not released by the *Taylor* litigation.

In accordance with the Order of this Court, the Settlement Administrator affected the approved Notice of Settlement by way of first class mail on September 29, 2008, as is attested in the *Supplemental Declaration of Claims Administrator* ("*Admin. Decl.*"), at ¶3, attached hereto as **Exhibit "2."** Thereafter, on December 23,

2008, subsequent to approval by the Court, Supplemental Notice was mailed. *See Admin Decl.*, at ¶5.

Based on such Notice, 1,263 eligible class members submitted "Consent and Claim Forms." *See Admin Decl.*, at ¶11. A list of these individuals is annexed to the Declaration of Claims Administrator, as Exhibit A.

Moreover, no objections to the Settlement received by the Claims Administrator [See Admin Decl., at ¶12], or were lodged with the Court.

Upon review and consideration of the Joint Stipulation of Settlement, upon consideration of the agreement of the Plaintiff, as representative of the proposed opt-in Class, and of Defendants, to the terms and conditions of the Settlement, to settle and dismiss the Lawsuit upon the terms set forth in the Joint Stipulation of Settlement; and having conducted a hearing as to the good faith, fairness, reasonableness and adequacy of the proposed Settlement, and also on the motion by Plaintiff for an award of attorneys' fees, reimbursement of expenses, and an award of class representative enhancement,

NOW, therefore, upon the application of Plaintiff and Class Counsel, and having heard arguments of counsel, the Court GRANTS the Motion for Final Approval of Settlement and GRANTS ~~Plaintiffs'~~ Plaintiff's Fees Motion and ORDERS as follows:

1. The terms of the Settlement Agreement constitute a fair and reasonable resolution of a bona fide dispute under 29 U.S.C. § 201, et seq., and therefore, are finally approved.

2. In accordance with Settlement Agreement, the Settlement Class Members who submitted timely "Consent and Claim Forms", as identified in **Exhibit A** to the Declaration of Claims Administrator attached hereto, are hereby joined as plaintiffs to the instant Action and shall be bound by the terms of Settlement, as well as the provisions of the instant Order.

3. Upon entry of this Order, compensation to the Settlement Class

1  Members shall be effected pursuant to the terms of the Settlement Agreement.

2  4. The Class Administrator is directed to mail the "Notice of Ineligibility", attached hereto as **Exhibit "3"**, to all individuals who are ineligible to participate in the settlement of this matter (by virtue of their involvement in the *Taylor* litigation) but submitted consent forms to the Class Administrator.

5. The Court AWARDS an incentive payment of $5,000 to Toressa Lockette to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

6. The Court AWARDS Plaintiff's Counsel fees and the reimbursement of expenses in the amount of $396,000 to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

7. Upon entry of this Order, all of the claims in the Lawsuit by the named Plaintiff, Toressa Lockette, and all Settlement Class Members identified in Exhibit A to the Declaration of Claims Administrator attached hereto, shall be and are hereby dismissed with prejudice.

8. This Order is intended to be a final judgment disposing of this entire Lawsuit and controversy, and is intended to be immediately appealable.

9. This Court shall retain jurisdiction with respect to all matters related to the administration and consummation of the Settlement, and any and all Claims, asserted in, arising out of, or related to the subject matter of the Lawsuit, including but not limited to all matters related to the Settlement and the determination of all controversies relating thereto.

IT IS SO ORDERED.

Dated: March 11, 2009

_____
United States District Court Judge