**EXHIBIT 1**

1  J. KEVIN LILLY, Bar No. 119981
2  KEITH A. JACOBY, Bar No. 150233
   LITTLER MENDELSON
3  A Professional Corporation
   2049 Century Park East, 5th Floor
4  Los Angeles, CA 90067.3107
   Telephone:  310.553.0308
5  Fax No.:    310.553.5583
   E-mail:     klilly@littler.com
6              kjacoby@littler.com

7  LISA C. CHAGALA, Bar No. 217883
   LITTLER MENDELSON
8  A Professional Corporation
   1255 Treat Boulevard, Suite 600
9  Walnut Creek, CA 94597
   Telephone:  925.932.2468
10 Facsimile:  925.946.9809
   E-mail: lchagala@littler.com
11
   Attorneys for Defendants
12 ROSS STORES, INC.; ROSS DRESS FOR
   LESS, INC.
13
                    UNITED STATES DISTRICT COURT
14
                    NORTHERN DISTRICT OF CALIFORNIA
15

16
   TORESSA LOCKETTE; an individual;            Case No. CV 03430 MMC
17 individually and on behalf of all other
   similarly situated current and former       JOINT STIPULATION REGARDING
18 employees,                                  PROPOSED SETTLEMENT IN
                                               SUPPORT OF MOTION FOR
19           Plaintiff,                        PRELIMINARY APPROVAL OF
                                               COLLECTIVE ACTION
20      v.

21 ROSS STORES, INC., a Delaware               Date:  June __, 2008
   Corporation, ROSS DRESS FOR                 Time:  __:00 a.m.
22 LESS, INC., a Virginia Corporation,         Place:
   and DOES 1-100,
23                                             Judge: Hon. Maxine M. Chesney
             Defendants.                       Complaint filed: June 29, 2007
24                                             Trial Date: None set

25

26

27

28

LITTLER MENDELSON   JOINT STIPULATION RE: PROPOSED SETTLEMENT
                    ISO MOTION FOR PRELIMINARY APPROVAL OF
                    COLLECTIVE ACTION (NO. CV 03430 MMC)

1   Plaintiff and Class Representative Toressa Lockette (the "Class Representative") and the Class she represents as defined herein (the "Class"), by and through counsel of record (Richard L. Kellner, Esq. of Kabateck Brown Kellner, LLP, and Shawn F. Khorrami, Esq. of Khorrami Pollard & Abir, LLP; collectively, "Class Counsel"), on the one hand, and Defendants Ross Stores, Inc. and Ross Dress For Less, Inc. (collectively, "Defendants" or "Ross"), by and through their counsel of record (Keith Jacoby, Esq. of Littler Mendelson, P.C.), on the other hand, hereby stipulate and agree, subject to Court approval, as follows:

2.   1.   On June 29, 2007, the Class Representative filed a Complaint in the above-captioned action, alleging claims for unpaid wages and unlawful business practices (the "Action"). A First Amended Complaint ("FAC") was filed on September 5, 2007. The Action alleged that all persons employed by Ross in any retail store in the United States or United States territories in the position of Assistant Store Manager ("ASM") at any time within three years of the preliminary approval of this settlement, as well as all persons in California employed as ASMs prior to April 1, 2007 who were not affected by the *Taylor*[1] litigation (collectively, the "Class Members"), were improperly classified as exempt from overtime under federal law (the "Class Claims"). The Class Representative sought, on behalf of herself and the putative class wages, liquidated damages, interest, attorneys' fees and costs arising from the stated putative Class Claims.

3.   2.   On October 5, 2007, Ross filed an Answer to the FAC, denying the material allegations in the FAC, and denying that it has, in whole or in part, any liability for the claims sought in the Action, including the Class Claims. Ross continues to deny any liability for any act or omission alleged in the Complaint. Pursuant to Rule 408 of the Federal Rules of Evidence, this Stipulation shall be inadmissible in evidence in any proceeding, except as necessary to approve, interpret or enforce this Stipulation.

---

[1] For purposes of this Stipulation, the "*Taylor* litigation" shall refer to *Taylor v. Ross Stores Coordinated Actions*, San Bernardino County Superior Court Case No. RCV 065453. Those ASMs who released claims for overtime and related claims arising from their exempt status in the *Taylor* litigation are also precluded from asserting any claims arising out of or are reasonably related to the facts alleged in this Action, including, without limitation, all claims under the California Labor Code, Industrial Welfare Commission Wage Orders and the California Business and Professions Code, or in connection with any other action, including administrative proceedings.

JOINT STIPULATION RE: PROPOSED SETTLEMENT
ISO MOTION FOR PRELIMINARY APPROVAL OF                    1.
COLLECTIVE ACTION (NO. CV 03430 MMC)

3. Class Counsel and counsel for Ross have conducted their own respective investigations into the allegations of the Action and evaluated the information produced in the Action. The parties recognize that further litigation will cause inconvenience, distraction, disruption, delay and expense disproportionate to the potential benefits of litigation and has taken into account the risk and uncertainty of the outcome inherent in any litigation. Based on their own independent investigations and evaluations, the Parties and their respective counsel are of the opinion that the settlement for the consideration and on the terms set forth in this Stipulation is fair, reasonable, and adequate and is in the best interest of the Class Members and Ross, in light of all known facts and circumstances and the risks inherent in litigation; including the potential appellate issues. The proposed settlement for each participating Class Member is fair, reasonable and adequate, given the inherent risks of litigation.

4. On January 30, 2008, all counsel of record and corporate representatives of Ross attended a full day mediation session before Jeffrey Krivis, a mediator with extensive experience mediating complex class action litigation. The settlement set forth in this Stipulation reflects the agreement in principle reached at the end of the January 30, 2008 mediation.

5. The proposed settlement described in this Stipulation contemplates, as detailed below, that Ross will pay certain compensation to Class Members who opt into the settlement, to settle all claims brought by Class Members in the Action for all allegedly unpaid wages owed, and any statutory damages/penalties arising from any conduct alleged as part of the Class clams or in the Complaint, including any allegedly unfair, unlawful or fraudulent business practices. The Parties desire to terminate said controversy and settle their respective differences, controversies and misunderstandings, and seek Court approval of this Settlement.

6. This Stipulation is contingent upon the approval of the Court and is for settlement purposes only. Ross does not waive, and instead expressly reserves any and all rights to challenge the merits of the Class's claims and the continuing propriety of class

1  certification for any purpose, and this agreement shall be void, *ab initio*, should the Court not
2  approve this or any other subsequently filed Stipulation.

3      7.    In order to effectuate the purposes of this Settlement, the Parties hereby agree
4  as follows, and propose for approval, the following specific terms and conditions.

5      8.    The Settlement contains the following essential terms:

6      A.    The parties acknowledge that no later than ninety (90) days after final
7  approval of the settlement of the Action, Ross will begin paying ASMs on an hourly basis
8  and will not, absent a material change in the law or factual circumstances that would justify a
9  further operational change, apply the executive exemption with respect to ASMs employed
10 by Ross in the United States. All Class Members who are current employees of Ross must
11 also agree to accurately report all hours worked and not to perform any work for Ross on an
12 "off the clock" basis. Ross shall retain the right to evaluate and classify its employees as
13 exempt or non-exempt.

14     B.    Ross will pay a fixed sum total of One Million Two Hundred Thousand
15 Dollars ($1,200,000.00) to fund the Settlement for the benefit of the Class Members ("Gross
16 Settlement Amount" or "GSA"), payable upon the presentation of valid claims, in
17 accordance with the process set forth herein. Payment of the GSA shall be made by Ross by
18 wire transfer to a settlement fund account (the "Fund") designated and maintained by a third-
19 party claims administrator appointed by the Court to administer the claims process and
20 settlement of the Action within thirty (30) days of the final approval of the settlement by this
21 Court. The Parties intend that the Fund to be created shall qualify as a "qualified settlement
22 fund" under Treas. Reg. §1.468B-1. Accordingly, the obligation of Ross to make payment
23 of the GSA to the Fund is contingent upon the Court's entry of an order establishing the Fund
24 and appointing a claims administrator (the "CA") as contemplated above. It shall be a
25 further condition that the order shall confirm the parties' agreement that the Fund is
26 established to resolve the contested compensation claims described in paragraph 10 and shall
27 direct the CA to maintain the Settlement Proceeds until distribution in an account or accounts
28 segregated from the assets of Ross and any person related to Ross.

LITTLER MENDELSON
A Professional Corporation
Treat Tower
1949 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

JOINT STIPULATION RE: PROPOSED SETTLEMENT
ISO MOTION FOR PRELIMINARY APPROVAL OF                    3.
COLLECTIVE ACTION (NO. CV 03430 MMC)

     C.    Class Counsel shall be entitled to recover attorneys fees and costs out of the GSA. Ross shall not object to any claim for attorneys fees that does not exceed thirty-three percent (33%) of the GSA. In the event that final approval of the settlement is granted, but less than 33% of the GSA is awarded as fees and costs to Class Counsel, those monies will be distributed *pro rata* to participating Class Members.

     D.    The Class Representative shall be entitled to a fee enhancement out of the GSA, in an amount up to Five Thousand Dollars ($5,000.00), in addition to the claim share she receives as a Class Member, for her representation of Class Members in the Action. The amount remaining after subtracting attorneys fees and costs and enhancement described above shall constitute the "Net Settlement Amount".

     E.    After said deductions, the parties shall calculate the *pro rata* share of the Net Settlement Amount that will be available for each Class Member to claim, based on the number of workweeks said Class Member worked as an ASM during the class period, as set forth in Paragraph 9(A) of this Joint Stipulation.

     F.    Ross will also reimburse Class Counsel for the cost of the mediation. All Parties will otherwise bear their own fees and expenses in connection with this litigation, and Ross bears no responsibility for any decision by the Court to decline to award the full amount of fees and costs sought by Class Counsel.

9.    Class Representative and Class Counsel will recommend to the Court, and request Court approval, of the following procedure for allocation of the GSA to Class Members:

     A.    Class Members shall have a period of no less than sixty (60) days and no more than ninety (90) days in which to opt in and participate in the proposed settlement set forth herein. If the Class Members that elect to participate do not represent over 50% of the total workweeks in the Class, Ross will have the option of voiding the settlement within fourteen days of the close of the class opt in period.

     B.    Funds from the Net Settlement Amount will be distributed on a *pro rata* basis, based upon the number of workweeks each Class Member was employed by Ross as

LITTLER MENDELSON
JOINT STIPULATION RE: PROPOSED SETTLEMENT
ISO MOTION FOR PRELIMINARY APPROVAL OF    4.
COLLECTIVE ACTION (NO. CV 03430 MMC)

1  an ASM. Said monies will be paid in consideration for the release set forth on each Class
2  Member's claims form. All of the proceeds paid to Class Members shall be treated as wages
3  and subject to all applicable withholdings and deductions.

4      C.    Notwithstanding any of the provisions set forth hereinabove, in the
5  event that any Class Member does not make a claim for their allotted portion of the Net
6  Settlement Amount, all remaining monies after the payment of all attorneys fees, costs, and
7  enhancements shall be distributed on a *pro-rata* basis to Class Members who did make
8  claims, using the same workweek methodology used to determine the initial division of the
9  proceeds.

10   10.    As part of the motion for preliminary and final approval of this proposed
11 settlement, Ross shall not contest any portion of the above Class Representatives' and Class
12 Counsels' proposal to the Court for allocation of the GSA, so long as such allocation is
13 consistent with the provisions of Paragraphs 8-9 herein.

14   11.    It is specifically understood that this is a "no reversion" settlement; that is,
15 Ross will pay the amount as stated in Paragraph 8B, above, without condition and without
16 reimbursement of any amounts to Ross, unless the Settlement is voided by the Court or upon
17 the occurrence of any event that this Stipulation that provides for the voiding of the
18 settlement.

19   12.    Except as specifically set forth herein, Class Counsel and the CA will be solely
20 responsible for locating Class Members, and will be responsible for verifying and obtaining
21 updated addresses information. Class Counsel and the CA will be solely responsible, under
22 Court supervision, for administration of the Settlement, including, but not limited to: seeking
23 preliminary and final approval; providing notice to Class Members; collecting claims;
24 determining claim shares; and distributing settlement proceeds (including withholding for
25 payroll taxes and income taxes on W-2 wage payments made to Class Members for the
26 amounts to be paid as W-2 wages; complying with the reporting and payment obligations
27 imposed by Treas. Reg. §1.468B-2(l)(2) on the Fund (as well as reporting and payment
28 obligations to state and local tax authorities with respect to the Fund); and paying any tax

imposed on the Fund pursuant to Treas. Reg. §1.468B-2(a) and other applicable provisions of Federal, state or local law imposing tax on the Fund).

13. Ross' responsibility with regard to administration is to provide in electronic form the names, last known address and social security number of all eligible Class Members, and the number of workweeks each Class Member worked as an ASM during the relevant time period. The CA shall furnish to Ross copies of all Forms W-2, 1099, or other tax reporting forms provided by the Fund to any payee of GSA proceeds within thirty days after each such form has been furnished to the payee shown thereon. All costs of claims administration will be borne by Ross, and are not part of the GSA

14. The Parties and their attorneys will not, in any way, make any efforts to dissuade Class Members from making claims or otherwise participating in the Settlement. As to any inquiries by current or former employee Class Members, Ross will instruct its management and supervisory employees to generally state as follows:

> "Ross has agreed to settle claims relating to issues of how certain Assistant Store Managers were compensated. These claims are disputed, and the settlement does not mean that the Company has admitted it has done anything improper. The Company has absolutely no objection to your participation in the Settlement, including your right to receive monies from the fund created by the Company. If you have any questions about the nature of the case or the settlement process, you should contact Class Counsel indicated on the notice you received."

15. The Parties also agree not to make or issue any statements that would tend to disparage the other, related to the Class Action or the settlement thereof. Class Counsel will issue no press releases regarding the settlement, will make no postings on websites and will give no interviews to the media regarding the settlement.

16. The parties consent to this United States District Court to retain jurisdiction over the Action and this Settlement, in order to enforce its terms, and to resolve any dispute regarding this Settlement. Following the time when the Court enters an order of final

approval of the Settlement, Class Counsel will ask the Court to enter, and Ross will be granted, a Dismissal With Prejudice of the Collective Action, and of the Class Claims by the Class Members.

17. The Parties have agreed that [Claims Administrator] will perform the duties of the CA for the purpose of administering claims made by Class Members in accordance with this Stipulation. The document entitled, "NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FINAL FAIRNESS AND APPROVAL HEARING" ("Notice") in the form agreed to by Class Counsel and counsel for Defendants and approved by the Court shall be sent by the CA to each Class Member by first class mail to his or her last known address with directions to the Postmaster to forward the Notice and return all undeliverable Notices to the CA. The CA shall mail the foregoing Notice to each Class Member within thirty (30) business days of the entering of the order granting preliminary approval of the settlement and Notice. Attached to the Notice will be a "Class Action Settlement Claim Form" ("Claim Form") in the form agreed to by Class Counsel and Ross and the Court. Each Claim Form will contain pre-printed information from Ross' business records as to the number of workweeks the Class Member spent as an ASM. Ross will cooperate with the claims administrator to timely investigate all disputes as to total number of workweeks credited to any class member. Ross's records will control in the event of a dispute, unless the class member submits formal payroll documentation placing the accuracy of Ross' records in dispute.

18. In the event a dispute arises as to the proper number of workweeks a particular class member should be credited with, and in the event Class Counsel and Ross cannot resolve this dispute, the Court shall resolve the dispute. The Notice and the Claim Form will direct the Class Members to return the Claim Forms directly to the CA.

19. There will be one search by the CA, via an approved method, using a Social Security Number which shall be provided by Ross for each Class Member whose Notice is returned as undeliverable. One supplemental Notice may be mailed to each Class Member whose Notice is returned as undeliverable to the CA within thirty (30) days of the initial

JOINT STIPULATION RE: PROPOSED SETTLEMENT
ISO MOTION FOR PRELIMINARY APPROVAL OF          7.
COLLECTIVE ACTION (NO. CV 03430 MMC)

mailing of the Notice by the CA. Any requests by the CA for documents or information from Ross must be responded to within a reasonable amount of time to be agreed upon by Class Counsel and counsel for Defendants.

20. Subject to Court approval, Class Members shall have ninety days (referred to hereafter as the "Claims Period") from the date that the CA mails the Notice to them to properly complete the Claim Form, sign it under penalty of perjury, and to return it by mail to the CA. Claim Forms postmarked after the close of the Claims Period will not be honored. Additional time may be provided to a Class Member upon a showing of good cause as determined by the Court.

21. Class Members who properly complete the Claim Form, sign it under penalty of perjury, and return it to the CA in a timely manner will be considered "Qualified Claimants." The CA will certify what claims were timely filed. The CA will then calculate the amount of the payment to each Qualified Claimant in accordance with this Stipulation. The CA is responsible for issuing the payments and withholding all required state and federal taxes in accordance with this Stipulation. The CA shall be responsible for all W-2s, notices, mailings, secondary mailings if any, claims administration, and making any and all payments to Class Members in accordance with this Stipulation. The CA shall mail the settlement payments to Qualified Claimants within 30 business days after the final approval of the settlement or, if there is any objection to the settlement, within three (3) business days after expiration of the time to file appeals or the resolution of any appeals filed. If there is an objection to the settlement that is later withdrawn, the CA shall mail the settlement payments within ten (10) business days of receipt of notice that such objection has been withdrawn. Proof of payment will be filed with the Court and provided to counsel for the respective Parties.

22. In the event that the Class Members that elect to participate in this Settlement do not represent over 50% of the total workweeks in the potential class, Ross will have the option of voiding the settlement within fourteen days of the close of the opt in period set forth in Paragraph 9(A). If this agreement is voided, then this and all agreements concerning

JOINT STIPULATION RE: PROPOSED SETTLEMENT
ISO MOTION FOR PRELIMINARY APPROVAL OF                8.
COLLECTIVE ACTION (NO. CV 03430 MMC)

settlement of this Action, including, but not limited to, the Memorandum of Understanding executed by the parties on March 20, 2008 shall be considered void and inadmissible in all subsequent legal proceedings. Ross expressly reserves all of its rights to contest class certification as well as the merits of this matter, should this agreement be voided.

23. In and for the valuable consideration as provided herein, and based on the foregoing items, each Class Member who participates in this Settlement and complies with the opt in provisions set forth in Paragraph 9 must execute a claim form that includes a release of the following: any and all claims, causes of action, damages, wages, benefits, expenses, penalties, debts, liabilities, demands, obligations, attorneys' fees, costs, and any other form of relief or remedy in law, equity, or whatever kind or nature, whether known or unknown, suspected or unsuspected, mat they or either of them presently has or have against Ross (and its respective present and former officers; directors, shareholders, et al) related to the Action and any claims arising out of the Action, as well as any claim for failure to pay overtime compensation.

24. The Parties also agree, for their respective selves, principals, agents, representatives, employees, attorneys, successors and assigns that they will abide by this Settlement, which terms are meant to be contractual, and further agree they will do such acts and prepare, execute and deliver such documents as may be required in order to carry out the purposes and intent of this Settlement.

25. Except as provided elsewhere in this Settlement as to rights and remedies caused by a breach of this Settlement, it is understood and agreed this Settlement shall act as a full and final accord and satisfaction, and as a bar to all Class Claims, whether or not now known. The Parties acknowledge they are familiar with section 1542 of the California Civil Code, which provides as follows:

**CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE.**
**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF**

**KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH DEBTOR.**

26. The Parties expressly waive and relinquish any and all rights and benefits which they may have under, or which may be conferred upon them by the provisions of section 1542 of the California Civil Code, as well as under any other similar state or federal statute, to the fullest extent they may lawfully waive such rights or benefits pertaining to the released Class Claims.

27. The purpose of this Settlement is to accomplish the compromise and settlement of disputed and contested Class Claims (which are specifically denied by Ross), and to avoid the cost of continuing the Class Action to trial and appeal. Nothing in this Settlement shall be construed as a suggestion or admission of any violation of any federal or California statute or wage regulation, or of any other non-compliance with or violation of law, statute or regulation by any Party.

28. This Stipulation constitutes the complete and entire written Settlement of compromise, settlement and release by and among the parties hereto, and constitutes the complete expression of the terms of the Settlement for which Court approval will be sought. All previous and/or contemporaneous agreements, representations and negotiations regarding the matters resolved herein are superseded.

29. Each of the Parties acknowledges no other person, nor any attorney of any other person, has made any promise, representation or warranty whatsoever, express or implied, not contained herein, concerning the subject matter hereof, to induce any party to execute or authorize the execution of this Settlement, and each Party acknowledges he or she or it has not executed or authorized the execution this Settlement in reliance upon any such promise, representation or warranty not contained herein.

30. Each individual signing this Settlement directly and expressly warrants he/she has been given, and has received and accepted, authority to so sign and execute the documents on behalf of the Party for whom it is indicated he/she has signed, and further, has been expressly given, and received and accepted, authority to enter into a binding agreement

on behalf of such Party, with respect to the matters contained herein and stated herein.

31. The terms of this Settlement can only be amended or modified by a writing, signed by duly authorized representatives of all of the Parties, expressly stating such modification or amendments is intended, and subject to Court approval.

32. If any provision of this Settlement is found to be illegal or unenforceable, then any such provision shall be deemed stricken and the remaining provisions thereof shall, nevertheless, remain in full force and effect. In the event of a breach, this Settlement may be specifically enforced.

33. Waiver of any one breach of any provision of this Settlement shall not be deemed a waiver of any other breach of any provision of this Settlement.

34. Each of the Parties and their counsel have reviewed and revised this Settlement, and the normal rule of construction to the effect any ambiguities in an agreement are to be resolved against the drafting party shall not be employed in the interpretation of this Settlement. Each of the Parties represents and warrants the attorney approving this Settlement as to form on his or its behalf is the attorney employed by her or it to represent her or it with respect to this Settlement, and all matters covered by and related to them, and she or it has been fully advised by said attorneys with respect to his or its right and obligations as to the execution of this Settlement. The Parties declare they know and understand the contents of this Settlement, and they have executed the same voluntarily.

35. All Parties executing this Settlement agree that any signatures by fax and/or copies of signatures shall be deemed valid and binding. All original signatures are to be provided to Class Counsel. This Settlement may also be executed in counterparts.

36. Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

JOINT STIPULATION RE: PROPOSED SETTLEMENT
ISO MOTION FOR PRELIMINARY APPROVAL OF       11.
COLLECTIVE ACTION (NO. CV 03430 MMC)

1  To the Class:

2  Richard L. Kellner, Esq.
   Kabateck Brown Kellner LLP
3  644 South Figueroa Street
   Los Angeles, CA 90017

4  To Defendants:

5  Keith A. Jacoby
6  LITTLER MENDELSON
   A Professional Corporation
7  2049 Century Park East, 5th Floor
   Los Angeles, CA 90067

8   37.  Time is of the essence in this Settlement.

9   38.  By their signatures below, Class Counsel are entering into this Settlement on behalf of the Class Representatives and on behalf of the individual Class Members, subject to the Court's approval of the Settlement.

12  39.  This Settlement will survive the dismissal of the Collective Action referenced herein.

RESPECTFULLY SUBMITTED.
Dated: May ⁄⁄, 2008

                                    _____
                                    RICHARD L. KELLNER
                                    KABATECK BROWN KELLNER LLP
                                    Class Counsel

Dated: May 15, 2008

                                    _____
                                    SHAWN F. KHORRAMI
                                    KHORRAMI POLLARD & ABIR, LLP
                                    Class Counsel

Dated: May 15, 2008

                                    _____
                                    J. KEVIN LILLY
                                    KEITH A. JACOBY
                                    LITTLER MENDELSON
                                    A Professional Corporation
                                    Attorneys for Defendants
                                    ROSS STORES, INC; ROSS DRESS FOR LESS, INC.